## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.                          :
                                          :
      Plaintiff,                   :
                                          :
v.                                        : C. A. No. 06-cv-495 (SLR)
                                          :
EPICREALM LICENSING LP,                   :
                                          :
      Defendant.                   :

## DEFENDANT EPICREALM LICENSING, LP'S MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND

Defendant, epicRealm Licensing, LP ("epicRealm"), by and through its undersigned counsel, respectfully moves the Court for an Order, in the form attached hereto, extending the time to answer, move or otherwise respond to the Complaint pending a resolution of epicRealm's Motion to Consolidate and Transfer ("Motion").[1] In support of this motion, epicRealm states as follows:

### BRIEF BACKGROUND

1.     On August 8, 2006, Quinstreet, Inc. filed a separate complaint (the "Quinstreet Complaint") against epicRealm seeking a declaratory judgment that certain of Quinstreet's products and services do not infringe two patents owned by epicRealm – United States Patent Nos. 5,894,554 and 6,415,335 (collectively, the "epicRealm Patents"). Quinstreet Complaint at ¶¶ 24-27. Quinstreet also seeks a judgment declaring the epicRealm Patents invalid. Quinstreet Complaint at ¶¶ 28-31.

---

[1]     Pursuant to Local Rule 7.1.2(a), epicRealm waives its right to file a separate opening brief in support of this motion.

2.      Quinstreet served the Quinstreet Complaint on epicRealm on August 9, 2006. EpicRealm's responsive pleading for the Quinstreet Complaint is due on Tuesday, August 29, 2006.

3.      On June 30, 2006, Oracle Corporation and Oracle U.S.A. Inc. (collectively, "Oracle") instituted an action (the "Oracle Complaint") against epicRealm seeking the identical relief sought in the Quinstreet Complaint. Oracle served the Oracle Complaint on epicRealm on June 30, 2006. Shortly thereafter, the parties agreed to a 30 day extension of time in which epicRealm would move or otherwise respond to the Oracle Complaint. See Docket No. 6 filed on July 14, 2006. As a result, epicRealm's responsive pleading to the Oracle Complaint is due on Monday, August 28, 2006.

4.      Both Quinstreet's claims and Oracle's claims are based on events that occurred in epicRealm's patent infringement lawsuit against Safelite Group, Inc. and Herbalife International of America, Inc. in the Eastern District of Texas. See Quinstreet Complaint at ¶¶ 15-23; Oracle Complaint at ¶¶ 15-28.

5.      On August 28, 2006, epicRealm filed its Motion seeking consolidation of the Oracle and Quinstreet cases based on the identical relief sought therein and seeking to transfer both the Oracle and Quinstreet cases to the Eastern District of Texas where the epicRealm Patents are already the subject of similar litigation.

## ARGUMENT

6.      EpicRealm seeks an order, pursuant to Federal Rules of Civil Procedure 6(b), granting an extension of time to answer, move or otherwise respond to the Oracle and Quinstreet Complaints until 20 days after the Court rules on epicRealm's Motion. Federal Rules of Civil Procedure 6(b) provides, in part:

> When by these rules . . . or by order of court an act is
> required or allowed to be done at or within a specified time,
> the court for cause shown may at any time in its discretion
> (1) with or without motion or notice order the period
> enlarged if request therefor is made before the expiration of
> the period originally prescribed or as extended by previous
> order . . .

Fed.R.Civ.P. 6(b).

7.    In the present case, good cause exists to extend the time period by which

epicRealm has to answer, move or otherwise respond to the Oracle and Quinstreet

Complaints.   As epicRealm explains more fully in its Motion, both the Oracle and

Quinstreet cases should be consolidated and transferred to the Eastern District of Texas.

As a result, the potential involvement of this Court in the Oracle and Quinstreet cases

may be very limited.  Therefore, as epicRealm's Motion should dispose of the Oracle and

Quinstreet cases in this Court, in the interest of efficiency, epicRealm seeks an extension

of time to respond to the Oracle and Quinstreet Complaints until 20 days after the Court

issues its decision on epicRealm's Motion.

8.    Counsel for epicRealm conferred with counsel for Oracle and Quinstreet

prior to filing this motion, but could not reach agreement.

WHEREFORE, Defendant epicRealm Licensing, LP respectfully requests that the

Court enter an Order granting epicRealm's Motion to Extend Time to Answer, Move or

Otherwise Respond and extending the time for epicRealm to respond to the Oracle and

Quinstreet Complaints until 20 days after the Court issues its decision on epicRealm's

pending Motion.

SAUL EWING, LLP

Michael F. Bonkowski (No. 2219)
Kimberly L. Gattuso, Esquire (No. 3733)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, Delaware  19801-1611
(302) 421-6800

BAKER BOTTS L.L.P.
Larry D. Carlson, Esquire
Kevin J. Meek, Esquire
Jeff Moles, Esquire
2001 Ross Avenue
Dallas, TX  75201-2980

Attorneys for epicRealm Licensing LP

DATED:      August 28, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.                          :
                                          :
       Plaintiff,                         :
                                          :
v.                                        :  C. A. No. 06-cv-495 (SLR)
                                          :
EPICREALM LICENSING LP,                   :
                                          :
       Defendant.                         :

### CERTIFICATION OF COUNSEL IN ACCORDANCE WITH L.R. 7.1.1

I, Kimberly L. Gattuso, Esquire hereby certify that Defendant's counsel has made reasonable efforts to reach agreement with the opposing attorneys on the matters set forth in Defendant EpicRealm Licensing, LP's Motion to Extend Time to Answer, Move or Otherwise Respond.

          SAUL EWING, LLP


          Kimberly L. Gattuso, Esquire (No. 3733)
          222 Delaware Avenue, Suite 1200
          P.O. Box 1266
          Wilmington, Delaware  19801-1611
          (302) 421-6800

          Attorneys for epicRealm Licensing LP

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **QUINSTREET, INC.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C. A. No. 06-cv-495 (SLR)** |
| | : | |
| **EPICREALM LICENSING LP,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Upon consideration of the Motion to Extend Time to Answer, Move or Otherwise Respond ("Motion") filed by Defendant epicRealm Licensing, LP ("epicRealm"), IT IS HEREBY ORDERED that:

1.    Defendant's Motion is GRANTED.

2.    EpicRealm shall have until 20 days after the Court issues its decision on epicRealm's Motion to Consolidate and Transfer within which to file an answer, move or otherwise respond to the Oracle Complaint and the Quinstreet Complaint.

SO ORDERED this _____ day of _____, 2006.


_____
United States District Judge

539871.1 8/28/06

## CERTIFICATE OF SERVICE

I, Kimberly L. Gattuso, Esquire, hereby certify that on this 28th day of August, 2006, I electronically filed a true and correct copy of the foregoing Motion to Extend Time to Answer, Move or Otherwise Respond with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA HAND DELIVERY**

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899-1347

**VIA HAND DELIVERY**

Anne Shea Gaza, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

Kimberly L. Gattuso (No. 3733)