IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-495 SLR |
| ) | |
| EPICREALM LICENSING, LP, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT EPICREALM LICENSING, LP'S
MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND**

Plaintiff, Quinstreet, Inc. ("Quinstreet"), by and through its undersigned counsel, hereby opposes defendant epicRealm Licensing, LP's ("epicRealm") motion to extend time because good cause does not exist for extending the time period for responding to the complaint.

On August 8, 2006, Quinstreet filed the instant action and, contemporaneously therewith, served notice of the lawsuit upon epicRealm's agent for service of process. (D.I. 1, 5). Shortly thereafter, epicRealm sought an extension of time in which to respond to the complaint, albeit with no reference to a possible motion to transfer, which request was denied because of the adverse impact on Quinstreet's business that epicRealm, by pursuing its unreasonable claims of patent infringement, had already caused Quinstreet to incur. For instance, prior to filing the lawsuit, QuinStreet had already been advised by one of its customers that it was canceling its contract with QuinStreet over patent infringement concerns in view of the epicRealms suits in Texas. (McDonough Decl. ¶7).[1] QuinStreet is fearful that others may follow suit, and thus needs to have these proceedings move forward as expeditiously as possible. *(Id.)*

---

[1] The Declaration of Michael McDonough, dated September 12, 2006, was filed contemporaneously herewith and is referenced herein as "McDonough Decl. ¶__".

RLF1-3057047-1

Quinstreet's response to epicRealm's request identified specific concerns Quinstreet had in unduly delaying the litigation, most importantly the adverse impact epicRealm's position on the alleged infringement was having on Quinstreet's business, but asked epicRealm to provide its rationale for why an extension was warranted so that Quinstreet could further consider its request.[2] No response was forthcoming. epicRealm's response to the complaint was due on Tuesday, August 29, 2006.

Instead of filing a response to the complaint, on Monday, August 28, 2006, epicRealm moved to extend the time by which it must respond to the complaint thereby effectively granting itself an extension far beyond what it initially even asked for from Quinstreet and still without any substantive basis for doing so. By its motion to transfer, epicRealm does not seek to attack the substantive claims brought in the complaint nor does it seek to otherwise alter or amend those claims. (*See* D.I. 6). Moreover, the only "good cause" put forward by defendant for delaying its response to complaint, *i.e.*, that this Court may not be the ultimate forum in which the dispute is resolved, is immaterial to the issue of whether an extension is warranted. Thus, other than perpetuating its history of avoidance and delay, epicRealm has put forward absolutely no basis, much less good cause, for delaying the time in which it must respond to the complaint.

Ultimately, irrespective of the forum in which this case will ultimately be heard, the allegations remain the same and epicRealm's delay in responding to them serves only to further impact Quinstreet's business. Indeed, the longer the ultimate disposition of this case is delayed,

---

[2] QuinStreet was aware that Oracle had brought a very similar suit five weeks earlier that was being defended by the same law firm that is handling the QuinStreet suit. In the Oracle case, case, EpicRealm had negotiated an extension of time for filing its answer to the Oracle complaint that required it to file that answer before the unextended due date for filing an answer in QuinStreet's suit. Thus there seemed no legitimate, non-strategic basis for an extension particularly since the expectation was and is that whatever answer would be filed in the Oracle case would be virtually identical, certainly as to substance, to the answer that would be filed in the QuinStreet matter.

the greater the impact on Quinstreet's business, which is the very reason why Quinstreet was concerned about granting an extension in the first place. epicRealm has now, however, essentially granted itself a self-effectuating extension thereby exposing Quinstreet to additional business risk and potentially enormous losses. Given the absence of any good cause having been shown in support of epicRealm's request for an extension and considering the adverse impact epicRealm's unreasonable claims have had on Quinstreet's business, any additional delays in the resolution of this case would serve only to further prejudice Quinstreet.

**WHEREFORE**, plaintiff Quinstreet respectfully requests that the Court deny epicRealm's motion for extension of time and order epicRealm to respond to the complaint filed in the above-referenced action within five (5) days of the date of the order. A proposed order is attached hereto as Exhibit A.

OF COUNSEL:

Robert S. Beiser
Richard A. Zachar
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415.693.2000

Dated: September 12, 2006

/s/ Anne Shea Gaza
Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

Attorneys for Plaintiff QuinStreet, Inc.

RLF1-3057047-1

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Michael F. Bonkowski, Esquire
Kimberly L. Gattuso, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266

I hereby certify that on September 12, 2006, I sent by Federal Express the foregoing document to the following non-registered participants:

Larry D. Carlson, Esquire
Kevin J. Meek, Esquire
Jeff Moles, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980

Anne Shea Gaza (#4093)
Gaza@rlf.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUINSTREET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-495 SLR |
| | ) | |
| EPICREALM LICENSING, LP, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Upon consideration of defendant epicRealm Licensing, LP's Motion to Extend Time to Answer, Move or Otherwise Respond (the "Motion") and the opposition thereto filed by plaintiff Quinstreet, Inc., **IT IS HEREBY ORDERED** that:

1. The Motion is **DENIED**; and

2. epicRealm shall have five (5) days from the date of this Order to answer, move or otherwise respond to the complaint filed in the above-captioned action.


SO ORDERED this _____ day of _____, 2006.


_____
Hon. Sue L. Robinson, U.S.D.J.

RLF1-3057714-1