IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. No. 06-cv-495 (SLR) |
| | : |
| EPICREALM LICENSING LP, | : |
| | : |
| Defendant. | : |

### DEFENDANT EPICREALM LICENSING, LP'S REPLY IN SUPPORT OF ITS MOTION TO EXTEND TIME TO ANSWER, MOVE OR OTHERWISE RESPOND

Defendant epicRealm Licensing, LP ("epicRealm"), by and through its undersigned counsel, hereby submits its Reply in Support of Its Motion to Extend Time to Answer, Move or Otherwise Respond (the "Extension Motion").

### ARGUMENT

1. In its Opposition to epicRealm's Extension Motion, Plaintiff Quinstreet, Inc. ("Quinstreet") claims that "good cause does not exist for extending the time period for responding to the complaint." D.I. 9 at 1. In making this assertion, Quinstreet crafts a "parade of horribles" that it will purportedly endure if the Court grants epicRealm's Extension Motion. *Id.* Quinstreet's claims, however, are based entirely on hypothetical scenarios – none of which are sufficient to defeat epicRealm's Extension Motion.

2. Quinstreet then contends, for the first time, that in light of these hypothetical scenarios, it "needs to have these proceedings move forward as expeditiously as possible." *Id.* Quinstreet's newfound argument regarding its "need" for a quick resolution of this matter is disingenuous at best. First, if Quinstreet were so "fearful" of an adverse impact as a result of epicRealm's patent infringement claims, then

Quinstreet could have requested expedited relief in its Complaint. The fact that Quinstreet chose not to do so speaks volumes about its purported need for a speedy resolution. Indeed, the hypothetical possibility of Quinstreet suffering any adverse impact would not satisfy the irreparable harm element required for successfully seeking expedited relief.

Secondly, and perhaps more importantly, Quinstreet initially requested a three week extension of time within which to file its Opposition to epicRealm's Motion to Transfer and Consolidate ("Transfer Motion").[1] If Quinstreet were truly concerned about postponing these proceedings, why would it have volunteered a three week delay? The answer, of course, is obvious – Quinstreet's argument for an "expeditious" resolution is a recently invented strategic decision and nothing more.

3.   That notwithstanding, epicRealm has, indeed, demonstrated good cause for this Court to grant the relief requested in its Extension Motion. Contrary to Quinstreet's assertions, epicRealm's Extension and Transfer Motions amply set forth numerous valid reasons in support of an extension. Specifically, granting epicRealm's Extension Motion would prevent a waste of judicial resources and would streamline the issues to be presented once the Court renders an opinion on epicRealm's Transfer Motion. Such a result clearly demonstrates "good cause" as required under Federal Rule of Civil Procedure 6(b).

WHEREFORE, Defendant epicRealm Licensing, LP respectfully requests that the Court enter an Order granting epicRealm's Motion to Extend Time to Answer, Move or Otherwise Respond and extending the time for epicRealm to respond to the Quinstreet

---

[1] Thereafter, epicRealm offered Quinstreet a one-week extension of time within which to file its opposition to the Transfer Motion which Quinstreet declined.

Complaint until 20 days after the Court issues its decision on epicRealm's pending Motion to Consolidate and Transfer.

                SAUL EWING, LLP

                */s/ Kimberly L. Gattuso*
                Michael F. Bonkowski, Esquire (No. 2219)
                Kimberly L. Gattuso, Esquire (No. 3733)
                222 Delaware Avenue, Suite 1200
                P.O. Box 1266
                Wilmington, Delaware 19801-1611
                (302) 421-6800

                BAKER BOTTS L.L.P.
                Larry D. Carlson, Esquire
                Kevin J. Meek, Esquire
                Jeff Moles, Esquire
                2001 Ross Avenue
                Dallas, TX 75201-2980

                Attorneys for epicRealm Licensing LP

DATED:      September 19, 2006

## **CERTIFICATE OF SERVICE**

I, Kimberly L. Gattuso, Esquire, hereby certify that on this 19th day of September, 2006, I electronically filed a true and correct copy of the foregoing Defendant epicRealm's Reply in Support of Its Motion to Extend Time to Answer, Move or Otherwise Respond with the Clerk of Court using CM/ECF which will send notification of such filing. A copy of the document was served on the following attorneys of record in the manner indicated:

**VIA HAND DELIVERY**

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE  19899-1347

**VIA HAND DELIVERY**

Anne Shea Gaza, Esquire
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

*/s/ Kimberly L. Gattuso*
Kimberly L. Gattuso (No. 3733)