IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE U.S.A., INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 06-414-SLR |
| EPICREALM LICENSING, LP., | ) ) ) | |
| Defendant. | ) | |
| | | |
| QUINSTREET, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. 06-495-SLR |
| EPICREALM LICENSING, LP., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of March, 2007, having considered the motions to transfer venue and to consolidate, as well as the papers submitted in connection therewith;

IT IS ORDERED that said motions are denied for the reasons that follow:

1. **Background.** Defendant epicRealm Licensing, LP ("epicRealm") has moved to consolidate and to transfer the above captioned cases to the United States District

Court for the Eastern District of Texas, Marshall Division.[1]  (Civ. No. 06-414, D.I. 10; Civ. No. 06-495, D.I. 7)  Because the Eastern District of Texas is currently considering a consolidated patent infringement action filed by epicRealm against numerous defendants involving the same patents implicated by the cases at bar, epicRealm urges a transfer of venue.  Consolidation of the cases before transfer of venue would, according to epicRealm, save time, money and effort for the court and the parties.  Plaintiffs Oracle Corporation and Oracle U.S.A., Inc. ("Oracle") oppose the motions, contending that consolidation is premature and transfer unwarranted.  (Civ. 06-414, D.I. 16)  Plaintiff Quinstreet, Inc. ("Quinstreet") opposes transfer of venue but does not oppose consolidation.  (06-495, D.I. 10)

2. **The Parties.**  EpicRealm is a limited partnership organized under the laws of Delaware with its principal place of business located in Richardson, Texas.  (06-414, D.I. 1)  EpicRealm, a patent licensing firm, is the owner and assignee of United States Patent Nos. 5,894,554 ("the '554 patent")[2] and 6,415,335 ("the '335 patent").[3]  (Id., D.I. 10 at 16)  EpicRealm does not produce or sell any products; it has no offices,

---

[1] Because epicRealm moved to consolidate and transfer in each of the above captioned matters, the court addresses the arguments together and for citation purposes references the cases as follows: Oracle v. epicRealm, Civ. No. 06-414-SLR ("Civ. No. 06-414") and Quinstreet v. epicRealm, Civ. No. 06-495-SLR ("Civ. No. 06-495").

[2] The '554 patent is entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests." (Civ. No. 06-414, D.I. 1)

[3] The '335 patent is entitled "System and Method for Managing Dynamic Web Page Generation Requests." (Civ. No. 06-495, D.I. 1)

employees, records or assets in Delaware. Its corporate offices in Dallas are located approximately 150 miles from Marshall, Texas - the venue to which epicRealm seeks to move this action. EpicRealm avers that five nonparty fact witnesses are unavailable to travel to Delaware. To that end, epicRealm explains its decision to file its patent infringement actions in the Eastern District of Texas as follows:

> Although epicRealm is located in the Northern District of Texas, it chose to bring the Texas Action in the Eastern District of Texas for three reasons: (a) the Eastern District, unlike the Northern District, has in place a detailed and effective set of local patent rules; (b) the judges in the Eastern District have vast experience with patent litigation; and (c) the Eastern District provides a quick time to trial in patent cases.

(Id. at 16, n.3)

3. Plaintiff Oracle Corporation is a software manufacturer incorporated and organized under the laws of Delaware with a principal place of business in Redwood Shores, California. (Civ. 06-414, D.I. 1) Oracle USA, Inc., a Colorado corporation, is a wholly owned subsidiary of plaintiff Oracle Corporation. (Id., D.I. 1; 17, ex. I) Oracle sells and licenses software products for customers to use in conjunction with the delivery of dynamic web pages. (Id., D.I. 1, ¶ 16) Oracle has entered into indemnification agreements with most of its customers in the event a customer is sued for patent infringement for its use of licensed Oracle software. (Id.) Oracle has sold its software products to public and private entities located in Delaware, including banks, businesses, state, county and municipal agencies. (Id., D.I. 16) Sold in Delaware are Oracle products related to the delivery of dynamic web pages - the subject of the patents in suit. Oracle employs sales representatives and support staff responsible for

marketing, sales, consulting and customer support in Delaware and surrounding states. (Id., D.I. 17)

4. QuinStreet is a California corporation with its corporate office located n Foster City, California. (Civ. No. 06-495, D.I. 11) QuinStreet's "business is to provide online direct marketing services through a full-service approach that combines direct marketing expertise, extensive search and media reach, and industry leading technologies." (Id., D.I. 10 at 1-2) Another part of QuinStreet's services is the generation of customer leads that are then sold to its clients. "To generate these leads, QuinStreet owns and maintains thousands of online marketing web sites designed to attract potential customers interested in products or services advertised on those sites." (Id. at 2) QuinStreet's websites are national in scope and are visited by Delaware citizens via the Internet. QuinStreet also has several businesses located in Delaware that purchase the resulting leads.

5. **Texas Litigation**. In August 2005, epicRealm filed a patent infringement action in the Eastern District of Texas, Marshall Division. epicRealm Licensing, LP v. Franklin Covey Co. et al, 2:05-CV-356. In November, the case was consolidated with two patent infringement actions filed by epicRealm in April and May 2005. epicRealm, Licensing, LP v. Speedera Networks, Inc., 2:05-CV-150; epicRealm Licensing, LP v. Autoflex Leasing, Inc. et al, 2:05-CV-163. In each case, epicRealm accused the defendants of infringing the '554 and the '335 patents.

6. Extensive pretrial discovery has been exchanged. epicRealm, Licensing, LLC v. Autoflex Leasing, Inc. et al., No. 2:05-CV-163, (E.D. Tex. 2007) (see, e.g., D.I. 108-121, 127, 133, 136) In January 2006, defendant Safelite filed a third party complaint

seeking indemnification against Oracle. Subsequently, because epicRealm and Safelite settled their claims, Safelite settled its claims against Oracle and each was dismissed from the litigation. Summary judgment motions were ultimately filed and a Markmen hearing was held on July 13, 2006. (Id., D.I. 182)

7. Trial was scheduled to begin in March 2007. On January 23, 2007, however, the case was removed from the trial docket, indefinitely, pending resolution of the remaining issues before the court. (Id., D.I. 332). On February 21, 2007, Magistrate Judge Craven recommended granting summary judgment of no infringement to defendant Macerich Company. (Id., D.I. 334) Objections to the Report and Recommendation are pending before the court. (Id., D.I. 336, 337)

8. **Delaware Litigation**. On June 20, 2006, Oracle filed a declaratory judgment of patent noninfringement and invalidity against epicRealm's two patents. Oracle filed suit "to protect its customers, which epicRealm is likely to sue in the future, by requesting declaratory relief." (Civ. No. 06-414, D.I. 16) Oracle is not a party to the Texas litigation. On August 8, 2006, QuinStreet filed a complaint against epicRealm seeking a declaratory judgment of patent noninfringement and invalidity against epicRealm's two patents. (Civ. No. 06-485, D.I. 10) QuinStreet filed this complaint "in response to . . . the imminent threat that [epicRealm] will bring suit for patent infringement directly against QuinStreet." QuinStreet is not a party to the Texas litigation.

9. **Motion to Transfer Venue**. Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought

for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp.2d 192, 208 (D. Del. 1998).

10. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail". ADE Corp. v. KLA-Tencor Corp., 138 F. Supp.2d 565, 567 (D. Del. 2001); Shutte, 431 F.2d at 25.

11. The deference afforded plaintiff's choice of forum will apply so long as plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., 2001 WL 1617186 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp.2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

12. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).

13. The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

14. **Discussion.** EpicRealm argues that transfer is warranted because the convenience of the witnesses weighs in favor of the Eastern District of Texas. Specifically, there are five nonparty fact witnesses located in Texas who are unavailable to attend trial in Delaware.[4] It would also be more convenient for epicRealm to travel

---

[4]According to epicRealm, one of the inventors, one of the prosecuting attorneys, two of the former chief executive officers and the general counsel of epicRealm's

from its Dallas office to the Marshall courthouse than it would be to travel to Delaware. Further, because of epicRealm's Texas litigation, the Eastern District court has acquired substantial expertise regarding the patents and related technology that will enable the court to quickly resolve issues without additional time and expense expended by the parties to educate the court. Given the enormous amount of time the Eastern District has spent considering that litigation, the cases at bar could be assimilated into that litigation. As a result, epicRealm asserts there would be a consistent interpretation and result regarding the patents in suit.

15. Oracle and QuinStreet oppose the motion on several grounds. Since Oracle is a Delaware corporation and epicRealm is a Delaware limited partnership, it is appropriate for Delaware courts to resolve this dispute between two of its corporate citizens. Oracle and QuinStreet conduct substantial business in Delaware and epicRealm cannot dispute personal jurisdiction in Delaware. Their choice of forum should not be disturbed by epicRealm's efforts at forum shopping. Morever, because the Texas litigation has completed discovery and motion practice, judicial resources and party expenses would not be reduced as the parties at bar would need to start this process anew.

16. Weighing the arguments against the <u>Jumara</u> balancing test, the court finds that the asserted advantages of moving the case to the Eastern District of Texas are insufficient to warrant a transfer. EpicRealm's complaints about litigating here are outweighed by the fact that EpicRealm has enjoyed the benefits and protections of

---

predecessor company are not subject to subpoena power in Delaware. (D.I. 10 at 17)

Delaware as a limited partnership here and the State has an interest in litigation regarding companies incorporated within its jurisdiction.

17. EpicRealm has proffered that it would be inconvenient for some of its witnesses to provide testimony in Delaware. Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place in Delaware is the trial. The travel expenses and inconveniences incurred for that purpose, by a Delaware defendant, is not overly burdensome. From a practical standpoint, much of the testimony presented at trial these days is presented via recorded depositions, as opposed to witnesses traveling and appearing live. There certainly is no obstacle to epicRealm embracing this routine trial practice.

18. Moreover, considering that the Texas litigation is near completion, a transfer at this juncture would not serve judicial economy. Plaintiffs at bar will be afforded the opportunity to engage in motion practice and discovery regardless of venue; as noted, their choice of forum in Delaware prevails.

19. **Motion to Consolidate**. Pursuant to Fed. R. Civ. P. 42(a), courts have the authority to consolidate actions involving a common question of law or fact. Decisions to consolidate cases are discretionary, but often courts balance considerations of efficiency, expense and fairness. United States v. Dentsply Int'l, Inc., 190 F.R.D. 140, 142-43 (D. Del. 1999). The court "[has] broad power . . . to consolidate causes for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673 (3d Cir.1964).

20. EpicRealm asserts that common issues of fact, overlapping parties and identical patents weigh in favor of consolidating the cases. Although QuinStreet does

not oppose consolidation, the court agrees with Oracle that, at this point in the litigation, formal consolidation is not warranted. However, the court will consider a coordinated discovery and trial schedule at the Rule 16 scheduling conference.

21. **Conclusion.** EpicRealm's motions to transfer venue and to consolidate are denied. (Civ. No. 06-414, D.I. 10; Civ. No. 06-495, D.I. 7)

IT IS FURTHER ORDERED that epicRealm motions for extension of time to file answer to the complaint are denied. (Civ. No. 06-414, D.I. 9; Civ. No. 06-495, D.I. 6) EpicRealm shall file its answer to the complaints by April 13, 2007.

                                                 */s/ Sue L. Robinson*
                                        United States District Judge