IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 06-495-SLR |
| | ) |
| EPICREALM LICENSING, LP, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT EPICREALM LICENSING, LP'S
### ANSWER AND COUNTERCLAIM

Defendant epicRealm Licensing, LP ("epicRealm") respectfully files its Answer and Counterclaim to Plaintiff QuinStreet, Inc.'s ("QuinStreet") Complaint for Declaratory Judgment ("Complaint").

### THE PARTIES

1. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of QuinStreet's Complaint.

2. EpicRealm admits that it is a Delaware limited partnership. EpicRealm denies that its principal place of business is at 558 S. Central Expressway, Richardson, Texas 75080-6126. EpicRealm's principal place of business is in Dallas, Dallas County, Texas.

### JURISDICTION AND VENUE

3. EpicRealm admits the allegations of paragraph 3 of QuinStreet's Complaint.

4. EpicRealm admits the allegations of paragraph 4 of QuinStreet's Complaint.

5.   EpicRealm admits the allegations of paragraph 5 of QuinStreet's Complaint.

## ALLEGATIONS RELATED TO ALL COUNTS

6.   EpicRealm admits the allegations of paragraph 6 of QuinStreet's Complaint.

7.   EpicRealm admits the allegations of paragraph 7 of QuinStreet's Complaint.

8.   EpicRealm admits the allegations of paragraph 8 of QuinStreet's Complaint.

9.   EpicRealm admits the allegations of paragraph 9 of QuinStreet's Complaint.

10.  EpicRealm admits the allegations of paragraph 10 of QuinStreet's Complaint.

11.  EpicRealm admits the allegations of paragraph 11 of QuinStreet's Complaint.

12.  EpicRealm admits the allegations of paragraph 12 of QuinStreet's Complaint.

13.  EpicRealm admits the allegations of paragraph 13 of QuinStreet's Complaint.

14.  EpicRealm admits the allegations of paragraph 14 of QuinStreet's Complaint.

15.  EpicRealm admits the allegations of paragraph 15 of QuinStreet's Complaint.

16. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of QuinStreet's Complaint.

17. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of QuinStreet's Complaint.

18. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of QuinStreet's Complaint.

19. EpicRealm denies that QuinStreet has properly and fully summarized epicRealm's claims in the '356 action.

20. EpicRealm denies the allegations of paragraph 20 of QuinStreet's Complaint to the extent that paragraph 20 incorporates allegations from paragraph 19 of QuinStreet's Complaint. EpicRealm admits that its counsel sent the letter attached as Exhibit C to QuinStreet's Complaint.

21. EpicRealm admits that it has requested discovery from Herbalife regarding the systems and methods used to generated dynamic web pages on Herbalife's websites. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of QuinStreet's Complaint.

22. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of QuinStreet's Complaint.

23. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of QuinStreet's Complaint.

**FIRST COUNT: NONINFRINGEMENT**

24. EpicRealm reasserts its answers to paragraphs 1-23 of QuinStreet's Complaint.

25.   EpicRealm admits that an actual controversy exists between QuinStreet and epicRealm. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 of QuinStreet's Complaint.

26.   EpicRealm denies the allegations of paragraph 26 of QuinStreet's Complaint.

27.   EpicRealm admits that an actual controversy exists between QuinStreet and epicRealm. EpicRealm denies QuinStreet's claims of noninfringement.

## SECOND COUNT: INVALIDITY

28.   EpicRealm reasserts its answers to paragraphs 1-27 of QuinStreet's Complaint.

29.   EpicRealm admits that an actual controversy exists between QuinStreet and epicRealm. EpicRealm lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of QuinStreet's Complaint.

30.   EpicRealm denies the allegations of paragraph 30 of QuinStreet's Complaint.

31.   EpicRealm admits that an actual controversy exists between QuinStreet and epicRealm. EpicRealm denies QuinStreet's claims of invalidity.

32.   In response to QuinStreet's Prayer, epicRealm denies that QuinStreet is entitled to relief of any kind.

## COUNTERCLAIM

EpicRealm counterclaims against QuinStreet for patent infringement and alleges the following:

33. EpicRealm reasserts its answers to paragraphs 1-31 of QuinStreet's Complaint.

34. The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

35. The Court has personal jurisdiction over QuinStreet by virtue of its commencing this action against epicRealm in this Court.

36. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## PATENT INFRINGEMENT

37. On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "epicRealm Patents," duly and legally issued. These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests. Copies of the epicRealm Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

38. EpicRealm is the owner of the epicRealm Patents and has the right to enforce those patents with respect to QuinStreet.

39. On information and belief, QuinStreet makes, uses, offers for sale, sells, imports, and/or induces the use of systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the epicRealm Patents. As a result, QuinStreet has been and still is infringing one or more of the claims

of the epicRealm Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c). EpicRealm has suffered damage by reason of QuinStreet's infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

40. To the extent that QuinStreet has continued or does continue its infringing activities after receiving notice of the epicRealm Patents, such infringement is willful, entitling epicRealm to the recovery of increased damages under 35 U.S.C. § 284.

41. This is an "exceptional case" justifying an award of attorneys' fees and costs to epicRealm pursuant to 35 U.S.C. § 285.

42. EpicRealm believes that QuinStreet will continue to infringe the epicRealm Patents unless enjoined by this Court. Such infringing activity causes epicRealm irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

43. EpicRealm requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

EpicRealm requests that the Court find in its favor and against QuinStreet and that the Court grant the following relief:

    a.    Judgment that one or more of the claims of the epicRealm Patents have been infringed, either literally and/or under the doctrine of equivalents, by QuinStreet;

    b.    Judgment in favor of epicRealm for the full amount of its actual damages caused by QuinStreet's infringing activities, including an assessment of interest and costs;

    c.    Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d. Judgment that this is an "exceptional case" and awarding epicRealm its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e. That QuinStreet be permanently enjoined from further activity or conduct that infringes the claims of the epicRealm Patents; and

f. That the Court award epicRealm such other and further relief as is just and proper under the circumstances.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Larry D. Carlson
Kevin J. Meek
Jeff Moles
BAKER BOTTS, L.L.P.
2001 Ross Avenue
Dallas, TX 75201
Tel: (214) 953-6500

Dated: April 13, 2007

788984 / 31393

By: /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 13, 2007, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Robert H. Richards, III
Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899

I hereby certify that on April 13, 2007, I have Electronically Mailed the documents to the following:

Robert S. Beiser
Richard A. Zachar
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788478 / 31393 / Quinstreet