IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., <br><br>     Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> EPICREALM LICENSING, LP, <br><br>     Defendant/Counterclaim Plaintiff. | C.A. No. 06-495-SLR |

### QUINSTREET, INC.'S REPLY TO DEFENDANT EPICREALM LICENSING, LP'S ANSWER AND COUNTERCLAIM

Plaintiff QuinStreet, Inc. ("QuinStreet"), by its attorneys, for its Reply to Defendant epicRealm Licensing, LP's Answer and Counterclaim, states as follows:

### COUNTERCLAIM

33. QuinStreet objects to epicRealm Licensing, LP's ("epicRealm") "incorporation" of paragraphs 1-31 of its answer to QuinStreet's Complaint as it violates Federal Rule of Civil Procedure 10(b), which requires that epicRealm's allegations in its counterclaim be set out in numbered paragraphs and that those paragraphs be limited to a statement of a single set of circumstances to which QuinStreet may respond. Without waiving these objections, to the extent that paragraphs 1 – 31 of epicRealm's Answer to QuinStreet's Complaint affirmatively alleges any fact, as opposed to merely admitting or denying QuinStreet's allegations, such allegations by epicRealm are denied insofar as they are inconsistent with or contrary to the allegations of QuinStreet's Complaint.

34. QuinStreet admits the allegations in Paragraph 34.

35. QuinStreet admits the allegations in Paragraph 35.

36. QuinStreet admits the allegations in Paragraph 36.

## PATENT INFRINGEMENT

37. QuinStreet admits that Exhibits A and B to epicRealm's counterclaim are copies of United States Patent Nos. 5,894,544 and 6,415,355 issued on April 13, 1999 and July 2, 2002, respectively. QuinStreet states that each Patent speaks for itself and denies any allegation contrary thereto.

38. QuinStreet admits that epicRealm owns the epicRealm Patents,[1] but denies that the patents are valid and enforceable and, therefore, denies that epicRealm has the right to enforce them.

39. QuinStreet denies the allegations in Paragraph 39.

40. QuinStreet denies the allegations in Paragraph 40.

41. QuinStreet denies the allegations in Paragraph 41.

42. QuinStreet is without sufficient knowledge to admit or deny the truth of what epicRealm believes and, on that basis, denies the allegations contained in the first sentence of Paragraph 42; QuinStreet denies the remaining allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Counterclaim Defendant Quinstreet, Inc. hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

Defendant epicRealm's Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

## QUINSTREET'S PRAYER FOR RELIEF RESPECTING COUNTERCLAIM

WHEREFORE, Quinstreet requests that the Court enter an Order and Judgment:

---

[1] Capitalized terms not defined herein shall have the definitions afforded to them in Quinstreet's Complaint for Declaratory Judgment.

- 3 -

A.  Dismissing Defendant's Counterclaim with prejudice;

B.  Declaring the '408 patent invalid, not infringed and unenforceable;

C.  Awarding to Quinstreet its costs, attorneys' fees, and expenses incurred in defending against Defendant's Counterclaim; and

D.  Awarding Quinstreet such other and further relief as the Court deems just and equitable.

OF COUNSEL:

Robert S. Beiser
Richard A. Zachar
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312-609-7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000

Dated: May 1, 2007

/s/ Anne Shea Gaza
Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

*Attorneys for Plaintiff/Counterclaim Defendant QuinStreet, Inc.*

RLF1-3145572-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plazla, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on May 1, 2007, I sent by Federal Express the foregoing document to the following non-registered participants:

Larry D. Carlson, Esquire
Kevin J. Meek, Esquire
Jeff Moles, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980

_Anne Shea Gaza_
Anne Shea Gaza (#4093)
Gaza@rlf.com