IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> EPICREALM LICENSING, LP, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 06-495-SLR |

**QUINSTREET, INC.'S FIRST AMENDED REPLY TO DEFENDANT EPICREALM LICENSING, LP'S ANSWER AND COUNTERCLAIM**

Plaintiff QuinStreet, Inc. ("QuinStreet"), by its attorneys, for its Reply to Defendant epicRealm Licensing, LP's Answer and Counterclaim, states as follows:

**COUNTERCLAIM**

33. QuinStreet objects to epicRealm Licensing, LP's ("epicRealm") "incorporation" of paragraphs 1-31 of its answer to QuinStreet's Complaint as it violates Federal Rule of Civil Procedure 10(b), which requires that epicRealm's allegations in its counterclaim be set out in numbered paragraphs and that those paragraphs be limited to a statement of a single set of circumstances to which QuinStreet may respond. Without waiving these objections, to the extent that paragraphs 1 – 31 of epicRealm's Answer to QuinStreet's Complaint affirmatively alleges any fact, as opposed to merely admitting or denying QuinStreet's allegations, such allegations by epicRealm are denied insofar as they are inconsistent with or contrary to the allegations of QuinStreet's Complaint.

34. QuinStreet admits the allegations in Paragraph 34.

35. QuinStreet admits the allegations in Paragraph 35.

36. QuinStreet admits the allegations in Paragraph 36.

## PATENT INFRINGEMENT

37. QuinStreet admits that Exhibits A and B to epicRealm's counterclaim are copies of United States Patent Nos. 5,894,544 and 6,415,355 issued on April 13, 1999 and July 2, 2002, respectively. QuinStreet states that each Patent speaks for itself and denies any allegation contrary thereto.

38. QuinStreet admits that epicRealm owns the epicRealm patents,[1] but denies that the patents are valid and enforceable and, therefore, denies that epicRealm has the right to enforce them.

39. QuinStreet denies the allegations in Paragraph 39.

40. QuinStreet denies the allegations in Paragraph 40.

41. QuinStreet denies the allegations in Paragraph 41.

42. QuinStreet is without sufficient knowledge to admit or deny the truth of what epicRealm believes and, on that basis, denies the allegations contained in the first sentence of Paragraph 42; QuinStreet denies the remaining allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

Quinstreet, without waiver, limitation, or prejudice, further answers the allegations in Epicrealm's Counterclaim by asserting the following affirmative defenses:

1. Quinstreet hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

2. epicRealm's Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

---

[1] Previously defined terms used herein shall have the definitions accorded to them in Quinstreet's Complaint for Declaratory Judgment.

3. Quinstreet has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the epicRealm patents.

4. On information and belief, each asserted claim of the epicRealm patents is invalid and void for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including without limitation at least Section Nos. 101, 102, 103 and 112, and epicRealm's counterclaim for relief is thus barred in whole or in part.

5. On information and belief, epicRealm and its predecessors in interest, as owners of the epicRealm patents, failed to comply with the requirements of 35 U.S.C. § 287, and epicRealm is, therefore, precluded from seeking any recovery for alleged damages accruing prior to the filing of this action.

6. epicRealm unreasonably delayed since 1999 and 2002 in enforcing the epicRealm patents against businesses using systems and methods to manage dynamic Web page generation requests. epicRealm seeks, now, to assert these patents only after the accused systems and methods have become widely used in the field of Web site management and development. As such, epicRealm is now precluded from seeking any recovery for alleged damages accruing prior to the filing of this action and should be enjoined from enforcing the epicRealm patents against Quinstreet by the doctrine of laches.

7. On information and belief, epicRealm's counterclaim for relief and prayer for damages are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

8. epicRealm's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

9. epicRealm's counterclaim for relief and prayer for damages are limited by 35 U.S.C. § 288.

10. By reason of the proceedings in the United States Patent and Trademark Office (the "PTO") during the prosecution of the applications that resulted in the issuance of the epicRealm patents, the admissions or representations made by or on behalf of the applicants for such patents to the PTO, and/or the admissions or representations made by or on behalf of epicRealm in this or any other litigation, epicRealm is estopped from arguing certain claim constructions and/or claiming infringement of the epicRealm patents.

11. Quinstreet has acted in good faith and without malice and did not and does not directly infringe, induce infringement by others or contribute to infringement by others of any valid and enforceable claim of the epicRealm patents. Quinstreet hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and hereby reserves the right to amend this Reply and serve such other and further defenses or affirmative defenses and to otherwise supplement the foregoing additional defenses.

## QUINSTREET'S PRAYER FOR RELIEF RESPECTING COUNTERCLAIM

WHEREFORE, Quinstreet requests that the Court enter an Order and Judgment:

A. Dismissing Defendant's Counterclaim with prejudice;

B. Declaring the '408 patent invalid, not infringed and unenforceable;

C. Awarding to Quinstreet its costs, attorneys' fees, and expenses incurred in defending against Defendant's Counterclaim; and

D. Awarding Quinstreet such other and further relief as the Court deems just and equitable.

OF COUNSEL:

Robert S. Beiser
Richard A. Zachar
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312-609-7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000

Dated: May 10, 2007

/s/ Anne Shea Gaza
Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

*Attorneys for Plaintiff/Counterclaim Defendant QuinStreet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on May 10, 2007, I sent by Federal Express the foregoing document to the following non-registered participants:

Larry D. Carlson, Esquire
Kevin J. Meek, Esquire
Jeff Moles, Esquire
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980

*Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-3051761-1