IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-495-SLR |
| EPICREALM LICENSING, LP, | ) ) ) |
| Defendant. | ) |

### NOTICE OF SUBPOENA *DUCES TECUM*

**PLEASE TAKE NOTICE** that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, a subpoena *duces tecum* has been served or will be served on Herbalife International Of America, Inc. A true and correct copy of the subpoena is attached hereto.

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: August 15, 2007
812913 / 31393

POTTER ANDERSON & CORROON LLP

By: /s/ *David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant*
*epicRealm Licensing, LP*

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | CALIFORNIA |
|---|---|---|

| QUINSTREET, INC., Plaintiff, | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| EPICREALM LICENSING, LP, Defendant. | Case Number:[1] 06-495-SLR (USDC Dist. Del.) |

TO:  HERBALIFE INTERNATIONAL OF AMERICA, INC.
     1800 Century Park East
     Los Angeles, CA  90067

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE   Veritext L.L.C, 550 South Hope Street, Suite 1775, Los Angeles, CA  90071  (866) 299-5127, or at another mutually agreeable location. | DATE AND TIME  9/13/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 8/14/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick L. Patras, Esq., Attorney for Defendant
Jenner & Block LLP, 330 North Wabash Avenue, Chicago, IL  60611  (312) 222-9350

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | Herbalife International of America, Inc., 1800 Century Park East, Los Angeles, CA 90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | Process Server |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                        DATE                                    SIGNATURE OF SERVER

                                                         _____
                                                         ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
  (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
  (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
  (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

Pursuant to Fed. R. Civ. P. 45, and the instructions and definitions herein, Defendant epicRealm Licensing, LP, by its attorneys, requests that Herbalife International of America, Inc. produce by September 13, 2007 the documents described herein. The documents are to be produced at Veritext LLC, 550 South Hope Street, Suite 1775, Los Angeles, CA 90071 (866) 299-5127, or at such other place and time as may be agreed upon by the parties. In lieu of appearing at the place specified above to produce the documents described herein, the documents may be shipped in advance to the offices of Defendant's attorneys, JENNER & BLOCK LLP, attention George S. Bosy, 330 N. Wabash Ave., Chicago, Illinois, 60611.

## DEFINITIONS

1. "The '335 patent" means U.S. Patent No. 6,415,335, entitled "System and Method for Managing Dynamic Web Page Generation Requests."

2. "The '554 patent" means U.S. Patent No. 5,894,554, entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server thereby Releasing Web Server to Process Other Requests."

3. "Herbalife," "you," and "your" mean Herbalife International of America, Inc., and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Herbalife International of America, Inc.

4. "Communication" means any transmission of information from one person to another, including by personal meeting, telephone, facsimile, and electronic mail.

5. The term "document" or "documents" is to be interpreted in the broadest sense allowed under the Federal Rules of Civil Procedure.

6. "epicRealm" and "defendant" mean epicRealm, defendant and counterclaimant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of epicRealm.

7. "The epicRealm Patents" means the '554 and '335 patents.

8. "QuinStreet" means QuinStreet, Inc., plaintiff and counterdefendant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of QuinStreet.

9. "Your Web Site(s)" means any web site owned, operated, maintained or hosted by you including the web sites located at http://www.herbalife.com, http://www.MyHerbalife.com, http://www.startherbalife.com, and http://www.liftoff.com.

10. "Your Customer" means any entity having a business or transactional relationship with you, including prospective customers, past customers or existing customers.

11. "The Autoflex Action" means Civil Action No. 2:05-cv-00163-DF-CMC pending in the Eastern District of Texas captioned *epicRealm Licensing, LLC v. Autoflex Leasing, Inc. et al.*

12. "The Franklin Covey Action" means Civil Action No. 2:05-cv-00356-DF-CMC pending in the Eastern District of Texas captioned *epicRealm Licensing, LLC v. Franklin Covey Co. et al.*

13. "The Texas Actions" means the Autoflex Action and the Franklin Covey Action.

14. "The Oracle Action" means Civil Action No. 1:06-cv-00414-SLR pending in the District of Delaware captioned *Oracle Corporation et al. v. epicRealm Licensing, LP*.

15. "The QuinStreet Action" means Civil Action 1:06-cv-00495-SLR pending in the District of Delaware captioned *QuinStreet Inc. v. epicRealm Licensing, LP*.

16. "The Delaware Actions" means the Oracle Action and the QuinStreet Action.

17. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person."

18. "Third party" means any person or entity other than you.

19. "And" or "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

20. "Any" shall be construed to include "any and all."

21. "Including" shall be construed broadly, to mean "including but not limited to" or "including without limitation."

22. "Web page" means web content displayable through a web browser regardless of format and not limited to HTML format.

23. "QuinStreet's Web Products and Services" means all software, products, activities, and/or services related to the creation, generation, management or delivery of dynamic web pages including:

   a) The platforms or websites hosted by QuinStreet;

   b) QuinStreet's "systems and methods for dynamic web page generation wherein dynamic web page requests are transferred from a web server to other server software for

processing that would fall within the ambit of the claims of epicRealm's patents," as stated in ¶ 21 of QuinStreet's Complaint;

  c)  QuinStreet's software products that are used in conjunction with the delivery of dynamic web pages;

  d)  All current and past versions of QuinStreet's Corporate Business Management suite, Distributor Business Management suite, and Distributor Sales Management suite;

  e)  Any software that incorporates, is based upon, or is used in conjunction with Apache HTTP Server, including Apache 1.3, and/or Apache 2.0, Tomcat application server or any other product providing comparable functionality with respect to the creation, generation, management or delivery of dynamic web pages; and

  f)  Any products or services associated with operation of QuinStreet's Web Site(s).

## INSTRUCTIONS

  1.  These document requests call for all documents that are known or available to you, including all documents in the custody, possession or control of or available to your attorneys, agents, or representatives, or any investigators or any other person acting on your behalf, under your direction or control, or under the direction or control of your attorneys or agents.

  2.  Each request for documents seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto. To the extent documents, including design, accounting, financial and sales data, are maintained in both hard copy and some other form, including computer, electronic, magnetic and optical media of all kinds, please provide both forms.

3. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced, such copies should be legible and bound or stapled in the same manner as the original.

4. Documents produced in a form other than hard copy should be produced in the media in which they are found. Documents produced in any computer, electronic, magnetic or optical media should include a unique hard copy label containing an index of the materials and an identification of the format in which the documents are stored on such media.

5. If any document responsive to these requests has been destroyed, describe the content of said document, the location of any copies of said document, the date of such destruction and the name of the person who ordered or authorized such destruction.

6. If you find the meaning of any term in these document requests to be unclear, you should assume a reasonable meaning, state what the assumed meaning is, and produce documents on the basis of that assumed meaning.

7. With respect to any documents otherwise responsive to this request that you withhold or refuse to divulge on a claim of privilege, provide a statement signed by your attorney setting forth as to each document:

    a) the name(s) of the sender, author, primary and secondary recipient(s) of the document and any persons to whom the document was shown;

    b) the date of the document, or if no date appears, the date on which it was prepared;

    c) a general description of the nature and subject matter of the document;

    d) the name of the person who has custody of the document; and

   e)  the basis for withholding the document, including the statute, rule or decision which is claimed to give rise to the privilege.

  8. If, after the date you produce documents responsive to these document requests, you discover or receive additional documents that are responsive to this request, promptly produce to epicRealm's counsel all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of this District Court.

## DOCUMENT REQUESTS

  1. All documents relating to QuinStreet or QuinStreet's Web Products and Services.

  2. All documents relating to your use of QuinStreet's Web Products and Services.

  3. All documents provided to you by QuinStreet, including specifications, slide shows, presentations, documentation, technical support, white papers, or manuals.

  4. All documents relating to the Franklin Covey Action, including documents produced or requested to be produced by you in the Franklin Covey Action and all pleadings or other court documents related to the Franklin Covey Action.

  5. All documents relating to the QuinStreet Action, the Oracle Action or the Autoflex Action.

  6. Documents sufficient to identify QuinStreet's Web Products and Services used by you from 1999 to the present.

  7. All documents relating to epicRealm or either of the epicRealm Patents, including any opinions relating to epicRealm or either of the epicRealm Patents.

  8. All agreements or contracts with QuinStreet, including:

   a)  all software license agreements with QuinStreet;

   b)  all web site hosting agreements;

   c)  all service agreements or contracts with QuinStreet; and

    d) all agreements with QuinStreet that include any indemnification obligations.

  9. All communications between you and QuinStreet relating to QuinStreet's Web Products and Services, the Delaware Actions, the Texas Actions, QuinStreet's indemnification obligations, or validity, infringement, or enforceability of either of the epicRealm Patents including communications between counsel for QuinStreet and your counsel.

  10. All documents relating to the systems and processes used to support Your Web Site(s), and to Your Web Site(s) traffic reports or analysis.

  11. All documents referring or relating to the profitability of Your Web Site(s), including documents sufficient to identify the dollar amount of all sales made through Your Web Site(s) for each year since 1999, including documents sufficient to identify the sales to United States purchasers and the sales to foreign purchasers.

  12. Documents sufficient to provide profits and costs for you for each year since 1999, including gross profit, net profit and fixed and variable costs for products and/or services sold using QuinStreet's Web Products and Services.

  13. All documents relating to any assessment, analysis, study, evaluation or discussion of the actual or projected financial value of Your Web Site(s).

  14. All documents or communications relating to the design, development, implementation and/or configuration of Your Web Site(s), including the architecture of computers, web servers, routers, switches and other hardware used in conjunction with Your Web Site(s) and documents sufficient to identify the geographic location (by country) of the computers, servers, routers and other hardware that operate or host Your Web Site(s).

15. All documents relating to the metrics for the operation, efficiency, and response time of Your Web Site(s) including process time per request, number of requests processed per application, average request process time, average request read/parse time and average request service time.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 15, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 15, 2007, I have Electronically Mailed the document to the following person(s):

Robert H. Richards, III
Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Robert S. Beiser
Richard A. Zachar
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788478 / 31393 / Quinstreet