IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

        Plaintiff,

v.                                                          Civil Action No. 06-495-SLR

EPICREALM LICENSING, LP,

        Defendant.

## STIPULATED PROTECTIVE ORDER

The Court has considered the submissions of the Parties and has concluded that this Protective Order should be entered. IT IS THEREFORE ORDERED THAT:

1.    **Application**.  This Protective Order ("Order") governs the production or exchange of documents and other discovery materials in connection with the above-captioned action ("Action") by or between the Parties and any third parties, either through the formal discovery process or informally. If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Confidential or Highly Confidential Information, that third party may gain the protections of this Order through a written agreement by that third party to produce documents or information pursuant to this Order and to be bound by it. Under such agreement, the Parties hereto will be bound by this Order with respect to all Confidential or Highly Confidential Information produced by that third party.

2.    **Non-Disclosure**. This Order is applicable to the Parties and to any third parties who produce or receive documents in connection with the Action, and the representatives, retained experts and consultants, and employees of the Parties or third parties. This Order shall

not, in any manner, be disclosed to the jury in any litigation between or among the Parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, or referred to in any trial or any hearing, save and except a hearing that involves issues related to any provision of this Order.

3.    **Confidential Information**.    Upon a determination by any Party or third party producing information (the "Producing Party") to a Party receiving such information (the "Receiving Party") that any document or thing being produced or disclosed in connection with the Action, whether formally or informally, including, but not limited to,

a.    Court filings;

b.    initial and supplemental disclosures;

c.    disclosures set out in the Parties' agreed scheduling order;

d.    answers to interrogatories;

e.    documents;

f.    transcripts of depositions;

g.    any other discovery or disclosure; and

h.    algorithms, computer programs, software.

contains information that the Producing Party believes in good faith to constitute or embody confidential information pertaining to its business (including matters that may have been disclosed to third parties, who are not under obligations of confidentiality, but not to the public generally), the Producing Party may designate such document, material or thing "Confidential" ("Confidential Information").    For example, Confidential Information may include, but is not limited to, materials such as financial information, marketing and sales information, customer

lists, business plans, personnel information, product plans, and technical information about products.

4.    **Highly Confidential:  Outside Counsel's Eyes Only Information**.  The Parties acknowledge that there will be Confidential Information produced for which a higher level of protection is required; such information may be designated as "Highly Confidential" ("Highly Confidential Information").  Highly Confidential Information designations should be used only for sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures. For example, Highly Confidential Information may include, but is not limited to, materials such as design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, materials submitted to regulatory agencies, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, training materials, algorithms, computer programs, software, and similar information provided that the materials meet the foregoing requirements.

5.    **Designation**.  The Producing Party shall identify all Confidential or Highly Confidential Information by affixing to it, in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES ONLY" on each page asserted to include such information or on a conspicuous portion of any thing.  Any summary, compilation or copy of any document or thing so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES ONLY" shall be treated the same as the underlying document or thing as provided by this Order.  The

1575873.2

Parties shall put forth a good faith effort in making their confidentiality designations so as to not designate documents and materials that do not qualify for or require Confidential or Highly Confidential treatment. The "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in ¶ 21. If the Producing Party elects to produce documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection. But after the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection must be treated as if they contained Highly Confidential Information. If Confidential or Highly Confidential Information is produced without being reduced to a documentary, tangible, or physical form that can be conveniently designated, the Producing Party must inform the Receiving Party in writing when this Confidential or Highly Confidential Information is produced. The Parties shall then confer and agree, in writing, on an appropriate way of designating this material.

6.    **Disclosure of Confidential Information**.  No Receiving Party receiving any document or thing designated "CONFIDENTIAL" in accordance with ¶ 5 of this Order shall disclose any such Confidential Information to any other person or entity, except to the following:

    a.    the Court and its personnel;

    b.    outside counsel of record and one in-house attorney of the Parties and their necessary support personnel, including personnel associated with any

-4-

outside service providers used to assist in litigation who are providing active assistance with this case;

c.    experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case. Disclosures to experts and consultants are subject to ¶ 17;

d.    Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.    interpreters or translators retained by counsel for the purpose of the case;

f.    the person whose testimony is being taken, subject to ¶ 20; and

g.    the corporate officers and employees of the Parties who have responsibility for managing or working on the case (including persons regularly employed by a Party in an information technology position who may be providing technical assistance) or who have responsibility for making decisions about possible settlement of the case.

7.    **Disclosure of Highly Confidential Information.** Until or unless the Court rules otherwise, no Party receiving any document or thing designated "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" in accordance with ¶ 5 of this Order shall disclose any such Highly Confidential Information to any other person or entity, except to the following:

a.    the Court and its personnel;

b.    outside counsel of record and one in-house attorney and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance

with this case, provided that said in-house attorney shall be designated in writing and shall execute the attached Confidentiality Agreement and Undertaking before any such disclosure;

c.      experts and consultants (and their necessary support personnel) retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the case. Disclosures to experts and consultants are further subject to ¶ 17;

d.      Court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

e.      interpreters or translators retained by counsel for the purpose of the case; and

f.      the person whose testimony is being taken, subject to ¶ 20.

In no event shall the persons listed above in subparagraphs (a)-(f) be either a Party to this Action or an officer, director, or employee of a Party to this Action, unless authorized by a prior order of the Court or the prior written approval of the Producing Party; but this provision shall not apply to an in-house attorney under subparagraph (b) above or to a listed inventor of United States Patent Nos. 5,894,554 and 6,415,335 B1 under subparagraph (c) and/or (f) above.

8.      **Highly Confidential: Restricted Source Code Media**. A Producing Party may specially designate Source Code (whether in electronic or hardcopy form) as "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" ("Restricted Source Code Media"). In designating Restricted Source Code Media, as defined herein and consistent with Federal Rule of Civil Procedure 26(c)(7), the Producing Party will make such designation only as to that information that it has treated as, and in good faith believes should be subject to a

heightened standard of confidentiality. Restricted Source Code Media shall be subject to all of the provisions of this Order regarding Highly Confidential Information and shall also be subject to the following additional restrictions on copying and use. A Receiving Party shall treat information so designated as Restricted Source Code Media under this Order as soon as a Producing Party so designates the information.

9.    **Source Code Production Format**. If produced, Source Code shall be provided in its native, electronic format to the extent that it exists in an electronic format. A Producing Party need not produce more than two (2) copies of the Source Code for a particular product. Trial counsel for the Receiving Party may not relinquish or transfer possession or control of any particular copy of a Producing Party's Restricted Source Code Media except to an expert or consultant who has been retained by such counsel for the Receiving Party to assist in the prosecution, defense or settlement of this Action, and only if all of the conditions in ¶ 17 are met.

10.    **Storing Restricted Source Code Media**. All tangible media with Restricted Source Code Media must be kept by the Receiving Party's Outside Counsel, or the Receiving Party's retained expert or consultant in a secure, locked cabinet when the Restricted Source Code Media is not in use.

11.    **Copying Restricted Source Code Media**. Restricted Source Code Media may not be copied by any person acting on behalf of a Receiving Party except as follows:

    a.    <u>Complete Copies</u>.

        (i)    Restricted Source Code Media may be copied into the hard drive memory and/or into the RAM of a secure computer for the purposes of conducting analyses of the Restricted Source Code Media. Restricted Source Code Media is to be kept secure throughout the Action by means of being stored in encrypted form on a stand-alone computer

(i.e., a computer that is not connected to any internal or external computer network) where it resides, with such encryption protocol designed to limit access to said Restricted Source Code Media to those persons designated under this Order as having access to said Restricted Source Code Media. The encryption required under this paragraph shall be PGP2 or a similar product employing at least 128 bit encryption;

(ii)    any computer into which the Restricted Source Code Media of a Producing Party is copied by a person authorized to receive Restricted Source Code Media under this Order must, prior to or contemporaneously with such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of no longer than ten (10) minutes. Such protection/lockout/screen saver function shall remain enabled continuously during any period that such computer is in use while the Restricted Source Code Media remains on such computer; provided, however, notwithstanding the foregoing, if each Party's trial counsel agrees in writing beforehand, an alternative security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer;

(iii)    absent written agreement by the Producing Party, a particular copy of the Producing Party's Restricted Source Code Media may reside in the hard drive memory or RAM of only two computers at any given time, and such computers must be located at the offices of the Receiving Party's outside counsel and/or retained experts or consultants;

b.    Excerpts. Certain portions of the Restricted Source Code Media ("Restricted Source Code Media Excerpts") of a Producing Party may be copied onto paper or secure electronic media only pursuant to and in compliance with the following, if and only if all of the applicable conditions are met:

- 8 -

(i)    trial counsel for a Receiving Party and a retained expert or consultant of the Receiving Party may each make the minimum number of back-up copies of the Restricted Source Code Media Excerpts reasonably necessary to prepare and preserve analyses and/or prepare and preserve an expert or consultant report, provided that for each such copy in excess of one (1) such copy made, trial counsel for the Receiving Party and/or the retained expert or consultant of the Receiving Party making such additional copies shall maintain a Source Code Excerpt Copy Log identifying (1) the excerpt that was copied, (2) the number of copies made, (3) the date such copies were made, and (4) the person making the copies;

(ii)    the total amount of Restricted Source Code Media Excerpts may not exceed the amount reasonably necessary to perform such analyses or prepare such retained expert or consultant reports;

(iii)    trial counsel for a Receiving Party may make that number of copies of the Restricted Source Code Media Excerpts as is reasonably required to prepare and to fulfill filing and service requirements of a document required to be filed with the Court or served on another Party;

(iv)    a Producing Party's Restricted Source Code Media Excerpts shall only be copied as provided herein, and, once having been made, all such copies of a Producing Party's Restricted Source Code Media Excerpts shall be designated as Highly Confidential: Restricted Source Code Media in the name of the Producing Party and shall be filed, if at all, under seal.

Trial counsel or a retained expert or consultant in this Action having access to Restricted Source Code Media shall maintain a Source Code Access Log identifying, for each and every time the Restricted Source Code Media is viewed, accessed, or analyzed:

(1) the name of each person who accessed the code and (2) whether any hard copies of any portion of the code were printed and the portion of the code printed. Such log shall be provided to the Party producing Restricted Source Code Media On that Party's demand at conclusion of the Action, including any appeals.

12.    **Transporting Restricted Source Code Media**. A Producing Party's Restricted Source Code Media may only be transported within the direct control of a person authorized to receive Restricted Source Code Media, except for shipments on encrypted physical electronic media (*e.g.*, CD-ROM, magnetic tape or diskette) or paper via Federal Express or other similar courier service directly from one person authorized to receive Restricted Source Code Media to another person authorized to receive Restricted Source Code Media. Under no circumstances may Restricted Source Code Media be transmitted electronically.

13.    **Use of Confidential Information, Highly Confidential Information, and Restricted Source Code Media**. Receiving Parties are permitted to use Confidential Information, Highly Confidential Information, or Restricted Source Code Media produced by another Party solely and exclusively for the purpose of litigating the Action. All other uses, including but not limited to, business uses, litigation uses in connection with other legal actions or matters, and patent prosecution uses, is strictly prohibited. This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

14.    **Patent Prosecution Restriction**. Any individual attorney or any patent agent (registered with the U.S. Patent & Trademark Office) who actually receives or reviews any Highly Confidential Information or Restricted Source Code Media under this Order (a) shall not, for a Party, or a corporate parent, subsidiary or sibling corporation of a Party, prosecute,

supervise, assist in the prosecution of or advise regarding patent prosecution strategy for (i) any application, continuation, continuation-in-part, divisional, renewal, substitute or convention application relating to any of the asserted patents, whether or not claiming priority from the asserted patents or any foreign counterpart thereof, and further including without limitation any reexamination or reissue proceedings relating to any such patent or application where reexamination or reissue has been granted; or (ii) any application having claims materially related to the subject matter of the Highly Confidential Information or Restricted Source Code Media actually received or reviewed; and (b) shall not, for a Party, or a corporate parent, subsidiary or sibling corporation of a Party, advise regarding patent prosecution strategy for (i) any potential application, continuation, continuation-in-part, divisional, renewal, substitute or convention application relating to any of the asserted patents, whether or not claiming priority from the asserted patents or any foreign counterpart thereof, and further including without limitation any reexamination or reissue proceedings relating to any such patent or application where reexamination or reissue has been granted; or (ii) any potential application having claims materially related to the subject matter of the Highly Confidential Information or Restricted Source Code Media actually received or reviewed. The restrictions provided in this paragraph shall be applicable during the pendency of the Action and for two years after the Action is terminated (either through settlement or judgment including any appeals). The Receiving Party shall maintain an accurate log of all attorneys and agents who actually receive or review any Highly Confidential Information or Restricted Source Code Media. In the event of a dispute regarding this provision of the Order, the Receiving Party must, upon the request of the Producing Party, submit this log in camera for the Court's inspection.

1575873.2

15.     **Filings with and Presentations to this Court**.  The Parties shall follow the procedures set out in ¶ 16 for any pleading, motion, or exhibit to be filed with the Court or used in open Court that includes or reveals Confidential Information, Highly Confidential Information, or Restricted Source Code Media.  The Parties agree that such filing does not compromise the Confidential Information, Highly Confidential Information, or Restricted Source Code Media status of such information.  The Parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a Party's Confidential Information, Highly Confidential Information, or Restricted Source Code Media designation should be stricken.  No Confidential Information, Highly Confidential Information, or Restricted Source Code Media shall be filed with the Court unless they are filed under seal.

16.     **Filings with this Court**.  To the extent that any documents or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL:  RESTRICTED SOURCE CODE MEDIA" are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court according to any local rules of the Court in an envelope marked "SEALED."  The cover page of the filed document shall contain the case caption and shall be marked:

> "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:  This envelope contains documents or things that are the subject of a Protective Order of this Court and cannot be opened or its contents made available to anyone other than counsel of record for the Parties or Court personnel."

17.     **Disclosure to Experts and Consultants**.  Counsel for the Receiving Party may disclose Confidential Information, Highly Confidential Information, or Restricted Source Code Media to retained experts and consultants who are actively assisting in the preparation for and/or trial of the case subject to the provisions of this paragraph.  A Party desiring to disclose

- 12-

Confidential Information, Highly Confidential Information, or Restricted Source Code Media to retained experts or consultants shall first obtain from each such expert or consultant a signed Confidentiality Agreement in the form attached as in Exhibit A, a current resume, a list of all publications by such proposed expert or consultant for the past ten (10) years, a list identifying all lawsuits in which such proposed expert or consultant has testified in deposition, hearing or trial for the past five (5) years, and a list identifying all employers of such expert or consultant, and all parties in any dispute and all other entities on behalf of which such expert or consultant has worked as an expert or consultant in the past two (2) years. A copy of the signed Confidentiality Agreement, resume and lists shall be served upon opposing counsel. The opposing Party shall then have five (5) business days from receipt of notice to serve a specific written objection to such disclosure. If an objection is served within the five business day period, there shall be no disclosure to such expert or consultant except by agreement of the Parties or order of the Court. If no objection is served within the five day period, objections are waived, unless a new ground for objection — resulting from a material nondisclosure by such expert or consultant or a subsequent material change in such expert's or consultant's circumstances — arises after such time. No Party may object to the selection of an expert or consultant unreasonably. If a Party objects pursuant to the provisions of this paragraph and the Parties cannot resolve their dispute on the terms of disclosure, the Party making the objection may apply to the Court for an order barring disclosure of Confidential Information, Highly Confidential Information, or Restricted Source Code Media to such person, or other appropriate relief. Such an application to the Court shall be made within ten (10) business days of the receipt of the disclosure of such expert or consultant (or such longer period agreed to by the Parties in writing), or the objection will be deemed to have been waived.

18.    **Expert Discovery Exemptions.**    A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) are exempt from discovery.  In addition, all communications with, and all materials generated by, a testifying expert with respect to his or her work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions.  The expert must produce his or her final report and all materials on which he or she relied.

19.    **Use of Confidential Information, Highly Confidential Information, or Restricted Source Code Media During Testimony.**    Except as otherwise approved by the Producing Party or by an order of the Court, Confidential Information, Highly Confidential Information, or Restricted Source Code Media of a Producing Party may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

    a.    an existing employee of the Producing Party;

    b.    a retained expert or consultant or other person duly qualified under ¶ 17;

    c.    a former employee or consultant of the Producing Party or any other person who previously had access to the Confidential Information, Highly Confidential Information, or Restricted Source Code Media; or

    d.    any existing or former employee or any Rule 30(b)(6) designee of a third party who is being shown a document or information that was intended by the author to have been provided previously to said third party.

Additionally, counsel for the Receiving Party may disclose documents containing Confidential Information, Highly Confidential Information, or Restricted Source Code Media to a former employee of the Producing Party in preparation for that employee's testimony who meet the requirements of subparagraph (c) hereof and provided that the preparation is in the presence of

- 14-

outside counsel. The former employee shall not be permitted to retain a copy of the documents or make notes regarding the documents before, during, or after the preparation for his or her testimony.

20. **Attendees at Confidential Information, Highly Confidential Information, or Restricted Source Code Media Depositions**. Any attendee at a deposition (other than a court reporter or videographer) in which Confidential Information, Highly Confidential Information, or Restricted Source Code Media is shown or discussed must be qualified under this Order to review such information. The Parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Confidential Information, Highly Confidential Information, or Restricted Source Code Media is shown or discussed.

21. **Confidential Information, Highly Confidential Information, and Restricted Source Code Media Transcripts**. During any deposition in which Confidential Information, Highly Confidential Information, or Restricted Source Code Media is discussed, counsel attending the deposition must make a good-faith attempt to designate, on the record, the portions of the transcript that will contain Confidential Information, Highly Confidential Information, or Restricted Source Code Media. The portions of any deposition transcript that counsel for any Party has designated on the record at the deposition as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" and any such information marked as a deposition exhibit shall be treated as Confidential Information, Highly Confidential Information, or Restricted Source Code Media and placed in a separately bound volume. For deposition testimony not designated on the record during the deposition, portions of the transcript may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES

ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" if, within

thirty (30) days of the transcript's delivery to the Parties' counsel of record, counsel designates in

writing such transcript portions as Confidential Information, Highly Confidential Information, or

Restricted Source Code Media. In the time after the deposition but before the expiration of this

thirty day period, the entirety of all deposition transcripts must be treated as if they contained

Highly Confidential Information, or with respect to those portions of transcripts that concern

Source Code, as if they contained Restricted Source Code Media.

     **22.**    **Challenges to Designations:** The Parties acknowledge that it may be impractical

to contemporaneously assess the confidentiality of any or all information in documents,

testimony, transcripts, and/or other materials and things produced by a Party or producing entity

in the course of this Action. Therefore, if a Party wishes to challenge the designation of any such

information, the Party shall, in good faith, narrowly limit such efforts solely to those documents,

testimony, transcripts, and/or other materials or things (or portions thereof) for which

declassification reasonably appears to be appropriate. The Producing Party shall, within five (5)

business days after receipt of the Receiving Party's request for declassification, make a good

faith determination as to whether the information at issue should be declassified and notify the

Receiving Party of its determination. If the dispute cannot be resolved informally, the Receiving

Party may seek appropriate relief from the Court, pursuant to the procedures concerning

discovery disputes. The Producing Party shall have the burden of proving the propriety of the

designation. The designation of the disputed information shall remain unless and until otherwise

ordered by the Court. A Party shall not be obligated to challenge the propriety of a designation

of a document at any level of confidentiality identified in this Order at the time made, and a

failure to do so shall not preclude a subsequent challenge thereto.

23. **Inadvertent Production of Confidential or Highly Confidential Information**. Inadvertent failure to designate documents or things as Confidential or Highly Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information should have been but was not designated Confidential or Highly Confidential, the Producing Party must immediately notify all other Parties. In such event, within fifteen (15) days of notifying all other Parties, the Producing Party must provide copies of the Confidential or Highly Confidential Information designated in accordance with this Order. After receipt of such re-designated information, this Confidential or Highly Confidential Information shall be treated as required by this Order. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

24. **Third Party Confidentiality**. Where a document request calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party and the Producing Party objects on this ground, the Producing Party may withhold production for a period of twenty (20) Court days after such objection or after learning in good faith that the request sought or seeks specific material as to which a third party confidentiality obligation exists, whichever is later, in order to provide appropriate notice to the third party. The Producing Party shall thereafter disclose in compliance with this Order any responsive materials or information held under obligations of confidentiality to such person unless said third party or the Producing Party moves for or obtains a protective order in this Court within that time.

-17-

25.    **Subpoena of Confidential Information, Highly Confidential Information, or Restricted Source Code Media**.  If any entity subpoenas or orders production of Confidential Information, Highly Confidential Information, or Restricted Source Code Media that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Producing Party of the subpoena or order and object to the subpoena on grounds that the information is protected by this Order.

26.    **Inadvertent Disclosure of Privileged Information**.  Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied.  If the Producing Party discovers that information produced in discovery should have been withheld on the basis of privilege, the Producing Party must immediately notify all other Parties.  In such event, the Parties must immediately return the privileged information along with all duplicates.  Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party.  Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information.  The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

27.    **Continuing Jurisdiction**.  After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further court order.  This Court shall have exclusive jurisdiction to hear any complaint brought by any Party alleging that any person has breached the terms of this Order.  Such complaint shall be brought by motion for

appropriate relief. The Court shall also retain jurisdiction over the Parties and any other person who has had access to Confidential Information, Highly Confidential Information, or Restricted Source Code Media pursuant to this Order, so that the Court can continue to enforce this Order.

28.    **Counsel's Communication with Client**. Nothing in this Order shall preclude or impede outside counsel's ability to communicate with or advise their clients or decision makers for such clients based on outside counsel's review and evaluation of Confidential Information, Highly Confidential Information, or Restricted Source Code Media produced by the opposing Party. Outside counsel may discuss with the employees and officers of such clients who have responsibility for managing the lawsuit, or those persons who have responsibility for making decisions about possible settlement of the lawsuit, the general nature of the Confidential Information, Highly Confidential Information, or Restricted Source Code Media, without disclosing the specifics of any such information, to the extent such disclosure is necessary for effectively advising such clients and their decision makers.

29.    **Modification**. The Parties may modify this Order only by written agreement. The Court may modify this Order upon a showing of good cause. Nothing in this Order shall be construed as precluding any Party from seeking such modification.

30.    **Return or Destruction of Confidential and Highly Confidential Materials**. Within ninety (90) calendar days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Producing Party containing Confidential Information or Highly Confidential Information shall be destroyed, by cross-cut shredding, except that outside counsel of record shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of pleadings, correspondence and memoranda, which contain or refer to Confidential Information

or Highly Confidential Information.  Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Confidential Information or Highly Confidential Information from any firm's electronic disaster recovery systems after the conclusion of the Action.

  **31.** **Return or Destruction of Restricted Source Code Media Materials.**  Within ninety (90) days of the conclusion of this litigation, Restricted Source Code Media materials must be returned to the Producing Party, and each trial counsel, retained expert or consultant who had access to the Restricted Source Code Media materials must sign a declaration that shall be sent to the Producing Party certifying that:

   (a) to the best of that person's knowledge, all Restricted Source Code Media materials have been returned to the Producing Party; and

   (b) every copy, whether whole or partial, of the Restricted Source Code Media materials that exists in electronic, magnetic or other machine-readable form has been permanently deleted such that the deleted files could not be recovered absent extraordinary efforts, if at all (for example, through the use of a disk utility program such as Norton Utilities or its equivalent, to rewrite the free disk space).

Notwithstanding the provisions of subparagraphs (a) and (b) herein, counsel of record for each Receiving Party may retain for archive purposes one (1) electronic and one (1) paper copy of all pleadings, including retained expert or consultant reports, exchanged by the parties or filed with the Court that contain Restricted Source Code Media materials.

1575873.2

RICHARDS, LAYTON & FINGER        POTTER ANDERSON & CORROON LLP

/s/ Anne Shea Gaza_____        /s/ Richard L. Horwitz_____
Robert H. Richards, III (#706)        Richard L. Horwitz (#2246)
Jeffrey L. Moyer (#3309)        David E. Moore (#3983)
Anne Shea Gaza (#4093)        Hercules Plaza, 6th Floor
One Rodney Square        1313 N. Market Street
920 N. King Street        Wilmington, DE 19899
Wilmington, DE 19899        302.984.6000
302.651.7700

Robert S. Beiser        Harry J. Roper
David L. Doyle        George S. Bosy
Ludwig E. Kolman        Aaron A. Barlow
VEDDER, PRICE, KAUFMAN &        Patrick L. Patras
KAMMHOLZ, P.C.        David R. Bennett
222 North LaSalle Street        Paul D. Margolis
Chicago, IL 60601        Benjamin J. Bradford
312.609.7500        JENNER & BLOCK LLP
        330 N. Wabash Avenue
Gordon C. Atkinson        Chicago, IL 60611
COOLEY GODWARD LLP        312.923-8305
101 California Street, Fifth Floor
San Francisco, California 94111
415.693.2000        *Attorneys for Defendant*
        *epicRealm Licensing, LP*

*Attorneys for Plaintiff*
*QuinStreet, Inc.*

Dated:  September 18, 2007


IT IS SO ORDERED.

DATED this ___ day of _____, 2007.

_____
JUDGE

1575873.2

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

       Plaintiff,

v.                         Civil Action No. 06-495-SLR

EPICREALM LICENSING, L.P.,

       Defendant.

## CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

I, _____, state the following:

1.     I have read and understand the Protective Order ("Order") in the above-captioned action (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:  OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE MEDIA" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order.  I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

2.     I shall not use or disclose any Confidential Information, Highly Confidential Information, or Restricted Source Code Media to others, except in accordance with the Order.  I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

_____
Signature

_____
Printed Name

_____
Address

STATE OF _____
COUNTY OF _____

    Subscribed and sworn to before me this _____ day of _____, 2007.  Witness my

hand and official seal.

_____