IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

              Plaintiff,

v.

EPICREALM LICENSING, LP,

              Defendant.

C. A. No. 06-495-SLR

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
## FOR DECLARATORY JUDGMENT

Plaintiff, Quinstreet, Inc. ("Quinstreet"), by its attorneys, respectfully requests that this Court, pursuant to Federal Rule of Civil Procedure 15(a), grant it leave to file their Amended Complaint for Declaratory Judgment attached as Exhibit B hereto[1].  In support of its Motion, Plaintiff states as follows:

1.      Quinstreet initiated this action by filing its original Complaint for Declaratory Judgment that its software products used in conjunction with the delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid enforceable claim of the epicRealm patents. At that time, epicRealm had not specifically accused Quinstreet software.  The request for declaratory relief in the initial complaint is fairly read as seeking a declaration only as to products accused by epicRealm.

---

[1] Pursuant to District of Delaware Local Rule 15.1(b), a blackline of the amended pleading is attached as Exhibit C hereto, which indicates in what respect the amended pleading differs from the original Complaint for Declaratory Judgment.

2.     On April 13, 2007, epicRealm filed its answer and counterclaim specifically accusing defendant Quinstreet of infringing the epicRealm patents.

3.     Quinstreet's Amended Complaint For Declaratory Judgment seeks to merely conform its request for declaratory judgment to the specific allegations made in epicRealm's counterclaim.

4.     Rule 15 states that leave to file an amended pleading "shall be freely given when justice so requires." Rule 15's policy is to liberally allow the amendment of pleadings, and leave to amend should be given unless the amendment will result in undue delay or prejudice to the opposing party.  See e.g., Coward v. David J. Axelrod & Assoc., No. 03 C 5341, 2004 WL 1013352, at *1 (N.D. Ill. April 27, 2004).

5.     Permitting Quinstreet to file its Amended Complaint For Declaratory Judgment will not delay the proceedings or prejudice epicRealm because the litigation is in its early stages, and will focus the dispute to the matters raised by epicRealm in its Counterclaim.

6.     Quinstreet asked epicRealm whether it would consent to its motion for leave to file the Amended Complaint For Declaratory Judgment, but was informed that epicRealm intends to object. Quinstreet is unaware of the basis for epicRealm's objection at this time.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 15(a), Quinstreet respectfully requests that this Court grant Quinstreet leave to file the Amended Complaint For Declaratory Judgment attached hereto as Exhibit B by entering an order substantially similar to the proposed order attached hereto as Exhibit A and provide any other just and appropriate relief.

*Anne Shea Gaza*

Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

OF COUNSEL:

Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415.693.2000

Dated: September 18, 2007

Attorneys for Plaintiff QUINSTREET, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on September 18, 2007, I sent by Federal Express the foregoing document to the following non-registered participants:

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

*Anne Shea Gaza*

Anne Shea Gaza (#4093)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

        Plaintiff,

v.

        Civil Action No. 06-495-SLR

EPICREALM LICENSING, LP,

        Defendant.

## RULE 7.1.1 CERTIFICATION

Pursuant to Local Rule 7.1.1, the parties have conferred regarding Quinstreet's Motion for

Leave to File an Amended Complaint for Declaratory Judgment and epicRealm has advised that

it intends to oppose the relief sought in the Motion.

OF COUNSEL:

Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415.693.2000

Dated: September 18, 2007

Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

Attorneys for Plaintiff QUINSTREET, INC.

# EXHIBIT A

.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

          Plaintiff,

v.

EPICREALM LICENSING, LP,

          Defendant.

Civil Action No. 06-495-SLR

## **[PROPOSED] ORDER**

The Court having considered Quinstreet's Motion for Leave to File an Amended

Complaint for Declaratory Judgment (the "Motion" ), and the parties' positions related thereto,

IT IS HEREBY ORDERED this _____ day of _____ 2007 that Quinstreet's Motion

is GRANTED.  The Amended Complaint for Declaratory Judgment is deemed to be filed and

served as of the date of this Order.

 

_____
The Honorable Sue L. Robinson

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

        Plaintiff,

v.

EPICREALM LICENSING, LP,

        Defendant.

Civil Action No. 06-495-SLR

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff QuinStreet, Inc. ("QuinStreet") for its amended complaint against Defendant epicRealm Licensing, LP ("epicRealm"), alleges as follows:

## THE PARTIES

1.     Plaintiff QuinStreet, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business located at Foster City, California 94404.

2.     Defendant epicRealm is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 558 S. Central Expressway, Richardson, Texas 75080-6126.

## JURISDICTION AND VENUE

3.     This is a complaint for declaratory relief under the patent laws of the United States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

4.     This Court has personal jurisdiction over epicRealm by virtue of its organization under the laws of the State of Delaware.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**THE EPICREALM PATENTS**

6.      U.S. Patent No. 5,894,554 (the "'554 patent") issued on April 13, 1999 and is entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests."

7.      U.S. Patent No. 6,415,335 (the "'335 patent") issued on July 2, 2002 from a division of U.S. Patent Application No. 08/636,477, now the '554 patent, and is entitled "System and Method for Managing Dynamic Web Page Generation Requests."

8.      epicRealm asserts that it is the owner and assignee of the '554 and '335 patents (the "epicRealm patents") and has the right to enforce the epicRealm patents against QuinStreet. Copies of the epicRealm patents are attached hereto as Exhibits A and B.

**EPICREALM'S PATENT INFRINGEMENT LAWSUITS**

9.      On April 15, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendant Speedera Networks, Inc. of infringing the epicRealm patents "by making and using network infrastructures that manage dynamic Web page generation requests that infringe one or more of the claims set forth in the epicRealm patents". That action was assigned Civil Action No. 2:05-CV-150DF (the "Speedera action") and was originally assigned to United States District Court Judge David Folsom. This case has been resolved by settlement.

10.     On May 2, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder

- 2 -

Network, Inc., Grande Communication Networks, Inc., IJL-NCP, LLC and Transplace Texas, LP of infringing the epicRealm patents. That action was assigned Civil Action No. 2:05-CV-163 (the "'163 action") and was originally assigned to United States District Court Judge T. John Ward. On June 10, 2005, epicRealm filed a First Amended Complaint in the '163 action.

11.    On August 5, 2005, epicRealm filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendants Franklin Covey Co., Clark Consulting, Inc., The Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents. That action was assigned Civil Action Number 2:05-CV-356 (the "'356 action") and was originally assigned to United States District Court Judge T. John Ward. On November 2, 2005, epicRealm filed a First Amended Complaint in the '356 action.

12.    On November 2, 2005, Judge Ward consolidated the '163 and '356 actions (the "Consolidated epicRealm Actions").

13.    On November 9, 2005 and November 16, 2005 the Consolidated epicRealm Actions were reassigned to United States District Judge David Folsom.

14.    On January 27, 2006, epicRealm filed a Second Amended Complaint in the Consolidated epicRealm Actions accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder Network, Inc., Grande Communications Networks, Inc., Transplace Texas, LP, Franklin Covey Co., Clark Consulting, Inc., Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents.

15.    On April 13, 2007 epicRealm filed its Answer and Counterclaim alleging patent infringement in this action in the District Court for the District of Delaware Civil Action No. 06-495-SLR (the "Counterclaim") assigned to United States District Court Judge Sue L. Robinson

- 3-

accusing defendant Quinstreet, Inc. of infringing the epicRealm patents.

## EPICREALM'S PATENT INFRINGEMENT ACCUSATIONS
## AND QUINSTREET'S REASONABLE APPREHENSION OF SUIT

16.    In its Second Amended Complaint and the Counterclaim, epicRealm alleges that the named defendants infringe the epicRealm patents because they use systems and methods for managing requests for dynamic web pages falling within the claims of its patents.

17.    QuinStreet operates systems for responding to requests for static and dynamic web pages and maintains hosting platforms for customers. QuinStreet has entered into web site hosting agreements with many customers.

18.    Herbalife International of America, Inc. ("Herbalife"), a defendant in the '356 action, is one such customer of QuinStreet.

19.    Herbalife has asserted that its agreement with QuinStreet entitles it to a defense and indemnification from QuinStreet if it is accused of infringing a third party's intellectual property rights, and Herbalife has demanded that QuinStreet agree to defend and indemnify Herbalife from any and all claims asserted by epicRealm.

20.    In the '356 action epicRealm contends that its patents must be broadly construed to cover virtually all systems and methods wherein dynamic web page requests are intercepted at a web server or other HTTP-compliant device and transferred to page server software capable of processing dynamic web pages. According to epicRealm, "[w]eb servers, caching servers, and layer-7 switches are types of HTTP-compliant devices. Web requests are initially evaluated by the HTTP-compliant device. The requests for dynamic content ... are transferred to the page server(s) (or application server, servlet container or software, etc) such as Tomcat, J-Boss, and/or Resin for processing." Per epicRealm, any system and method incorporating these or similar elements, along with releasing of the HTTP-compliant device to concurrently process other

-4-

requests, violates its patents.

21.    In correspondence to Clark Consulting Inc. ("Clark"), a defendant in the '356 action, epicRealm confirmed this position and advised that its contentions of patent infringement were not confined to any particular web site software or architecture, and asserted that other systems or methods employing server software "could, if used to generate web pages with dynamic content, be configured in a way that would infringe the claims of the epicRealm patents." The January 25, 2006 letter from epicRealm to Clark (the "epicRealm Letter") is attached hereto as Exhibit C.

22.    QuinStreet employs several systems and methods for dynamic web page generation wherein dynamic web page requests are transferred from a web server to other server software for processing that would fall within the ambit of the claims of epicRealm's patents as those are interpreted by epicRealm. In the '356 action epicRealm is requiring Herbalife to provide discovery disclosures to epicRealm regarding QuinStreet's use of its server software for generating web pages.

23.    One of QuinStreet's customers which is not a party to any litigation brought by epicRealm has informed QuinStreet that in view of the '356 action, it is canceling its contract with QuinStreet pursuant to which QuinStreet provides it dynamic web page generating services.

24.    epicRealm's patent infringement allegations in the Speedera action and in the Consolidated epicRealm Actions against Herbalife and others, its very broad interpretation of the reach of its patents' claims as exemplified in its infringement contentions and the epicRealm Letter, and epicRealm's demand for discovery of QuinStreet information from Herbalife caused QuinStreet to have a reasonable apprehension that (1) epicRealm will accuse QuinStreet, QuinStreet's products and/or QuinStreet's customers of infringing one or more claims of the

epicRealm patents, and/or (2) additional QuinStreet customers will seek from or sue QuinStreet for indemnity as a result of epicRealm's patent infringement claims; and/or (3) additional QuinStreet customers will seek to terminate their contracts with QuinStreet in view of the '356, the '163, and the Speedera actions or other subsequent claims by epicRealm that systems similar to those hosted by QuinStreet infringe epicRealm's patents.  Following the institution of this action, QuinStreet's reasonable apprehensions were realized by virtue of the filing of the Counterclaim by epicRealm.

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the epicRealm Patents)**

25.    QuinStreet incorporates by reference Paragraphs 1 through 23 above.

26.    By virtue of epicRealm's patent infringement allegations in the Speedera action and in the Consolidated epicRealm Actions against Herbalife and others, the epicRealm Letter, epicRealm's demand for discovery of QuinStreet information from Herbalife, and the actual loss of business by QuinStreet due to a customer's patent infringement concerns, the reasonable apprehension of additional such losses and the filing of the Counterclaim, an actual controversy exists between QuinStreet and epicRealm as to whether QuinStreet, QuinStreet's products and/or one or more QuinStreet customers infringe the epicRealm patents.

27.    QuinStreet has not infringed and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents.

28.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to QuinStreet's noninfringement of the epicRealm patents as alleged by epicRealm in the Counterclaim is necessary and appropriate under the circumstances.

- 6 -

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the epicRealm Patents)

29.    QuinStreet incorporates by reference Paragraphs 1 through 27 above.

30.    By virtue of epicRealm's patent infringement allegations in the Speedera action and in the Consolidated epicRealm Actions against Herbalife and others, the epicRealm Letter, epicRealm's demand for discovery of QuinStreet information from Herbalife, the actual loss of business by QuinStreet due to a customer's patent infringement concerns, the reasonable apprehension of additional such losses and the filing of the Counterclaim, an actual controversy exists between QuinStreet and epicRealm as to the validity of the epicRealm patents.

31.    Each claim of the epicRealm patents is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

32.    Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the validity of the epicRealm patents is necessary and appropriate under the circumstances.

## PRAYER

WHEREFORE, QuinStreet requests entry of judgment in its favor and against epicRealm as follows:

a.    Declaring that QuinStreet and its software products accused in the Counterclaim that are used in conjunction with the delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents;

b.    Declaring that the claims of the epicRealm patents are invalid;

c.    Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to QuinStreet; and

RLF1-3201986-1

d.    Awarding QuinStreet such other costs and further relief as the Court deems just and proper.

OF COUNSEL:

Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California  94111
415.693.2000

Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King  Street
Wilmington, Delaware  19899-0551
302-651-7700

Attorneys for Plaintiff QUINSTREET, INC.

- 8-

# EXHIBIT C

Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

Plaintiff,

v.

Civil Action No. 06-495-SLR

QUINSTREET, INC.,

                    Plaintiff,                          )
                                                        )
                                                        )        Civil Action No.
                                                        )
        v.                                              )
                                                        )
EPICREALM LICENSING, LP,                                )
                                                        )
                    Defendant.                          )
                                                        )

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff QuinStreet, Inc. ("QuinStreet") for its amended complaint against Defendant epicRealm Licensing, LP ("epicRealm"), alleges as follows:

### THE PARTIES

1.     Plaintiff QuinStreet, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business located at Foster City, California 94404.

2.     Defendant epicRealm is a limited partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 558 S. Central Expressway, Richardson, Texas 75080-6126.

### JURISDICTION AND VENUE

3.     This is a complaint for declaratory relief under the patent laws of the United

States. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

4.    This Court has personal jurisdiction over epicRealm by virtue of its organization under the laws of the State of Delaware.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE EPICREALM PATENTS

6.    U.S. Patent No. 5,894,554 (the "'554 patent") issued on April 13, 1999 and is entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server Thereby Releasing Web Server to Process Other Requests."

7.    U.S. Patent No. 6,415,335 (the "'335 patent") issued on July 2, 2002 from a division of U.S. Patent Application No. 08/636,477, now the '554 patent, and is entitled "System and Method for Managing Dynamic Web Page Generation Requests."

8.    epicRealm asserts that it is the owner and assignee of the '554 and '335 patents (the "epicRealm patents") and has the right to enforce the epicRealm patents against QuinStreet. Copies of the epicRealm patents are attached hereto as Exhibits A and B.

## EPICREALM'S PATENT INFRINGEMENT LAWSUITS

9.    On April 15, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a patent infringement complaint in the District Court for the Eastern District of Texas (Marshall Division) accusing defendant Speedera Networks, Inc. of infringing the epicRealm patents "by making and using network infrastructures that manage dynamic Web page generation requests that infringe one or more of the claims set forth in the epicRealm patents". That action was

assigned Civil Action No. 2:05-CV-150DF (the "Speedera action") and was originally assigned

to United States District Court Judge David Folsom. This case has been resolved by settlement.

10.    On May 2, 2005, epicRealm, then known as epicRealm Licensing, LLC, filed a

patent infringement complaint in the District Court for the Eastern District of Texas (Marshall

Division) accusing defendants Autoflex Leasing, Inc., eHarmony.com, Inc., Friendfinder

Network, Inc., Grande Communication Networks, Inc., IJL-NCP, LLC and Transplace Texas, LP

of infringing the epicRealm patents. That action was assigned Civil Action No. 2:05-CV-163

(the "'163 action") and was originally assigned to United States District Court Judge T. John

Ward. On June 10, 2005, epicRealm filed a First Amended Complaint in the '163 action.

11.    On August 5, 2005, epicRealm filed a patent infringement complaint in the

District Court for the Eastern District of Texas (Marshall Division) accusing defendants Franklin

Covey Co., Clark Consulting, Inc., The Macerich Company, Safelite Group, Inc., Herbalife

International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents. That

action was assigned Civil Action Number 2:05-CV-356 (the "'356 action") and was originally

assigned to United States District Court Judge T. John Ward. On November 2, 2005, epicRealm

filed a First Amended Complaint in the '356 action.

12.    On November 2, 2005, Judge Ward consolidated the '163 and '356 actions (the

"Consolidated epicRealm Actions").

13.    On November 9, 2005 and November 16, 2005 the Consolidated epicRealm

Actions were reassigned to United States District Judge David Folsom.

14.    On January 27, 2006, epicRealm filed a Second Amended Complaint in the

Consolidated epicRealm Actions accusing defendants Autoflex Leasing, Inc., eHarmony.com,

Inc., Friendfinder Network, Inc., Grande Communications Networks, Inc., Transplace Texas, LP,

Franklin Covey Co , Clark Consulting, Inc., Macerich Company, Safelite Group, Inc., Herbalife International of America, Inc. and Pink Sheets, LLC of infringing the epicRealm patents.

15.    On April 13, 2007 epicRealm filed its Answer and Counterclaim alleging patent infringement in this action in the District Court for the District of Delaware Civil Action No. 06-495-SLR (the "Counterclaim") assigned to United States District Court Judge Sue L. Robinson accusing defendant Quinstreet, Inc. of infringing the epicRealm patents.

### EPICREALM'S PATENT INFRINGEMENT ACCUSATIONS
### AND QUINSTREET'S REASONABLE APPREHENSION OF SUIT

16.    15. In its Second Amended Complaint and the Counterclaim, epicRealm alleges that the named defendants infringe the epicRealm patents because they use systems and methods for managing requests for dynamic web pages falling within the claims of its patents.

17.    16. QuinStreet operates systems for responding to requests for static and dynamic web pages and maintains hosting platforms for customers. QuinStreet has entered into web site hosting agreements with many customers.

18.    17. Herbalife International of America, Inc. ("Herbalife"), a defendant in the '356 action, is one such customer of QuinStreet.

19.    18. Herbalife has asserted that its agreement with QuinStreet entitles it to a defense and indemnification from QuinStreet if it is accused of infringing a third party's intellectual property rights, and Herbalife has demanded that QuinStreet agree to defend and indemnify Herbalife from any and all claims asserted by epicRealm.

20.    19. In the '356 action epicRealm contends that its patents must be broadly construed to cover virtually all systems and methods wherein dynamic web page requests are intercepted at a web server or other HTTP-compliant device and transferred to page server software capable of processing dynamic web pages. According to epicRealm, "[w]eb servers,

caching servers, and layer-7 switches are types of HTTP-compliant devices. Web requests are initially evaluated by the HTTP-compliant device. The requests for dynamic content … are transferred to the page server(s) (or application server, servlet container or software, etc) such as Tomcat, J-Boss, and/or Resin for processing." Per epicRealm, any system and method incorporating these or similar elements, along with releasing of the HTTP-compliant device to concurrently process other requests, violates its patents.

21.    20. In correspondence to Clark Consulting Inc. ("Clark"), a defendant in the '356 action, epicRealm confirmed this position and advised that its contentions of patent infringement were not confined to any particular web site software or architecture, and asserted that other systems or methods employing server software "could, if used to generate web pages with dynamic content, be configured in a way that would infringe the claims of the epicRealm patents." The January 25, 2006 letter from epicRealm to Clark (the "epicRealm Letter") is attached hereto as Exhibit C.

22.    21. QuinStreet employs several systems and methods for dynamic web page generation wherein dynamic web page requests are transferred from a web server to other server software for processing that would fall within the ambit of the claims of epicRealm's patents as those are interpreted by epicRealm. In the '356 action epicRealm is requiring Herbalife to provide discovery disclosures to epicRealm regarding QuinStreet's use of its server software for generating web pages.

23.    22. One of QuinStreet's customers which is not a party to any litigation brought by epicRealm has informed QuinStreet that in view of the '356 action, it is canceling its contract with QuinStreet pursuant to which QuinStreet provides it dynamic web page generating services.

24.    23. epicRealm's patent infringement allegations in the Speedera action and in the

Consolidated epicRealm Actions against Herbalife and others, its very broad interpretation of the reach of its patents' claims as exemplified in its infringement contentions and the epicRealm Letter, and epicRealm's demand for discovery of QuinStreet information from Herbalife ~~cause~~caused QuinStreet to have a reasonable apprehension that (1) epicRealm will accuse QuinStreet, QuinStreet's products and/or QuinStreet's customers of infringing one or more claims of the epicRealm patents, and/or (2) additional QuinStreet customers will seek from or sue QuinStreet for indemnity as a result of epicRealm's patent infringement claims; and/or (3) additional QuinStreet customers will seek to terminate their contracts with QuinStreet in view of the '356, the '163, and the Speedera actions or other subsequent claims by epicRealm that systems similar to those hosted by QuinStreet infringe epicRealm's patents. Following the institution of this action, QuinStreet's reasonable apprehensions were realized by virtue of the filing of the Counterclaim by epicRealm.

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Noninfringement of the epicRealm Patents)**

25.    ~~24.~~ QuinStreet incorporates by reference Paragraphs 1 through 23 above.

26.    ~~25.~~ By virtue of epicRealm's patent infringement allegations in the Speedera action and in the Consolidated epicRealm Actions against Herbalife and others, the epicRealm Letter, epicRealm's demand for discovery of QuinStreet information from Herbalife, and the actual loss of business by QuinStreet due to a customer's patent infringement concerns ~~and~~, the reasonable apprehension of additional such losses and the filing of the Counterclaim, an actual controversy exists between QuinStreet and epicRealm as to whether QuinStreet, QuinStreet's products and/or one or more QuinStreet customers infringe the epicRealm patents.

27.    ~~26.~~ QuinStreet has not infringed and does not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of

the epicRealm patents.

28. 27. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to QuinStreet's noninfringement of the epicRealm patents as alleged by epicRealm in the Counterclaim is necessary and appropriate under the circumstances.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Invalidity of the epicRealm Patents)**

29. 28. QuinStreet incorporates by reference Paragraphs 1 through 27 above.

30. 29. By virtue of epicRealm's patent infringement allegations in the Speedera action and in the Consolidated epicRealm Actions against Herbalife and others, the epicRealm Letter, epicRealm's demand for discovery of QuinStreet information from Herbalife, and the actual loss of business by QuinStreet due to a customer's patent infringement concerns and, the reasonable apprehension of additional such losses and the filing of the Counterclaim, an actual controversy exists between QuinStreet and epicRealm as to the validity of the epicRealm patents.

31. 30. Each claim of the epicRealm patents is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

32. 31. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the respective rights of the parties with respect to the validity of the epicRealm patents is necessary and appropriate under the circumstances.

**PRAYER**

WHEREFORE, QuinStreet requests entry of judgment in its favor and against epicRealm as follows:

    a.    Declaring that QuinStreet and its software products accused in the

- 7 - 7 -

Counterclaim that are used in conjunction with the delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents, either directly, indirectly or willfully, any valid and enforceable claim of the epicRealm patents;

                b.     Declaring that the claims of the epicRealm patents are invalid;

                c.     Decreeing this case an "exceptional case" within the meaning of 35 U.S.C. § 285 and awarding reasonable attorneys' fees to QuinStreet; and

                d.     Awarding QuinStreet such other costs and further relief as the Court deems just and proper.

 

Robert H. Richards, III (#706)
rrichards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

Attorneys for Plaintiff QUINSTREET, INC.

OF COUNSEL:

Robert S. Beiser
~~Richard A. Zachar~~
Ludwig E. Kolman
~~David L. Doyle~~
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

~~Robert H. Richards, III (#706)~~
~~rrichards@rlf.com~~
~~Jeffrey L. Moyer (#3309)~~
~~moyer@rlf.com~~
~~Anne Shea Gaza (#4093)~~
~~gaza@rlf.com~~
~~Richards, Layton & Finger~~
~~One Rodney Square~~
~~920 N. King Street~~
~~Wilmington, Delaware 19899-0551~~
~~302-651-7700~~

and                                                       ~~Attorneys for Plaintiff QuinStreet, Inc.~~

~~Gordon C. Atkinson~~
~~Cooley Godward LLP~~
~~101 California Street, 5th Flr.~~
~~San Francisco, California  94111~~
~~415.693.2000~~

~~Dated:  August 8, 2006~~
<u>Gordon C. Atkinson</u>
<u>Cooley Godward LLP</u>
<u>101 California Street, 5th Flr.</u>
<u>San Francisco, California  94111</u>
<u>415.693.2000</u>