IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>EPICREALM LICENSING, LP,<br><br>       Defendant. | Civil Action No. 06-495-SLR |

**PLAINTIFF QUINSTREET'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Comes now Plaintiff Quinstreet, Inc. ("Quinstreet") by its attorneys and files its Reply in further support of its Motion For Leave to File Amended Complaint and states as follows:

1. Subsequent to filing its motion Quinstreet was requested by Defendant to agree to substitute a new party Parallel Networks, LLC ("Parallel Networks") for the Defendant epicRealm named in the Amended Complaint.

2. In considering Defendant's request, Quinstreet sent counsel for epicRealm the letter attached as Exhibit A hereto seeking answers to two questions and suggesting Quinstreet might be willing to add Parallel Networks as a Defendant rather than substituting it as the only Defendant.

3. Despite request, Defendants have failed to respond to the question of whether the Parallel Networks transaction will be used as a basis for seeking change of jurisdiction or venue and have failed to confirm that the Parallel Networks transaction would not be used as a basis for objecting to responding to discovery generally regarding epicRealm or any of its current or former employees. By its Opposition to Quinstreet's motion it does not appear that epicRealm will agree voluntarily to have Parallel Networks added as an additional Defendant in lieu of substitution.

RLF1-3211089-1

4.     Plaintiff Quinstreet respectfully suggests that Parallel Networks does not have a right to require that it be substituted as the only party defendant merely because of the transaction of which it has only recently apprised Quinstreet and the Court.

5.     Moreover, epicRealm did not merge with or otherwise combine with Parallel Networks. Thus, it appears that epicRealm remains as an existing entity properly subject to suit in Delaware. EpicRealm's purported assignment of rights to Parallel Networks does not relieve it of all responsibilities as the assignor of its patent rights nor does it automatically serve as a release of all claims or assertions it previously made as to Quinstreet.

6.     Plaintiff Quinstreet respectfully suggests that Parallel Networks should not be permitted to unilaterally decide the party defendant or force substitution of parties when epicRealm still exists as an entity, merely because of an alleged assignment. Quinstreet should not bear the risk that epicRealm may later challenge the assignment, the consideration given by Parallel Networks or the transaction under which Parallel Networks now seeks substitution.

7.     Now that Quinstreet is on notice of Parallel Networks existence and claim of right, Quinstreet will shortly file a Revised Motion For leave to File An Amended Complaint naming Parallel Networks as an additional Defendant.

8.     Quinstreet respectfully requests this Court withhold ruling until Quinstreet files a revised Amended Complaint naming Parallel Networks as an additional defendant and further that the court grant the motion as revised.

*Anne Shea Gaza*
Robert H. Richards, III (#706)
rrichards@rfl.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

Attorneys for Plaintiff QUINSTREET, INC.

OF COUNSEL:

Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312.609.7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415.693.2000

Dated: October 9, 2007

RLF1-3211089-1

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on October 9, 2007, I sent by Federal Express the foregoing document to the following non-registered participants:

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

                                                                                 /s/ Anne Shea Gaza
                                                                                 Anne Shea Gaza (#4093)