IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., <br><br>    Plaintiff/Counterclaim <br>    Defendant, <br><br> v. <br><br> PARALLEL NETWORKS, LLC, <br><br>    Defendant/Counterclaim <br>    Plaintiff. | C.A. No. 06-495-SLR |

## QUINSTREET, INC.'S SECOND AMENDED REPLY TO DEFENDANT PARALLEL NETWORKS, LLC'S RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM

Plaintiff QuinStreet, Inc. ("QuinStreet"), by its attorneys, for its Second Amended Reply to Defendant Parallel Networks, LLC's Response to Plaintiff's Amended Complaint for Declaratory Judgment and Counterclaim ("Answer"), states as follows:

### COUNTERCLAIM

35.     QuinStreet objects to Parallel Networks, LLC's ("Parallel Networks") "incorporation" of paragraphs 1-31 of its answer to QuinStreet's Amended Complaint as it violates Federal Rule of Civil Procedure 10(b), which requires that Parallel Networks' allegations in its counterclaim be set out in numbered paragraphs and that those paragraphs be limited to a statement of a single set of circumstances to which QuinStreet may respond. Without waiving these objections, to the extent that paragraphs 1-31 of Parallel Networks' Answer to QuinStreet's Amended Complaint affirmatively allege any fact, as opposed to merely admitting or denying QuinStreet's allegations, such allegations by Parallel Networks are denied insofar as they are inconsistent with or contrary to the allegations of QuinStreet's Amended Complaint.

36.   QuinStreet admits the allegations in Paragraph 36.

37.   QuinStreet admits the allegations in Paragraph 37.

38.   QuinStreet admits the allegations in Paragraph 38.

## PATENT INFRINGEMENT

39.   QuinStreet admits that Exhibits A and B to Parallel Networks' Amended Counterclaim are copies of United States Patent Nos. 5,894,544 and 6,415,335 issued on April 13, 1999 and July 2, 2002, respectively. QuinStreet states that each Patent speaks for itself and denies any allegation contrary thereto. QuinStreet further states that it is without information sufficient to admit or deny whether the patents are "Parallel Networks Patents" and refers to them herein as the epicRealm Patents.

40.   QuinStreet is without knowledge or information sufficient to determine whether Parallel Networks owns the epicRealm patents[1] but denies that the patents are valid and enforceable and, therefore, denies that Parallel Networks has the right to enforce them.

41.   QuinStreet denies the allegations in Paragraph 41.

42.   QuinStreet denies the allegations in Paragraph 42.

43.   QuinStreet denies the allegations in Paragraph 43.

44.   QuinStreet is without sufficient knowledge to admit or deny the truth of what Parallel Networks believes and, on that basis, denies the allegations contained in the first sentence of Paragraph 44; QuinStreet denies the remaining allegations in Paragraph 44.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

QuinStreet, without waiver, limitation, or prejudice, further answers the allegations in Parallel Networks' Amended Counterclaim by asserting the following affirmative defenses:

---

[1] Previously defined terms used herein shall have the definitions accorded to them in QuinStreet's Amended Complaint for Declaratory Judgment.

1.   QuinStreet hereby realleges and incorporates by reference the allegations set forth in the Amended Complaint in this action.

2.   Parallel Networks' Amended Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.

3.   QuinStreet has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the epicRealm Patents.

4.   On information and belief, each asserted claim of the epicRealm Patents is invalid and void for failure to comply with the conditions for patentability specified in Title 35 of the United States Code, including without limitation at least Section Nos. 101, 102, 103 and 112, and Parallel Networks' Amended Counterclaim for relief is thus barred in whole or in part.

5.   On information and belief, Parallel Networks and its predecessors in interest, as owners of the epicRealm Patents, failed to comply with the requirements of 35 U.S.C. § 287, and Parallel Networks is, therefore, precluded from seeking any recovery for alleged damages accruing prior to the filing of this action.

6.   On information and belief, the epicRealm patents are unenforceable because one or more of the epicRealm inventors, patentees and their attorneys engaged in inequitable conduct during the prosecution of the patents-in-suit in the United States Patent and Trademark Office (USPTO).

7.   Particularly, prior to September 1, 1995, Keith Lowery, a named inventor, researched and had knowledge of material prior art relating to Oracle web server products that had been described in publications, offered for sale, sold and made available to the public, prior to the conception and reduction to practice of the claimed inventions of the patents-in-suit.

8. Keith Lowery, the other named inventors, the patentee and the prosecuting attorneys of the patents-in-suit failed to submit the material prior art to the USPTO during the prosecution of the patents-in-suit in violation of 37 C.F.R. §1.56. This failure to disclose material prior art was intended to deceive the USPTO.

9. In addition, prior to the issuance of the patents-in-suit, the attorneys responsible for prosecuting the patents-in-suit, including Jim Salter and Sharmine Green of the law firm Blakely, Sokoloff, Taylor and Zafman, LLP had knowledge of additional material prior art, including but not limited to the prior art methods and apparatus described in U.S. Patent No. 5,761,673 issued to Oracle and the prior art references cited therein.

10. The prosecuting attorneys failed to submit the '673 patent and references cited therein to the USPTO during the prosecution of the patents-in-suit in violation of 37 C.F.R. §1.56. The failure to disclose material prior art was intended to deceive the USPTO.

11. Parallel Networks and its predecessors unreasonably delayed since 1999 and 2002 in enforcing the epicRealm Patents against businesses using systems and methods to manage dynamic Web page generation requests. Parallel Networks seeks, now, to assert these patents only after the accused systems and methods have become widely used in the field of Web site management and development. As such, Parallel Networks is now precluded from seeking any recovery for alleged damages accruing prior to the filing of this action and should be enjoined from enforcing the epicRealm Patents against QuinStreet by the doctrine of laches.

12. On information and belief, Parallel Networks' Amended Counterclaim for relief and prayer for damages are barred, in whole or in part, by the equitable doctrines of waiver and estoppel.

13. Parallel Networks' claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

14. Parallel Networks' Amended Counterclaim for relief and prayer for damages are limited by 35 U.S.C. § 288.

15. By reason of the proceedings in the USPTO during the prosecution of the applications that resulted in the issuance of the epicRealm Patents, the admissions or representations made by or on behalf of the applicants for such patents to the USPTO, and/or the admissions or representations made by or on behalf of Parallel Networks or its predecessors in this or any other litigation, Parallel Networks is estopped from arguing certain claim constructions and/or claiming infringement of the epicRealm Patents.

16. QuinStreet has acted in good faith and without malice and did not and does not directly infringe, induce infringement by others or contribute to infringement by others of any valid and enforceable claim of the epicRealm Patents. QuinStreet hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and hereby reserves the right to amend this Reply and serve such other and further defenses or affirmative defenses and to otherwise supplement the foregoing additional defenses.

**QUINSTREET'S PRAYER FOR RELIEF RESPECTING COUNTERCLAIM**

WHEREFORE, QuinStreet requests that the Court enter an Order and Judgment:

A. Dismissing Parallel Networks' Amended Counterclaim with prejudice;

B. Declaring the '544 and '335 patents invalid, not infringed and unenforceable;

C. Awarding to QuinStreet its costs, attorneys' fees, and expenses incurred in defending against Defendant's Amended Counterclaim; and

D.  Awarding QuinStreet such other and further relief as the Court deems just and equitable.

OF COUNSEL:

Robert S. Beiser
David L Doyle
Ludwig E. Kolman
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Suite 2500
Chicago, Illinois 60601
312-609-7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000

Dated: January 10, 2008

/s/ Anne Shea Gaza
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

*Attorneys for Plaintiff/Counterclaim Defendant QuinStreet, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on January 10, 2008, I sent by Federal Express the foregoing document to the following non-registered participants:

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

*Anne Shea Gaza*
Anne Shea Gaza (#4093)