IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., <br><br>      Plaintiff/Counterclaim Defendant, <br><br>v. <br><br>PARALLEL NETWORKS, LLC, <br><br>      Defendant/Counterclaim Plaintiff. | C.A. No. 06-495-SLR |

### NOTICE OF RULE 30(b)(6) DEPOSITION OF EPICREALM LICENSING, LP

TO:   Richard L. Horwitz                  Harry J. Roper
        David E. Moore                   Jenner & Block
        Potter Anderson & Corroon LLP   330 N. Wabash Avenue
        1313 N. Market Street            Chicago, IL 60611-7603
        Hercules Plaza, 6th Floor
        P.O. Box 951
        Wilmington, DE 19899

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff and Counterdefendant QuinStreet, Inc. ("QuinStreet"), by and through its attorneys, will take the deposition upon oral examination of Defendant and Counterclaimant epicRealm Licensing, LP ("epicRealm") beginning on January 29, 2008 at 9:30 a.m. at the Alpha Reporting Service, located at 7920 Beltline Road, Suite 500, Dallas, Texas 75254; Tel: (214) 321-5599, or at such other time and place as the parties may agree. This notice is complementary to and joins in the 30(b)(6) notice previously served by Oracle Corporation and Oracle U.S.A., Inc. for the same date. The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. Pursuant to Fed. R. Civ. P. 30(b)(2), the testimony

shall be recorded by stenographic, sound, and video means, including the use of interactive real time transcription (e.g., LiveNote).

Pursuant to Fed. R. Civ. P. 30(b)(6), epicRealm shall designate one or more officers, directors, managing agents, or other representative(s) who consent to testify on its behalf, to testify to matters known or reasonably available to epicRealm regarding the topics listed herein. To the extent more than one deponent is identified, epicRealm shall state in advance of the deposition which portion(s) of this Notice each deponent is prepared to address.

You are invited to attend and cross-examine.

## DEFINITIONS

1. The "patents-in-suit" refer to U.S. Patent Nos. 5,844,554 and 6,415,335, together with any divisionals and counterparts thereof, the applications from which the patents issued, and all related U.S. and foreign applications.

2. The terms "documents" or "documents" is used in its customarily broad sense within the context of the Federal Rules of Civil Procedure and includes all documents as defined in Fed. R. Civ. P. 34, including any electronically stored information.

3. "epicRealm," "you" and "your" mean epicRealm Licensing, LP, defendant and counterclaimant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of epicRealm.

4. "Oracle" means Oracle Corporation and Oracle U.S.A. Inc., plaintiffs and counterdefendants in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates,

agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Oracle.

5.  "Quinstreet" means Quinstreet Inc., plaintiff and counterdefendant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Quinstreet.

6.  "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such person.

## DEPOSITION TOPICS

In accordance with Fed. R. Civ. P. 30(b)(6), Oracle identifies the following matters for examination:

1.  The business, organization, corporate structure, management, and ownership of epicRealm and any predecessor or successor-in-interest to epicRealm, including but not limited to Parallel Networks, LLC.

2.  The acquisition, assignment or transfer of any assets, including the patents-in-suit, by or from epicRealm and any predecessor or successor-in-interest to epicRealm, including but not limited to Parallel Networks, LLC.

3.  Identification of any products or technology that embody the claimed invention(s) of the patents-in-suit, including the design, structure, operation and functionality of any such products or technology.

4. Marketing, advertising, sale and licensing of any products or technology that embody the claimed invention(s) of the patents-in-suit.

5. Licensing of the patent-in-suit, including any and all licenses, offers to license, monetary valuations, settlements, offers to settle, or any other oral or written negotiations or agreements concerning the patents-in-suit, and any royalties or other consideration derived therefrom.

6. Enforcement of the patents-in-suit, including identification of any alleged acts of infringement and any past, pending, or anticipated litigation involving the patents-in-suit.

7. The actual or required marking of any products that embody the claimed invention(s) of, and/or are licensed under, the patents-in-suit, including identification of all such products and any efforts made by you to enforce any such marking requirements.

8. Your first knowledge of Oracle's alleged infringement of the patents-in-suit.

9. The location, collection and production of documents by you in this action, including any document retention and/or destruction practices and policies of epicRealm and identification of all persons who have knowledge relevant to this topic.

10. Your first knowledge of QuinStreet, Inc.'s alleged infringement of the patent in suit.

11. All steps taken by or on behalf of epicRealm in response to discovery requests from QuinStreet.

12. The process undertaken by epicRealm to identify, review and produce documents to QuinStreet, including, for example, who was involved in the process, where were searches performed, whose documents were searched, what files were searched, keyword searches of

electronic documents, computers searched, and how the documents were reviewed for attorney-client privilege, work product and/or confidentiality.

13. Identities of all current and former personnel, counsel or vendors involved in the processing of any epicRealm documents for production to QuinStreet, including, for example, those persons who labeled the documents, reviewed them for confidentiality, privilege, and/or work product, and/or determined the manner in which they were produced to Quinstreet.

14. epicRealm's electronic records management policies and procedures.

15. epicRealm's corporate procedures for complying with discovery requests, including, for example, the procedures for preserving relevant documents.

16. Identities of all current and former personnel of epicRealm who are or were responsible, from 1995-to the present, for the ongoing operation, maintenance, expansion, upkeep, backup, and archiving of the networks, and for administering the electronic mail systems.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Robert S. Beiser<br>David L. Doyle<br>Robert S. Rigg<br>Ludwig E. Kolman<br>Vedder Price P.C.<br>222 North LaSalle Street<br>Suite 2500<br>Chicago, Illinois 60601<br>312-609-7500<br><br>and<br><br>Gordon C. Atkinson<br>Cooley Godward LLP<br>101 California Street, 5th Flr.<br>San Francisco, California 94111<br>415-693-2000<br><br>Dated: January 14, 2008 | /s/ Anne Shea Gaza<br>Jeffrey L. Moyer (#3309)<br>moyer@rlf.com<br>Anne Shea Gaza (#4093)<br>gaza@rlf.com<br>Richards, Layton & Finger<br>One Rodney Square<br>920 N. King Street<br>Wilmington, Delaware 19899-0551<br>302-651-7700<br><br>*Attorneys for Plaintiff/Counterclaim Defendant QuinStreet, Inc.* |

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on January 14, 2008, I sent by Federal Express the foregoing document to the following non-registered participants:

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)