IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | C.A. No. 06-495-SLR |
| ) | |
| v. ) | |
| ) | |
| PARALLEL NETWORKS, LLC, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

### NOTICE OF RULE 30(b)(6) DEPOSITION
### OF QUINSTREET, INC. (TOPIC NOS. 20-32)

PLEASE TAKE NOTICE that on February 8, 2008 at 9:00 a.m. at the offices of Jenner & Block LLP, 330 North Wabash Avenue, Chicago, Illinois 60611, or at such other time and place as agreed by the parties, Defendant and Counterclaim Plaintiff Parallel Networks, LLC, pursuant to Fed. R. Civ. P. 26 and 30, shall take the deposition upon oral examination of Plaintiff and Counterclaim Defendant Quinstreet, Inc. ("Quinstreet"). The deposition will continue from day to day until completed and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition will be recorded by stenographic, sound and video means.

Pursuant to Fed. R. Civ. P. 30(b)(6), Quinstreet shall designate one or more officers, directors, managing agents or other representatives who consent to testify on its behalf, to testify to matters known or reasonably available to Quinstreet regarding the topics listed herein. To the extent more than one deponent is identified, Quinstreet shall state in advance of the deposition which portions of this notice each deponent is prepared to address.

## Rule 30(b)(6) Deposition Topics

In accordance with Fed. R. Civ. P. 30(b)(6), epicRealm identifies the following matters for examination:

20. The facts, documents, testimony and other information regarding Quinstreet's sale, marketing, and licensing of products and services that use the Accused Products, including the facts, discussion, and analysis in marketing and sales reports, marketing and sales presentations, marketing and sales brochures, pamplets, and other forms of marketing handouts to customers, and competitive analysis.

21. Income, profit, loss, costs, expenditures, capital spending, and margins attributable to the design, manufacture, use, sale, or offer for sale of products and services that use the Accused Products including how Quinstreet determines profits, losses, costs, and margins, fees paid by customers for purchase and/or use of the Accused Products.

22. Quinstreet's sales and licensing practices regarding the sale and licensing of the products and services that use the Accused Products to third parties, including the facts regarding the negotiation, entering into, and renewal of sales and licensing agreements with customers.

23. Products and services that Quinstreet sells in connection with sales and/or licensing of products and services that use Accused Products.

24. The pricing strategy for Quinstreet's products and services that use the Accused Products including how Quinstreet determines how to charge customers for the purchase and/or use of products and services that use the Accused Products, the pricing of the products and services that use Accused Products, maintenance fees for usage of the products and services that use Accused Products, and charges for upgrades.

25. The market, including studies, analyses and forecasts of the market, in which the products and services that use Accused Products are sold along with identification of competing products and services and comparison of the products and services that use Accused Products with competitive products and services.

26. The scope, value, and negotiation of license for third party technology that Quinstreet has obtained (or attempted to obtain) to make, use, sell, and/or offer for sale products and services that use the Accused Products.

27. Forecasts and/or projections of sales, profits, and/or margins for any of the products and services that use the Accused Products, including historical forecasts and projections.

28. The facts, documents, testimony and other information surrounding whether Quinstreet has tried to design, or considered designing, around the patents-in-suit.

29. The facts, documents, testimony and other information regarding any attempt by Quinstreet to value the patents-in-suit.

30. The method in which the products and services that use Accused Products are manufactured, offered for sale, and sold, including the facts and discussion in Quinstreet's responses to Interrogatory No. 6, where the products and services that use Accused Products are manufactured or implements, the means by which Quinstreet delivers (*e.g.*, DVD, CD, online delivery) the products and services that use the Accused Products to customers.

31. The services Quinstreet provides to customers to assist the customer with the installation, configuration, use, and maintenance of the products and services that use the Accused Products.

32. The value of components of the products and services that use the Accused Products to Quinstreet's customers, including customer communications to Quinstreet regarding the importance of the products and services that use the Accused Products and Quinstreet's own consideration of the importance of particular components of the Accused Products to Quinstreet's customers.

For purposes of Topic Nos. 20-32, "Quinstreet" means Quinstreet, Inc., Plaintiff and Counterclaim Defendant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Quinstreet. "Accused Products" means all platforms operated by QuinStreet for producing dynamic web pages that use Apache software, including the three

platforms identified by QuinStreet that are at issue in this litigation, namely, Apache Standalone, Apache/Tomkat(JBoss) and Apache/Weblogic.

You are invited to attend and exercise your rights under the Federal Rules of Civil Procedure.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Harry J. Roper<br>George S. Bosy<br>Aaron A. Barlow<br>Patrick L. Patras<br>David R. Bennett<br>Paul D. Margolis<br>Benjamin J. Bradford<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL  60611-7603<br>Tel:  (312) 923-8305<br><br>Dated:  January 28, 2008<br>844969 / 31393 / QuinStreet | By: /s/ David E. Moore<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE  19899<br>   Tel:  (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaim*<br>*Plaintiff Parallel Networks, LLC* |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on January 28, 2008, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

I further certify that on January 28, 2008, I have Electronically Mailed the document to the following person(s):

| | |
|---|---|
| Jeffrey L. Moyer | Robert S. Beiser |
| Anne Shea Gaza | David Doyle |
| Richards, Layton & Finger | Ludwig E. Kolman |
| One Rodney Square | Robert S. Rigg |
| 920 N. King Street | Vedder, Price, Kaufman & Kammholz, P.C. |
| Wilmington, DE 19899 | 222 North LaSalle Street, Suite 2500 |
| rbeiser@vedderprice.com | Chicago, IL 60601 |
| rzachar@vedderprice.com | rbeiser@vedderprice.com |
| lkolman@vedderprice.com | ddoyle@vedderprice.com |
| | lkolman@vedderprice.com |
| | rrigg@vedderprice.com |

788478 / 31393 / QuinStreet

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com