## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,                           )
                                            )
    Plaintiff/Counterclaim Defendant,   )
                                            )   C.A. No. 06-495-SLR
    v.                                  )
                                            )
PARALLEL NETWORKS, LLC,                     )
                                            )
    Defendant/Counterclaim Plaintiff.   )

## DEFENDANT PARALLEL NETWORKS' MEMORANDUM IN SUPPORT OF ITS
## MOTION TO STRIKE PLAINTIFF'S INEQUITABLE CONDUCT CHARGE

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: January 30, 2008
8845686 / 31393

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff Parallel Networks, LLC*

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS .........................................2

III.    SUMMARY OF THE ARGUMENT ...............................................................2

IV.     STATEMENT OF FACTS ................................................................................4

V.      ARGUMENT ......................................................................................................5

        A.    Legal Standards............................................................................................5

              1.    Rule 15(a)(2) Does Not Permit Amendment Without The
                    Opposing Party's Written Consent Or Leave Of Court. ..............................6

              2.    An Inequitable Conduct Charge Must Be Pled With Particularity
                    Under Rule 9(b) To Avoid Being Stricken Under Rule 12(f). ....................6

              3.    Rule 15(a)(2) Does Not Permit Amendment Where The
                    Amendment Would Unduly Prejudice The Opposing Party.......................7

              4.    Rule 15(a)(2) Also Does Not Permit Amendment Where The
                    Amendment Would Be Futile. ..................................................................8

        B.    Parallel Networks' Motion To Strike QuinStreet's Inequitable Conduct
              Charge Should Be Granted Because The Charge Is Procedurally Improper,
              Violates Rule 9(b), Unduly Prejudices Parallel Networks And Is Futile. ..............8

              1.    QuinStreet's Inequitable Conduct Charge Should Be Stricken
                    Because QuinStreet Improperly Amended Its Pleadings Without
                    Parallel Networks' Consent Or The Court's Leave. ...................................9

              2.    QuinStreet's Inequitable Conduct Charge Violates Rule 9(b)...................10

              3.    QuinStreet's Inequitable Conduct Charge Unduly Prejudices
                    Parallel Networks...................................................................................12

              4.    QuinStreet's Inequitable Conduct Charge Should Be Stricken As
                    Futile Because The Only Named "Withheld" Reference Was
                    Before The Examiner And Cannot Form The Basis For An
                    Inequitable Conduct Finding...................................................................13

              5.    QuinStreet Should Not Be Granted An Opportunity To Replead.............14

CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

## Cases

*Burlington Indus., Inc. v. Dayco Corp.*,
849 F.2d 1418 (Fed. Cir. 1988) ...................................................... 12

*Chiron Corp. v. Abbott Labs.*,
156 F.R.D. 219 (N.D. Cal. 1994) ............................................ 10, 11, 12

*Cornell & Co. v. OSHRC*,
573 F.2d 820 (3d Cir. 1978) ........................................................ 8

*Dimension One Spas, Inc. v. Coverplay, Inc.*,
2007 WL 2815042 (S.D. Cal. Sept. 25, 2007) ........................................ 14

*EMC Corp. v. Storage Tech. Corp.*,
921 F. Supp. 1261 (D. Del. 1996) ................................................ 6, 11

*Environ Prods., Inc. v. Total Containment, Inc.*,
951 F. Supp. 57 (E.D. Pa. 1996) ................................................. 7, 13

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................ 7

*France Telecom S.A. v. Novell, Inc.*,
C.A. No. 02-437-GMS, 2002 WL 31355255 (D. Del. Oct. 17, 2002) ...................... 6

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*,
663 F.2d 419 (3d Cir. 1981) ........................................................ 8

*Intex Recreation Corp. v. Team Worldwide Corp.*,
390 F. Supp. 2d 21 (D.D.C. 2005) ............................................... 7, 14

*Martek Biosciences Corp. v. Nutrinova Inc.*,
C.A. No. 03-896-GMS, 2004 WL 2297870 (D. Del. Oct. 8, 2004) ................... 6, 11

*Molins PLC v. Textron, Inc.*,
48 F.3d 1172 (Fed. Cir. 1995) .................................................... 13

*Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*,
707 F.2d 1376 (Fed. Cir. 1983) ................................................. 13-14

*PB Farradyne, Inc. v. Peterson*,
2006 WL 132182 (N.D. Cal. Jan. 17, 2006) ......................................... 10

*Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*,
142 F.R.D. 420 (D. Del. 1992) ...................................................... 6

*Scripps Clinic & Research Foundation v. Genentech, Inc.*,
927 F.2d 1565 (Fed. Cir. 1991) .................................................... 13

*Semiconductor Energy Lab. Co. v. Sanyo North America Corp.*,
C.A. No. 00-018-GMS, 2001 WL 194303 (D. Del. Feb. 22, 2001) ....................... 8

*Senza-Gel Corp. v. Seiffhart*,
    803 F.2d 661 (Fed. Cir. 1986) ..................................................................................... 7

*Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.*,
    797 F. Supp. 333 (D. Del. 1992).............................................................................. 7, 8

*Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.*,
    2006 WL 2931774 (N.D. Tex. Sept. 27, 2006) .................................................... 9, 10

*Symbol Techs., Inc. v. Hand Held Prods., Inc.*,
    C.A. No. 03-102-SLR, 2003 WL 22750145 (D. Del. Nov. 14, 2003)................................ 6, 10

*Yurman Design, Inc. v. Chaindom Enters., Inc.*,
    2002 WL 31358991 (S.D.N.Y. 2002)........................................................................... 7

## Statutes

Fed. R. Civ. P.  9(b) ............................................................................................ passim

Fed. R. Civ. P. 12(b)(6).................................................................................................. 8

Fed. R. Civ. P. 12(f)................................................................................................ 7, 10

Fed. R. Civ. P. 15(a)(2)...................................................................................... 6, 7, 8, 9

## I.    INTRODUCTION

Defendant Parallel Networks moves this Court to strike the inequitable conduct charge raised by Plaintiff for the first time in its January 10, 2008 Second Amended Reply to Parallel Networks' counterclaim (the "Reply"). Parallel Networks' motion should be granted for two independent reasons.

*First*, QuinStreet did not obtain the required leave of Court (or Parallel Networks' consent) to add such an inequitable conduct charge and even worse brought the charge after the deadline to amend pleadings (January 4). This brand new inequitable conduct defense has never been raised before by QuinStreet—not in its original declaratory judgment complaint, not in its original reply, not in its amended reply, and not in its amended complaint. For these reasons, QuinStreet's inequitable conduct charge must be stricken.

*Second*, even if it had been raised in a procedurally proper manner, QuinStreet's inequitable conduct charge must be stricken for the additional and independent reason that it violates Rule 9(b), it is unduly prejudicial, and it is futile. The central deficiency is that QuinStreet's inequitable conduct charge does not identify the allegedly withheld prior art, making it impossible for Parallel Networks to prepare a defense to the charge. In its pleading, QuinStreet identifies only one prior art reference to support its charge of inequitable conduct. The flaw here is that this one identified prior art reference cannot as a matter of law establish any basis for inequitable conduct as it ***was before the examiner and cited during prosecution*** of both Parallel Networks patents-in-suit.

Parallel Networks gave QuinStreet an appropriate opportunity to correct the defects in its pleading. Parallel Networks' counsel contacted QuinStreet's counsel about the present motion, asking for the necessary specificity that is required for pleading inequitable conduct before filing this motion. Importantly, QuinStreet could not specifically identify even ***one*** additional

allegedly withheld prior art reference as the law so clearly requires. For this reason, QuinStreet should not be given yet another attempt to plead inequitable conduct. Its defense on this ground is futile. As a consequence, QuinStreet's inequitable conduct charge should be stricken.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

QuinStreet filed a complaint for declaratory judgment of invalidity and noninfringement on August 8, 2006. (D.I. 1.) After motions to consolidate and transfer to Texas, Parallel Networks filed its answer and counterclaim on April 13, 2007. (D.I. 20.) The parties subsequently filed: QuinStreet's reply (D.I. 21), QuinStreet's first amended reply (D.I. 23), QuinStreet's amended complaint (D.I. 58) and Parallel Networks' response and counterclaim (D.I. 59). On January 10, 2008, QuinStreet filed its Reply, which included an affirmative defense raising a new, never before articulated inequitable conduct charge in paragraphs 6-10. Fact discovery began with the entry of the Court's scheduling order in May 2007 and closes on February 29, 2008. Trial is scheduled for February 2, 2009.

## III.     SUMMARY OF THE ARGUMENT

Parallel Networks' motion to strike should be granted because QuinStreet raised its inequitable conduct charge in a procedurally improper manner. In addition, even if properly raised, Parallel Networks' motion to strike should be granted on the additional ground that QuinStreet's inequitable conduct charge is not pled with sufficient particularity under Rule 9(b), it unduly prejudices Parallel Networks, and it is futile.

*First*, QuinStreet injected its inequitable conduct charge into its Reply without Parallel Networks' consent or leave of Court, all after the time to amend the pleadings—January 4, 2008. With respect to QuinStreet's latest round of pleadings, Parallel Networks consented only to change the named party in interest (epicRealm Licensing, LP to Parallel Networks, LLC), to narrow the *scope* of its prayer for relief to a declaration of noninfringement only for those

2

"products accused in the Counterclaim," and to make minor changes regarding the history of the case. Importantly, QuinStreet never asked to, Parallel Networks never consented to, and the Court never granted leave to include any inequitable conduct charge in QuinStreet's pleadings. For all of these reasons, QuinStreet's procedurally improper inequitable conduct charge should be stricken.

*Second*, even if QuinStreet's inequitable conduct charge were raised in a procedurally proper manner, the Court would still need to strike it because Rule 9(b) requires that inequitable conduct be pled with particularity. This requirement exists at least in part so that the patentee has sufficient notice to properly prepare a defense in the time allowed. This is of particular importance given that fact discovery closes just one month from now, on February 29, 2008. In spite of the law's requirement, QuinStreet's inequitable conduct charge fails to specifically identify the allegedly withheld information. QuinStreet's inequitable conduct charge should be stricken for this reason as well.

*Third*, QuinStreet's inequitable conduct charge would unduly prejudice Parallel Networks because Parallel Networks would be unfairly disadvantaged in attempting to prepare a defense to such a broad and amorphous charge that has not been pled with the required particularity. This undue prejudice to Parallel Networks calls for striking QuinStreet's inequitable conduct charge.

*Fourth*, the only reference that QuinStreet specifically identifies in its inequitable conduct charge cannot form the basis for a finding of inequitable conduct as a matter of law because it was before the examiner during prosecution of both Parallel Networks patents-in-suit. The law simply does not allow one to assert inequitable conduct based on a reference that was considered by the examiner. For this reason, QuinStreet's inequitable conduct charge is futile and should be stricken for this reason as well.

3

## IV.   STATEMENT OF FACTS

On November 30, 2007, QuinStreet filed its Unopposed Motion For Leave to File Its Amended Complaint for Declaratory Judgment. (D.I. 57.) Parallel Networks had consented to entry of the proposed Amended Complaint, in which QuinStreet: (1) changed the defendant from epicRealm Licensing, LP to Parallel Networks, LLC; (2) narrowed its prayer for relief to a declaration of noninfringement for only those "products accused in the Counterclaim"; and (3) made minor changes regarding the history of the case. Parallel Networks did not consent to any other changes. Parallel Networks never consented to the introduction of an inequitable conduct charge. Indeed, QuinStreet never even raised such a possibility.

On December 5, 2007, the Court ordered entry of QuinStreet's Amended Complaint. (D.I. 57, 58.) On December 21, 2007, Parallel Networks filed its response to QuinStreet's Amended Complaint, with the only substantive change over the original response and counterclaim being the change in defendant from epicRealm Licensing, LP to Parallel Networks, LLC. (D.I. 59.)

Under the Court's scheduling order, the last day to file amended pleadings was January 4, 2008. (D.I. 28.) In violation of that order, QuinStreet filed its Reply on January 10, which raised the untimely defense of inequitable conduct in paragraphs 6-10 of its affirmative defenses. (D.I. 63.)

QuinStreet raises two inequitable conduct theories. Under its first inequitable conduct theory, QuinStreet alleges that a Parallel Networks inventor knew of some unidentified prior art relating to Oracle web server products and that the inventors, prosecuting attorneys and Parallel Networks withheld this unidentified prior art from the PTO.

Under its second inequitable conduct theory, QuinStreet alleges that the prosecuting attorneys withheld U.S. Patent No. 5,761,673 (the "Oracle '673 Patent") and some unspecified

prior art references from the 24 prior art references cited therein. The Oracle '673 Patent is listed in the "References Cited" section on the face of the Parallel Networks patents-in-suit showing that it was considered by the examiner.

On January 29, 2008, Parallel Networks' counsel informed QuinStreet's counsel that Parallel Networks intended to move to strike QuinStreet's inequitable conduct charge because, *inter alia*, it "violates Rule 9(b), which requires pleading inequitable conduct with particularity." (Bradford Decl., Ex. 1.)[1] In response, QuinStreet's counsel did not identify even a single allegedly withheld prior art reference. (*Id.*, Ex. 2.)

## V.    ARGUMENT

QuinStreet's inequitable conduct charge should be stricken from its Reply because: (1) QuinStreet did not obtain leave of Court or Parallel Networks' consent to amend its pleadings to add an inequitable conduct charge, and QuinStreet filed too late under the Court's scheduling order; (2) QuinStreet's inequitable conduct charge violates Federal Rule of Civil Procedure 9(b); (3) QuinStreet's inequitable conduct charge unduly prejudices Parallel Networks; and (4) QuinStreet's inequitable conduct charge is futile.

### A.    Legal Standards

QuinStreet's Reply assumes that QuinStreet is entitled to add any new theory or claims without regard to the scheduling order and without seeking the required leave of court or the consent of Parallel Networks. QuinStreet is wrong. The controlling legal standards are discussed below and are not in dispute.

---

[1]    Exhibits referenced herein ("Ex. __") refer to exhibits attached to the Declaration of Benjamin J. Bradford filed contemporaneously herewith.

1.     **Rule 15(a)(2) Does Not Permit Amendment Without The Opposing Party's Written Consent Or Leave Of Court.**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Thus, either leave of Court or the opposing party's consent is required.

2.     **An Inequitable Conduct Charge Must Be Pled With Particularity Under Rule 9(b) To Avoid Being Stricken Under Rule 12(f).**

Inequitable conduct must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Martek Biosciences Corp. v. Nutrinova Inc.*, C.A. No. 03-896-GMS, 2004 WL 2297870, at *3 (D. Del. Oct. 8, 2004); *Symbol Techs., Inc. v. Hand Held Prods., Inc.*, C.A. No. 03-102-SLR, 2003 WL 22750145, at *4 (D. Del. Nov. 14, 2003); *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996). The law in this Court is clear: at a minimum, a party asserting inequitable conduct must identify the allegedly withheld prior art. *EMC*, 921 F. Supp. at 1263 (EMC failed to plead inequitable conduct with particularity under Rule 9(b) because "[a]t a minimum, EMC should have disclosed the relevant prior art."); *see also Martek*, 2004 WL 2297870, at *3 (inequitable conduct pleading failed to satisfy Rule 9(b) because, even if defendant did not need to plead why data was material, "it should have identified the data" in its inequitable conduct charge); *France Telecom S.A. v. Novell, Inc.*, C.A. No. 02-437-GMS, 2002 WL 31355255, at *3 (D. Del. Oct. 17, 2002) (inequitable conduct charge satisfies Rule 9(b) because it "discloses the title, author, and publication date of the relevant prior art allegedly withheld from the PTO."); *Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 422 (D. Del. 1992) (court required defendant "to identify all the prior art underlying its affirmative defenses and to specifically list the affirmative defense to which each item of prior art relates.").

6

This Court has broad authority under the law to strike QuinStreet's inequitable conduct charge under these circumstances. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have liberal discretion to strike such defenses of the kind proffered here. *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 21, 24 (D.D.C. 2005). When ruling on a motion to strike, the Court must determine whether the facts are sufficient as a matter of law to sustain the claimed defense. *Id.* (granting motion to strike affirmative defense of inequitable conduct because pleading insufficient to satisfy the requirements of Rule 9(b)); *Environ Prods., Inc. v. Total Containment, Inc.*, 951 F. Supp. 57, 60 (E.D. Pa. 1996) ("Pleading with particularity, however, permits courts to delve beneath the surface of an allegation and to test its foundation."); *Yurman Design, Inc. v. Chaindom Enters., Inc.*, 2002 WL 31358991, at *2-3 (S.D.N.Y. 2002) (affirmative defenses alleging fraud stricken for failure to plead with requisite particularity). The salutary purpose of this rule is obvious. Motions to strike "save time and expense by eliminating claims which will not affect the outcome of the case." *Environ*, 951 F. Supp. at 61-62.

### 3.  Rule 15(a)(2) Does Not Permit Amendment Where The Amendment Would Unduly Prejudice The Opposing Party.

While it is true that leave to amend should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), an amendment ***should not be allowed*** where there is evidence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). On this procedural issue, regional circuit law is controlling. *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *Site Microsurgical Sys., Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 336 n.5 (D. Del. 1992).

7

Where there is prejudice to the opposing party, that ends the matter. The Third Circuit law on this issue has long required the denial of an amendment to the pleadings where there is prejudice to the opposing party. *Cornell & Co. v. OSHRC*, 573 F.2d 820, 823 (3d Cir. 1978); *Semiconductor Energy Lab. Co. v. Sanyo North America Corp.*, C.A. No. 00-018-GMS, 2001 WL 194303, at *2 (D. Del. Feb. 22, 2001). The opposing party is unduly prejudiced where it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless the amendment is denied. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

### 4. Rule 15(a)(2) Also Does Not Permit Amendment Where The Amendment Would Be Futile.

Under Rule 15(a)(2), an amendment will be considered "futile" if it could not withstand a motion to dismiss. *Site Microsurgical*, 797 F. Supp. at 336. The standard for deciding a motion to dismiss is whether the plaintiff can prove the necessary facts to support his claim and to entitle him to relief under the controlling law. Fed. R. Civ. P. 12(b)(6); *Site Microsurgical*, 797 F. Supp. at 336. Where the facts pled cannot as a matter of law support the claim, the amendment is futile and should be dismissed.

### B. Parallel Networks' Motion To Strike QuinStreet's Inequitable Conduct Charge Should Be Granted Because The Charge Is Procedurally Improper, Violates Rule 9(b), Unduly Prejudices Parallel Networks And Is Futile.

The Court should strike QuinStreet's inequitable conduct charge in paragraphs 6-10 of its Reply because: (1) QuinStreet violated Rule 15 by improperly amending without Parallel Networks' written consent or the Court's leave; (2) QuinStreet's inequitable conduct charge violates Rule 9(b) because it is not pled with particularity; (3) QuinStreet's inequitable conduct charge would unduly prejudice Parallel Networks; and (4) QuinStreet's inequitable conduct charge is futile.

8

1.    **QuinStreet's Inequitable Conduct Charge Should Be Stricken Because QuinStreet Improperly Amended Its Pleadings Without Parallel Networks' Consent Or The Court's Leave.**

QuinStreet's inequitable conduct charge should be stricken because Parallel Networks did not consent to it and the Court did not grant leave to add it under Rule 15(a)(2). An attempt to sneak in an inequitable conduct charge in a reply without leave of court has been rejected under remarkably similar facts to those here in *Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.*, 2006 WL 2931774 (N.D. Tex. Sept. 27, 2006). There, Southwestern Bell filed a declaratory judgment action claiming that certain Collins patents were invalid and not infringed. *Southwestern Bell*, 2006 WL 2931774, at *1. Collins counterclaimed for infringement. *Id.* Southwestern Bell later sought, and was granted, leave to amend its complaint to add a breach of contract claim. *Id.* Collins then amended its answer and counterclaim to address the breach of contract claim, but "no other new claims or defenses were included." *Id.* After the deadline for amending pleadings, Southwestern Bell "filed an answer to Collins's amended counterclaim, adding inequitable conduct as a new defense . . . ." *Id.* Collins argued that Southwestern Bell had "introduced its inequitable conduct defense in violation of the Court's scheduling order and moved the Court to strike the new defense." *Id.* at *2.

The *Southwestern Bell* court held that "Collins is correct, and Southwestern Bell's inequitable conduct defense must be stricken." *Id.* The court explained:

> Southwestern Bell violated [the scheduling] order by filing a reply that untimely added a new defense of inequitable conduct . . . . The Court granted Southwestern Bell leave to amend its complaint only for the purpose of adding a claim for breach of [contract]. In turn, Collins properly amended its answer solely for the purpose of refuting the new claim for breach of [contract]. Southwestern Bell exceeded the scope of the leave granted by the Court when it filed its amended reply and added the defense of inequitable conduct . . . . For this reason, the [inequitable conduct issue is] not properly before the Court, and the Court GRANTS Collins's motion to strike.

9

*Id.* (internal footnote omitted). The course of conduct in the case at bar is nearly identical to that in *Southwestern Bell*. Like *Southwestern Bell*, QuinStreet filed a declaratory judgment action seeking declarations that certain patents were invalid and not infringed. (D.I. 1.) Subsequently, like Southwestern Bell, QuinStreet was permitted to amend its declaratory judgment complaint to make certain specific changes, which did not include adding an inequitable conduct charge. (D.I. 57.) Like Collins, Parallel Networks filed an answer and counterclaim that did not include any new claims or defenses. (D.I. 59.) Then, after the deadline for amending the pleadings, like Southwestern Bell, QuinStreet added into its Reply an inequitable conduct charge that its opponent had not consented to and that the Court had not granted leave to include. (D.I. 63.)

The result here should be the same as in *Southwestern Bell*—QuinStreet's improper inequitable conduct charge should be stricken. This should end the analysis. If, however, the Court is inclined to consider QuinStreet's inequitable conduct charge on the merits notwithstanding the procedural impropriety, the Court should strike the inequitable conduct charge in any event. Indeed, an analysis of QuinStreet's inequitable conduct charge on the merits shows that it violates Rule 9(b), unduly prejudices Parallel Networks and is futile.

## 2. QuinStreet's Inequitable Conduct Charge Violates Rule 9(b).

QuinStreet's inequitable conduct charge suffers from the fatal flaw that it is not pled with the required particularity under Rule 9(b). An inequitable conduct defense to a patent infringement claim should be stricken pursuant to Rule 12(f) if it fails to plead with particularity under Rule 9(b). *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182, at *4 (N.D. Cal. Jan. 17, 2006); *Symbol Techs.*, 2003 WL 22750145, at *4; *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 223 (N.D. Cal. 1994). Both of QuinStreet's theories are inadequately pled under Rule 9(b) because they fail to name the particular prior art allegedly withheld.

In its first inequitable conduct theory, QuinStreet simply provides a broad statement that Parallel Networks "had knowledge of material prior art relating to Oracle web server products that had been described in publications, offered for sale, sold and made available to the public . . . ." (D.I. 63, ¶7.)  QuinStreet does not specifically identify or list any allegedly withheld prior art, thereby violating the pleading requirements of Rule 9(b).

In its second inequitable conduct theory, QuinStreet alleges that Parallel Networks failed to disclose something from the universe of the Oracle '673 Patent and the 24 references cited therein.  QuinStreet's second theory suffers from the same defect as its first.  QuinStreet does not identify any particular reference of the cited 24 references as forming the basis for this second theory.[2]  That the list of cited references is finite does not excuse QuinStreet from pleading with particularity.  *See Chiron*, 156 F.R.D. at 222-23 (inequitable conduct defense stricken for failure to plead which paragraphs in fifteen-paragraph declaration formed the basis for inequitable conduct charge).

QuinStreet also cannot save its improper inequitable conduct charge through any speculative contention that Parallel Networks could learn more particular details in discovery. *Martek*, 2004 WL 2297870, at *3 n.5 ("Because Nutrinova has not adequately pled its inequitable conduct claim, its pleading cannot be salvaged by future discovery."); *EMC*, 921 F. Supp. at 1264 ("EMC may not use its interrogatory responses to fulfill the particularity requirements of Rule 9(b).").  This is particularly so given the imminent close of fact discovery.

In sum, QuinStreet's inequitable conduct charge is not pled with particularity and therefore should be stricken.

---

[2]  To the extent that QuinStreet is relying solely on the Oracle '673 Patent itself, this is not a proper inequitable conduct charge as explained *infra* at Section V.B.4.

11

### 3.    QuinStreet's Inequitable Conduct Charge Unduly Prejudices Parallel Networks.

QuinStreet's improperly pled inequitable conduct charge unduly prejudices Parallel Networks.  QuinStreet's inequitable conduct theories are so broad and amorphous that Parallel Networks cannot prepare a defense against these charges.  QuinStreet's tardy inequitable conduct charge unduly prejudices Parallel Networks especially in light of QuinStreet's document production problems[3] and because fact discovery closes on February 29, 2008.

Courts have expressed grave concerns over vague inequitable conduct charges:

> The Federal Circuit's concern over the use of the inequitable conduct defense is justifiable, given the many dangers inherent in such a defense.  These dangers are only heightened if parties are not held to Rule 9(b)'s pleading requirements. Defending against an allegation of inequitable conduct can consume enormous resources, particularly if the allegation fails to pinpoint the precise offending conduct. . . .  Specious allegations of inequitable conduct can thus be deployed as a delaying tactic, as an attempt to confuse the issues or mislead the court, or as a tool to generate more fees or make the case more expensive for an opponent to try or settle.
>
> Vague allegations of inequitable conduct may also be the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts.  This is precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter.

*Chiron*, 156 F.R.D. at 221.  Because the courts "have a strong interest in weeding out allegations of inequitable conduct that are asserted in bad faith," courts strictly enforce Rule 9(b)'s requirement that all allegations of inequitable conduct be pled with specificity.  *Id.* ("Given the Federal Circuit's concern for allegations made 'on the slenderest ground,' *Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988), enforcing Rule 9(b)'s requirement

---

[3]    QuinStreet's document production problems have been the subject of much correspondence between the parties.  (*See, e.g.,* Bradford Decl., Exs. 3-6.)

that averments of fraud be pled with particularity is a simple, logical and fair way to protect patent litigants.").

QuinStreet's inequitable conduct charge unduly prejudices Parallel Networks because of the enormous scope and lack of specificity of QuinStreet's allegations. These are exactly the type of vague allegations that concern courts. Therefore, the Court should strike QuinStreet's inequitable conduct charge as unduly prejudicial to Parallel Networks.

> **4.    QuinStreet's Inequitable Conduct Charge Should Be Stricken As Futile Because The Only Named "Withheld" Reference Was Before The Examiner And Cannot Form The Basis For An Inequitable Conduct Finding.**

The Court also should strike QuinStreet's inequitable conduct charge because it is futile. The *only* aspect of QuinStreet's various inequitable conduct theories that could be argued to be sufficiently particular under Rule 9(b) is based on the Oracle '673 Patent itself, as opposed to the references cited therein or any Oracle prior art. Even if a claim is pled with particularity under Rule 9(b), however, a motion to strike should be granted if there is no legal basis for the claim. *Environ*, 951 F. Supp. at 60.

QuinStreet argues that the inventors and prosecuting attorneys committed inequitable conduct by not submitting the Oracle '673 Patent to the PTO. The fundamental flaw in QuinStreet's pleading is the fact that the file history of the patents-in-suit shows that the examiner found and cited the Oracle '673 Patent during the prosecution of both Parallel Networks patents-in-suit. "When a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it cannot be deemed to have been withheld from the examiner." *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1185 (Fed. Cir. 1995) (quoting *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991)); *Orthopedic Equipment Co. v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383

(Fed. Cir. 1983) (nondisclosure not material because the examiner independently found the undisclosed prior art); *Dimension One Spas, Inc. v. Coverplay, Inc.*, 2007 WL 2815042, at \*3 n.3 (S.D. Cal. Sept. 25, 2007) ("Even when patent applicants are aware of highly material prior art patents during the prosecution of their application, there is no inequitable conduct if the reference comes before the PTO in some way other than through the applicants' disclosure."); *Intex*, 390 F. Supp. 2d at 26 (plaintiff's allegation of inequitable conduct was stated with sufficient particularity under Rule 9(b) but failed as a matter of law because prior art reference was already before the PTO examiner in the parent patent application).

Therefore, it is irrelevant whether the prosecuting attorneys submitted the Oracle '673 Patent in the prosecution of the patents-in-suit, because this reference was before the examiner. Thus, to the extent that QuinStreet has pled its inequitable conduct charge with particularity by identifying the Oracle '673 Patent, the charge is futile because the Oracle '673 Patent was before the examiner during prosecution of Parallel Networks' '554 and '335 patents-in-suit. Thus, even this narrow theory is futile. QuinStreet's inequitable conduct charge should be stricken.

### 5.  QuinStreet Should Not Be Granted An Opportunity To Replead.

Parallel Networks gave QuinStreet an appropriate opportunity to correct the deficiencies in its pleading. Thus, when told by Parallel Networks that its inequitable conduct charge lacked the requisite particularity, QuinStreet continued to fail to identify even a single allegedly withheld prior art reference that could form the basis for an inequitable conduct charge. QuinStreet has had eighteen months to conduct whatever discovery it may have needed to meet the law's requirement that inequitable conduct be pled with particularity. After all this time, QuinStreet has nothing to offer in support of its alleged inequitable conduct defense. As such, QuinStreet's tardy, improper, and futile attempt to inject inequitable conduct into the case should

not be rewarded with an opportunity to try yet again to identify allegedly withheld prior art references that QuinStreet has all but admitted it does not have.

## CONCLUSION

For the reasons set forth herein, the Court should strike QuinStreet's inequitable conduct charge in paragraphs 6-10 of QuinStreet's Reply.


OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Harry J. Roper
George S. Bosy                                 By: /s/ David E. Moore
Aaron A. Barlow                                    Richard L. Horwitz (#2246)
Patrick L. Patras                                  David E. Moore (#3983)
David R. Bennett                                   Hercules Plaza, 6th Floor
Paul D. Margolis                                   1313 N. Market Street
Benjamin J. Bradford                               Wilmington, DE  19899
JENNER & BLOCK                                     Tel:  (302) 984-6000
330 N. Wabash Avenue                               rhorwitz@potteranderson.com
Chicago, IL  60611-7603                            dmoore@potteranderson.com
Tel:  (312) 923-8305
                                               *Attorneys for Defendant/Counterclaim*
Dated:  January 30, 2008                       *Plaintiff Parallel Networks, LLC*
845686 / 31393 / QuinStreet

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## <u>CERTIFICATE OF SERVICE</u>

I, David E. Moore, hereby certify that on January 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 30, 2008, the attached document was Electronically Mailed to the following person(s):

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Robert S. Beiser
David Doyle
Ludwig E. Kolman
Robert S. Rigg
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
rbeiser@vedderprice.com
ddoyle@vedderprice.com
lkolman@vedderprice.com
rrigg@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

<u>/s/ David E. Moore</u>
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788478 / 31393 / QuinStreet