## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) C.A. No. 06-495-SLR |
| v. | ) |
| | ) |
| PARALLEL NETWORKS, LLC, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

### DECLARATION OF BENJAMIN J. BRADFORD IN SUPPORT OF DEFENDANT PARALLEL NETWORKS' MOTION TO STRIKE PLAINTIFF'S INEQUITABLE CONDUCT CHARGE

I, Benjamin J. Bradford, declare as follows:

1. I am a member of good standing of the State Bar of Illinois and an attorney at the law firm of Jenner & Block, LLP, counsel for Defendant, Parallel Networks, LLC ("Parallel Networks"). I have personal knowledge of the matters stated and could competently testify to them if I were called as a witness.

2. Attached hereto as Exhibit 1 is a true and correct copy of an email from Patrick L. Patras to David L. Doyle dated January 29, 2008.

3. Attached hereto as Exhibit 2 is a true and correct copy of an email from David L. Doyle to Patrick L. Patras dated January 29, 2008.

4. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Paul D. Margolis to David L. Doyle dated January 3, 2008.

5. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Paul D. Margolis to Robert S. Beiser dated January 8, 2008.

6. Attached hereto as Exhibit 5 is a true and correct copy of a letter from David L. Doyle to George S. Bosy dated January 17, 2008.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Paul D. Margolis to David L. Doyle dated January 28, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on this 30th day of January, 2008 at Chicago, Illinois.

By: /s/ Benjamin J. Bradford
Benjamin J. Bradford
Jenner & Block LLP
330 North Wabash Avenue
Chicago, Illinois 60611
Tel: (312) 840-7224
bbradford@jenner.com

*Attorney for Defendant*
*Parallel Networks, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on January 30, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on January 30, 2008, the attached document was Electronically Mailed to the following person(s):

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Robert S. Beiser
David Doyle
Ludwig E. Kolman
Robert S. Rigg
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
rbeiser@vedderprice.com
ddoyle@vedderprice.com
lkolman@vedderprice.com
rrigg@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788478 / 31393 / QuinStreet

# Exhibit 1

**From:** Patras, Patrick L
**Sent:** Tuesday, January 29, 2008 12:26 PM
**To:** DAVID DOYLE; ROBERT RIGG; rbeiser@vedderprice.com; lkolman@vedderprice.com; gaza@rlf.com
**Cc:** Bosy, George S; Terry, Angela M; Richard L. Horwitz; dmoore@potteranderson.com
**Subject:** QuinStreet v. Parallel Networks

Dave:

   I write pursuant to our telephonic meet and confer this morning.  As I explained, Parallel Networks intends to file a motion to strike QuinStreet's inequitable conduct charge.  QuinStreet did not obtain Parallel Networks' consent or leave of Court to add this charge.  In addition, on the merits, QuinStreet's inequitable conduct charge violates Rule 9(b), which requires pleading inequitable conduct with particularity, unduly prejudices Parallel Networks and is futile.  You asked me to send an email to you listing these arguments again.  Please let us know by the end of the day whether QuinStreet will voluntarily drop its inequitable conduct charge.  If not, we intend to file our motion to strike tomorrow.  Thanks.

Pat

**Patrick L. Patras**
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel (312) 923-2945
Fax (312) 840-7345
PPatras@jenner.com
www.jenner.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# Exhibit 2

From: DAVID DOYLE [mailto:ddoyle@vedderprice.com]
Sent: Tuesday, January 29, 2008 3:39 PM
To: Patras, Patrick L
Cc: Terry, Angela M; Bosy, George S; dmoore@potteranderson.com; rhorwitz@potteranderson.com; Anne Gaza; LUDWIG KOLMAN; ROBERT BEISER; ROBERT RIGG
Subject: Re: QuinStreet v. Parallel Networks

Pat,

I am not sure why you state that my client needed leave of court to add the defense as our amended response to your counterclaim was required by your client's amended counterclaim. Our pleading sets forth the basis for your client's inequitable conduct, so I am also puzzled on that score. As you know, the USPTO has granted three reexams based on citation of prior art not disclosed by your client's patent application. If you merely want us to amend to add additional particularity to our pleadings, we are willing to do so, but believe we are entitled to this defense. Let me know if we can avoid motion practice on this matter.

Dave

David L. Doyle
312/609-7782
Vedder Price P.C.
ddoyle@vedderprice.com

FEDERAL TAX NOTICE:
Treasury Regulations require us to inform you that any federal tax advice contained herein (including in any attachments and enclosures) is not intended or written to be used, and cannot be used by any person or entity, for the purpose of avoiding penalties that may be imposed by the Internal Revenue Service. In addition, we do not impose upon any person or entity to whom this is addressed any limitation on the disclosure of the tax treatment or tax structure of any transaction discussed herein (including in any attachments and enclosures).
--------------------------------------------------------

# Exhibit 3

**JENNER&BLOCK**

January 3, 2008

**VIA EMAIL**

David L. Doyle, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, Illinois 60601

Jenner & Block LLP          Chicago
330 N. Wabash Avenue        Dallas
Chicago, IL 60611           New York
Tel 312-222-9350            Washington, DC
www.jenner.com

Paul D. Margolis
Tel 312 923-8323
Fax 312 923-8423
pmargolis@jenner.com

Re:   *QuinStreet, Inc. v. Parallel Networks, LLC* (C.A. No. 06-cv-495 (SLR))

Dear Dave:

This is a follow-up to our December 7, 2007 letter about QuinStreet's document production. We continue to have numerous concerns with respect to the completeness and form of QuinStreet's document production.

As a preliminary matter, please let us know whether QuinStreet has completed its document production. If not, please provide us with a date certain by which QuinStreet will complete its document production. In addition, please let us know when QuinStreet will be ready to exchange privilege logs. We propose exchanging logs on January 7, 2008. Please let us know if that is acceptable.

We address our concerns below with respect to each category of document production by QuinStreet.

**1. QuinStreet's Production of Electronic Mail**

On November 30, QuinStreet produced approximately 118 GB of electronic mail in PST folders on a hard drive. We raised concerns with this production in our December 7, 2007 letter to which QuinStreet has never responded. These documents do not contain production numbers and have not been properly designated as confidential or highly confidential under the protective order. Although QuinStreet has stated that it considers "customer information" to be "Highly Confidential" under the protective order, QuinStreet has never identified the documents that contain this alleged highly confidential customer information. The protective order requires the producing party to review its documents and designate its documents as confidential or highly confidential, if appropriate under the protective order. The protective order further requires QuinStreet to designate its documents "on each page," which QuinStreet has not done. Thus, Parallel Networks is under no obligation under the protective order to review QuinStreet's documents to determine whether any given document is confidential or highly confidential or to make a determination as to whether QuinStreet or its customers considers a given document confidential or highly confidential. As such, if QuinStreet does not agree to properly designate its documents, we will treat all these documents as undesignated under the protective order as they have not been properly designated.

1611762.2

David L. Doyle, Esq.
January 3, 2008
Page 2

Moreover, we believe that the hard drive produced to Parallel Networks does not comply with paragraph 6 of the Court's standing order on electronic discovery because the outlook files are not image files and the hard drive is not searchable. While each folder could be searched separately in some limited capacity, a word search on a PST folder of emails will not capture any search terms that appear in an attachment to the email. Please let us know if QuinStreet disagrees with our position that QuinStreet's production of electronic mail in PST folders does not comply with the Court's standing order on electronic discovery.

Furthermore, we have unsuccessfully attempted to process these files for review for over two weeks to overcome the problems inherent with QuinStreet's production of PST files. Therefore, we remain concerned about the manner in which QuinStreet collected these documents. Our technical staff reports that it will take at least another month to process all of the email files. The biggest problem is that the electronic mail files contained numerous computer viruses that have significantly slowed down the process and will undoubtedly lead to additional work for the parties. We will begin identifying damaged files for you as soon as possible, and insist that QuinStreet reproduce those files immediately. We also reserve the right to seek reimbursement for any injury caused by QuinStreet's production of infected files.

### 2. QuinStreet's Production of Network and Department Files

It is our understanding based on numerous conversations before and after the last discovery conference before Judge Robinson that QuinStreet will search for and produce files from its network and department drives. We are in receipt of a few hard drives, but understand that QuinStreet is still processing additional files. Please confirm that the additional hard drives QuinStreet has produced do not contain computer viruses. Furthermore, like the electronic mail files, these documents have not been properly designated under the protective order, and it is not Parallel Networks' responsibility to review QuinStreet's documents to determine whether any given document is confidential or highly confidential. Please redesignate these documents in accordance with the protective order. If QuinStreet does not agree to designate its documents, we will treat them as undesignated under the protective order. We also do not believe that QuinStreet's production of its network and department drives complies with the Court's standing order on electronic discovery. Please let us know if QuinStreet disagrees with our position.

### 3. QuinStreet's Production of Servers

In your November 13, 2007 production letter, you stated that QuinStreet produced the downloads of four servers. As we have previously informed you, the description QuinStreet provided with respect to this production does not identify the platform associated with each of the four servers. We continue to request, for each of the four servers, that QuinStreet identify the type of associated platform, *i.e.*, Apache Standalone, Apache Tomcat, Apache Weblogic, Microsoft IIS, or Microsoft IIS with JRun. In addition, for each platform that QuinStreet operates that has not been produced, we request that QuinStreet supplement its production to include a downloaded server for each such platform. Please let us know if QuinStreet will comply with this request.

1611762.2

David L. Doyle, Esq.
January 3, 2008
Page 3

### 4. QuinStreet's Designation of Documents

QuinStreet has recently produced several disks with only one production number and designated those single disks as both "Highly Confidential-Outside Counsel's Eyes Only" and "Highly Confidential-Source Code Media." Please immediately redesignate these documents so that they can be reviewed by Parallel Networks. Similarly, QuinStreet has produced disks containing numerous DMS documents as "Source Code" that do not appear to contain any source code. Please redesignate these documents in accordance with the protective order.

Very truly yours,

*[signature]*

Paul D. Margolis

PDM:ekw

cc:   George S. Bosy, Esq.
      Patrick L. Patras, Esq.
      Anne Shea Gaza, Esq.

1611762.2

# Exhibit 4

**JENNER&BLOCK**

January 8, 2008

Jenner & Block LLP  
330 N. Wabash Avenue  
Chicago, IL 60611  
Tel 312-222-9350  
www.jenner.com

Chicago  
Dallas  
New York  
Washington, DC

**VIA EMAIL**

Robert S. Beiser, Esq.  
Vedder, Price, Kaufman & Kammholz, P.C.  
222 North LaSalle Street  
Chicago, Illinois 60601

Paul D. Margolis  
Tel  312 923-8323  
Fax  312 923-8423  
pmargolis@jenner.com

Re:   *QuinStreet, Inc. v. Parallel Networks, LLC* (C.A. No. 06-cv-495 (SLR))

Dear Bob:

This is in response to your January 4, 2008 letter producing a hard drive numbered QS 73,030. As stated in my January 3, 2008 letter to Dave Doyle, we object to the production of thousands of files with only one production number and designated as both "Confidential" and "Highly Confidential-Restricted Source Code Media."

The protective order requires the producing party to review its documents and designate its documents as confidential or highly confidential or source code, if appropriate under the protective order. The protective order further requires QuinStreet to designate its documents "on each page," which QuinStreet has not done. Thus, Parallel Networks is under no obligation under the protective order to review QuinStreet's documents to determine whether any given document is confidential or to make a determination as to whether QuinStreet considers a given document to be highly confidential source code. Please redesignate these documents in accordance with the protective order. If QuinStreet does not agree to properly designate its documents, we will treat all these documents as undesignated under the protective order as they have not been properly designated.

Moreover, as also stated in my January 3, 2008 letter, due to the numerous computer viruses that were produced to us previously by QuinStreet, we require some assurance from QuinStreet that this hard drive, as well as previously produced hard drives and disks, do not contain computer viruses. In accordance with paragraph 7 of the Court's standing order on electronic discovery, QuinStreet is meant to perform virus filtering as part of its electronic production.

Very truly yours,

Paul D. Margolis

PDM:ekw

cc:   George S. Bosy, Esq.  
      Patrick L. Patras, Esq.  
      Anne Shea Gaza, Esq.

1613982.1

# Exhibit 5

**VEDDERPRICE**

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

DAVID L. DOYLE
312-609-7782
ddoyle@vedderprice.com

January 17, 2008

<u>VIA E-MAIL AND MESSENGER</u>

George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

    Re:    <u>QuinStreet, Inc. v. epicRealm Licensing, L.P.</u>
            <u>Privilege Log</u>

Dear George:

    Enclosed is QuinStreet's Privilege Log contained in five volumes listing all 109,800 documents.

                                    Very truly yours,

                                    David L. Doyle

DLD/ls
Enclosure
cc:    Robert S. Beiser (w/o encl.)
        Ludwig E. Kolman (w/o encl.)
        Robert S. Rigg (w/o encl.)

CHICAGO/#1737219.1

# Exhibit 6

**JENNER&BLOCK**

January 28, 2008

Jenner & Block LLP     Chicago
330 N. Wabash Avenue     Dallas
Chicago, IL 60611     New York
Tel 312-222-9350     Washington, DC
www.jenner.com

**VIA EMAIL**

David L. Doyle, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, Illinois 60601

Paul D. Margolis
Tel 312 923-8323
Fax 312 923-8423
pmargolis@jenner.com

Re:    *QuinStreet, Inc. v. Parallel Networks, LLC* (C.A. No. 06-cv-495 (SLR))

Dear Dave:

Over the past months, Parallel Networks has repeatedly called to QuinStreet's attention Parallel Networks' concerns with respect to the adequacy of QuinStreet's document production in this action. These concerns have not been addressed by QuinStreet. On Tuesday, January 22, 2008, at the depositions of Mr. Heller and Mr. Rios, it became clear that QuinStreet's document production suffers from two central problems.

First, QuinStreet's privilege log fails to disclose QuinStreet's basis for withholding nearly 110,000 documents; and secondly, QuinStreet's document production is in violation of the protective order agreed to between the parties and entered by the Court, the Court's standing order on electronic discovery, and other orders of the Court. Unless QuinStreet agrees by Wednesday, January 30, 2008 to comply with Parallel Networks's requests as outlined in this letter, and completes that compliance by February 6, 2008, Parallel Networks will request a hearing with the Court to address these issues.

**I.**     **QuinStreet's Deficient Privilege Log**

QuinStreet's privilege log is deficient on its face under the pertinent legal authorities. In a nutshell, QuinStreet's privilege log does not provide the required and necessary information that would allow Parallel Networks and the Court to determine whether a proper claim of privilege has been made. The law is clear that "[a]n improperly asserted claim of privilege is no claim of privilege at all." *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974). The law is equally clear that it is QuinStreet's burden to establish a proper basis for its claim of privilege and to that end, QuinStreet is required to set forth a full and complete factual basis for its claim of privilege in its log. *Id.*; *see, e.g., Willemijn Houdstermaatschaapij BV v. Appollo Computer, Inc.*, 707 F. Supp. 1429, 1443 (D. Del. 1989); *RCA Corp. v. Data Gen. Corp.*, C.A. No. 84-270-JJF, 1986 U.S. Dist. LEXIS 23244, at *10-11 (D. Del. July 2, 1986).

In following the well settled authority, the Delaware bankruptcy court listed what needs to be disclosed in a privilege log:

> The privilege log should contain a brief description or summary of
> the contents of the document, the date the document was prepared,

David L. Doyle, Esq.
January 28, 2008
Page 2

> the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.

*Pollner v. Locke Purnell Rain Harrell (In re Lomas Financial Corp.)*, Case No. 95-1235 (PJW), Adv. No. A-98-528, slip op. at 13-14 (Bankr. D. Del. June 25, 1999) (citation omitted); *see also Applied Biosystems, Inc. v. Cruachem, Inc.*, C.A. No. 89-579-JRR, 1990 WL 495458, at *2 (D. Del. Aug. 3, 1990); *Willemijn Houdstermaatschaapij BV*, 707 F. Supp. at 1439-40. In sum, a correctly prepared privilege log must contain:

- A brief description or summary of the content of the document or communication,

- The date the document was prepared,

- The name(s) of the person(s) who prepared the document,

- The person to whom the document was directed, or for whom it was prepared,

- The purpose for preparing the document or communication,

- The privilege or privileges asserted for the document or communication, and

- How the document or communication satisfies the asserted privilege or privileges.

*See* 6 *Moore's Federal Practice*, §26.91[1], at p. 26-495 (Matthew Bender 3d ed.) and the cases cited above. Plainly, QuinStreet's privilege log does not meet the necessary requirements. These defects are discussed below.

First, QuinStreet's privilege log does not contain a description and summary of the contents of each withheld document. Indeed, on this issue, QuinStreet's privilege log contains no information that would even establish a *prima facie* case of privilege.

Secondly, QuinStreet's privilege log does not identify the person(s) that prepared each document and the person(s) to whom each document was directed or for whom each document was prepared.

Third, QuinStreet's privilege log does not state the purpose for preparing the documents. Again, QuinStreet's privilege log does not meet this basic requirement.

David L. Doyle, Esq.
January 28, 2008
Page 3

Fourth, QuinStreet's privilege log does not identify the privilege or privilege asserted. Thus, QuinStreet's privilege log does not identify the privilege (*i.e.*, attorney-client) or other reason (*e.g.*, work product) for withholding the document.

Fifth, QuinStreet's privilege log does not even recite the most basic requirement, namely, how each document satisfies the asserted privilege or privileges.

Finally, QuinStreet's privilege log not only fails to comply with the law, it also is in violation of the guidance provided by the Court in the November status hearing. There, the Court stated that QuinStreet was required to review its documents before withholding documents from production. (November 14 Hearing Tr. at 16:23-17:1; 18:16-19 ("…[QuinStreet has] an obligation to review the results of that search…and put together a privilege log.")). At the deposition of Mr. Heller, it was clear that no review had been done by QuinStreet; rather, a computer search was performed by keyword (although Mr. Heller did not remember all the keywords employed to exclude documents) based on the mere presence of certain terms somewhere in the documents – *e.g.*, attorney names. The flaw in this approach is apparent in that it casts too wide a net that includes documents that on their face are not privileged, *e.g.*, an invitation to a "Pampered Chef Party" (QSPRIVDOC0099462) and a forwarded document entitled "Lovechain Rules…Legal Love" (QSPRIVDOC00100323).

Unless QuinStreet agrees by next Wednesday, January 30 to provide by February 6 a proper privilege log that lists the required description for every withheld document, Parallel Networks intends to raise this issue with the Court.

## II.     QuinStreet's Document Production

The electronic documents produced by QuinStreet (on hard drives and on disks) violate the protective order, the Court's standing order on electronic discovery, and other Court orders.

First, these electronic documents have not been properly designated as confidential or highly confidential under the protective order. The protective order requires the producing party to review its documents and designate its documents as confidential or highly confidential, if appropriate under the protective order, "on each page," which QuinStreet has not done. The Court made very clear at the last hearing that the parties should comply with the protective order, including Bates labeling each document that is produced. (November 14 Hearing Tr. at 11:17-24, 18:16-19 ("The other answer is you have [QuinStreet] run the search that you want so [QuinStreet has] an obligation to review the results of that search, *identify them with Bates stamps numbers* and put together a privilege log.")(emphasis added)).

Secondly, the hard drive produced by QuinStreet to Parallel Networks does not comply with paragraph 6 of the Court's standing order on electronic discovery because neither the outlook files nor the network drive files were produced as image files and therefore are not "text searchable image files" as required by the Court's standing default order with respect to electronic discovery. Moreover, contrary to QuinStreet's assertion, QuinStreet did not produce "native files" to Parallel Networks. Rather, Mr. Rios testified that the folder structure of the e-mails was altered when the emails were placed into PST files; Mr. Heller further testified that the

David L. Doyle, Esq.
January 28, 2008
Page 4

QuinStreet engineers were told to copy files from their personal computers to a network hard drive, thus altering the metadata.

Once again, unless QuinStreet agrees by January 30, 2008 to comply by February 6 with the protective order and the standing order on electronic discovery, we intend to raise these issues with the Court.

Very truly yours,

Paul D. Margolis

PDM:ekw

cc:     George S. Bosy, Esq.
        Patrick L. Patras, Esq.
        Anne Shea Gaza, Esq.