IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

        Plaintiff/Counterclaim
        Defendant,

v.

PARALLEL NETWORKS, LLC,

        Defendant/Counterclaim
        Plaintiff.

C.A. No. 06-495-SLR

**PLAINTIFF QUINSTREET'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE AND CROSS-MOTION
FOR LEAVE TO AMEND ITS DECLARATORY JUDGMENT COMPLAINT**

OF COUNSEL:
Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
312-609-7500
and
Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700
Attorneys for Plaintiff QUINSTREET, INC.

Dated: February 8, 2008

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ................................................................................................ 1

II.     BRIEF PROCEDURAL HISTORY ...................................................................... 2

III.    ARGUMENT ........................................................................................................ 3

        A.      Standard of Review ................................................................................... 3

        B.      QuinStreet's Affirmative Defense Is Permitted Under the Applicable
                Rules ......................................................................................................... 3

        C.      QuinStreet's Inequitable Conduct Defense Is Pled with Sufficient
                Specificity Under Rule 9(b) and Will Not Prejudice Parallel ................... 5

IV.     CONCLUSION ...................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

### CASES

*E.I. DuPont de Nemours & Co. v. Millennium Chemicals, Inc.,*
  No. 97-237, 1999 WL 615164 (D. Del. Aug. 2, 1999) .................................................................. 4

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.,*
  50 F.R.D. 415 (D. Del. 1970) ................................................................................................. 4

*McKesson Info. Solution, LLC v. Trizetto Group, Inc.,*
  No. 04-1258 (D. Del. April 20, 2005) ........................................................................................ 3

*Oracle Corporation v. epicRealm Licensing, LP,*
  Case No. 06-414 ......................................................................................................................... 1

*Poole v. Taylor,*
  466 F. Supp. 2d 578 (D. Del. 2006) ........................................................................................... 3

*Proctor & Gamble Co. v. Nabisco Brands, Inc.,*
  697 F. Supp. 1360 (D. Del. 1988) .............................................................................................. 3

*Refuse Fuels, Inc. v. Nat'l Union Fire Ins. Co.,*
  139 F.R.D. 576 (D. Mass. 1991) ................................................................................................ 6

*Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.,*
  No. 04-669, 2006 WL 2931774 (N.D. Tex. Sept. 27, 2006) ..................................................... 5

*Standard Chlorine, Inc. v. Sinibaldi,*
  No. 91-188, 1995 WL 562285 (D. Del. Aug. 24, 1995) ............................................................ 4

### RULES

Fed. R. Civ. P. 7 ................................................................................................................... 2, 4

Fed. R. Civ. P. 9(b) .............................................................................................................. 3, 5

Fed. R. Civ. P. 12 .............................................................................................................. 1, 2, 3

Fed. R. Civ. P. 15(a) ...................................................................................................... 4, 5, 6, 7

Plaintiff QuinStreet Inc. (hereinafter "QuinStreet") submits this cross-motion and response in opposition to Defendant Parallel Networks, LLC's (formerly Defendant epicRealm) motion pursuant to Fed. R. Civ. P. 12(f) to strike QuinStreet's affirmative defense of inequitable conduct:

## I.    **INTRODUCTION**

In its motion, Defendant Parallel Networks, LLC ("Parallel") takes issue with QuinStreet's affirmative defense of inequitable conduct.  In the related action also pending before this Court, *Oracle Corporation v. epicRealm Licensing, LP*, Case No. 06-414, Parallel has also objected to the motion by Plaintiff Oracle Corporation ("Oracle") for leave to amend its declaratory judgment complaint to add a count for inequitable conduct.  (Oracle's Mot. for Leave to Amend Its Declaratory Judgment Compl., D.I. 66, 67)  Oracle's request to add the inequitable conduct claim is based upon the same facts uncovered by QuinStreet through discovery in this litigation.  Evidently, Parallel seeks by its motion to impose costs and attorneys' fees on the parties involved in both this and the Oracle litigation, as its motions are unsupported.  As set forth both in Oracle's motion for leave to amend and its reply in support thereof, which QuinStreet fully adopts in this response, Parallel's motion is unwarranted and should be denied by this Court.  Additionally, given that Parallel has now forced the issue by requiring additional motion practice, and because there are clearly sound bases for QuinStreet's inequitable conduct affirmative defense, QuinStreet by cross-motion joins the motion filed by Oracle and respectfully requests that this Court grant it leave to amend its Complaint to add a count for inequitable conduct[1].

---

[1]  Concurrent with this Response, QuinStreet has filed a Motion for Leave to Amend its Complaint to add a claim for inequitable conduct.

## II.    **BRIEF PROCEDURAL HISTORY**

This action was initiated in August 2006 by QuinStreet against epicRealm, LLC ("epicRealm"), seeking a declaratory judgment that its software products used in conjunction with the delivery of dynamic web pages do not infringe any valid and enforceable claim of the epicRealm patents ("patents-in-suit"). (Complaint, D.I. 1.)    In April 2007, epicRealm counterclaimed for infringement alleging that one or more claims of the patents-in-suit have been infringed by QuinStreet. (D.I. 20.) After epicRealm filed its counterclaim, QuinStreet sought leave from this Court in September 2007 to amend its Complaint to address the allegations raised by epicRealm in its counterclaim[2]. (D.I. 41.) epicRealm initially opposed QuinStreet's request for leave to amend the Complaint. (D.I. 45.)

Pursuant to the Court's order granting it leave to do so, QuinStreet filed its amended Complaint on December 5, 2007. (D.I. 58.) Parallel (who had been substituted as the real party-in-interest for epicRealm) filed its amended answer and counterclaim on December 21, 2007. (D.I. 59.)    Pursuant to Fed. R. Civ. P. 7(a) and 12, QuinStreet timely filed its reply to

---

[2]    QuinStreet may also be required to amend its Complaint to assure that the Declaratory Judgment sought clearly covers all platforms "used in conjunction with the delivery of dynamic web pages." (Am. Compl. for Declaratory Judgment at p. 8, D.I. 58.) Parallel, after seeking and receiving from this Court broad discovery of all QuinStreet platforms that produce dynamic web pages, including those using Microsoft software products, nevertheless now opposes QuinStreet's Motion for Leave to Add Microsoft as a Third-Party Defendant (D.I. 69) while simultaneously trying to preserve its claims relating to QuinStreet's use of Microsoft platforms to deliver dynamic web pages. More specifically, what Parallel seeks to do is to go forward on the Apache-only platforms in this action while reserving the right to later sue QuinStreet in this or some other forum on the Microsoft platforms. (*See* February 5, 2008 letter from D. Doyle to G. Bosy, attached as Ex. A.) Parallel cannot be permitted to unilaterally bifurcate or reserve claims especially in light of the discovery already afforded to Parallel. While QuinStreet hopes to resolve the Microsoft issue with Parallel, it points this matter out to the Court to avoid any later issue if leave to amend is granted and clarification of the complaint to assert that all QuinStreet products that produce dynamic web pages, including Microsoft products, are included in the Amended Declaratory Judgment Complaint. It should be noted that resolution of all issues related to QuinStreet's use of software to produce dynamic web pages has always been the intent of these and prior pleadings.

- 2 -

epicRealm's amended answer and counterclaim on January 10, 2008. (D.I. 63.) Based on facts uncovered through discovery in this case, Quinstreet added to its reply an affirmative defense of inequitable conduct. (*Id.* at 3-4.) Parallel has now filed its motion to strike the affirmative defense of inequitable conduct.

## III.    ARGUMENT

### A.    Standard of Review.

Motions to strike an affirmative defense under Rule 12(f) are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties or if the allegations confuse the issues. *Poole v. Taylor*, 466 F. Supp. 2d 578, 583 (D. Del. 2006) (internal citation omitted); *Proctor & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988). Additionally, courts will not grant a motion to strike unless it appears to a certainty that the movant would succeed despite any state of the facts that could be proven to support the defense. *McKesson Info. Solution, LLC v Trizetto Group, Inc*, No. 04-1258, at *1 (D. Del. April 20, 2005). The Court possesses considerable discretion in disposing of a motion to strike. *Poole*, 466 F. Supp. 2d at 583.

In support of its motion to strike QuinStreet's affirmative defense, Parallel submits both procedural and substantive arguments (1) QuinStreet did not obtain leave of Court prior to filing its answer to Parallel's amended counterclaim; and (2) in any event, the Court should deny leave because such affirmative defense violates Rule 9(b), would unduly prejudice Parallel, and is futile. Parallel's arguments are easily refuted and accordingly, this Court should reject them and deny Parallel's motion.

### B.    QuinStreet's Affirmative Defense Is Permitted Under the Applicable Rules.

Citing a single case from the Northern District of Texas, Parallel accuses QuinStreet of attempting to "sneak in" an affirmative defense without prior leave of Court and in violation of

- 3 -

the Court's May 25, 2007 Scheduling Order. (D.I. 28.) Rather then expending more of the Court's time and resources, QuinStreet filed its reply without seeking leave from the Court because such leave is not required under the rules. It is well-established in this District that in answering an amended pleading, a party is free to answer not simply the amendments, but the new pleading, as if answering an original pleading. *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970) ("Rule 15(a) . . . does not direct a response to the 'amendment,' as it might have, but to the 'amended pleading.'"); *see also Standard Chlorine, Inc. v. Sinibaldi*, No. 91-188, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995).

There is no dispute that Parallel filed an amended answer and counterclaim on December 21, 2007. In filing its reply, QuinStreet merely answered Parallel's amended counterclaim, as it is permitted to do under Rule 7. Parallel asserts that QuinStreet was required to limit its responsive pleading only to those amendments contained in Parallel's amended answer and counterclaim. However, such an interpretation is not supported by the rules or any interpreting case law. *See, e.g., E.I. DuPont de Nemours & Co. v. Millennium Chemicals, Inc.*, No. 97-237, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999) (noting well-established rule that a defendant may include counterclaims in its answer to an amended complaint, even if such counterclaims do not respond directly to amendments); *Joseph Bancroft & Sons*, 50 F.R.D. at 419 (noting that amending pleader "can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading"). QuinStreet was permitted to file an amended affirmative defense, regardless of whether such defense pertained directly to any amendments in Parallel's pleading.

- 4 -

Second, as is clear from the procedural history of this case, QuinStreet did not violate this Court's scheduling order.[3]  Parallel filed an amended answer and counterclaim to QuinStreet's amended Complaint on December 21, 2007. (D.I. 59.)  As required by the federal rules, within 20 days, or on January 10, 2008, QuinStreet filed its reply, which included the inequitable conduct defense at issue in Parallel's motion.  Rather than expend more of this Court's time and resources by seeking additional leave of Court, QuinStreet filed its reply in reliance on both the rules and case law from this District interpreting these procedural rules.[4]  In any event, Parallel's procedural arguments in opposition to QuinStreet's affirmative defense are not supported.  As set forth below and in Oracle's briefing on this issue, QuinStreet's affirmative defense meets the requirements of Rule 15(a) because it does not in any way prejudice Parallel or cause undue delay on these proceedings.

### C.    QuinStreet's Inequitable Conduct Defense Is Pled with Sufficient Specificity Under Rule 9(b) and Will Not Prejudice Parallel.

In apparent recognition of the vulnerability of its procedural argument, Parallel also submits substantive arguments in support of its motion to strike.  First, Parallel asserts that QuinStreet's inequitable conduct defense violates Rule 9(b) because it is not pled with sufficient

---

[3]  Parallel's complaint that QuinStreet violated the Court's scheduling order seems to originate from its sole authority, *Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.*, No. 04-669, 2006 WL 2931774 (N.D. Tex. Sept. 27, 2006).  In that case, the Court struck an amended affirmative defense of inequitable conduct because such defense was raised in a reply that was filed over seven months after the deadline set by the Court to amend the parties' pleadings.  Clearly, the procedural posture in this case is wholly distinguishable from that in *Southwestern Bell*.

[4]  In response to Parallel's initial complaint that QuinStreet had somehow violated the rules in filing its reply to Parallel's amended answer and counterclaim, counsel for QuinStreet requested further explanation and discussion to prevent unnecessary motion practice.  *See* January 29, 2008 e-mail of D. Doyle to P. Patras, attached as Ex. B.)  However, Parallel's only response to QuinStreet's inquiry was the motion to strike currently being briefed.  Parallel did not meet and confer further after Quinstreet's written response and the expense of this pleading and the Court's time have been needlessly required.

- 5 -

particularity. (Mot. to Strike at 10-11, D.I. 76.) Parallel also argues that such defense should not

be allowed under Rule 15(a) because it is futile and prejudicial to Parallel. (*Id.* at 12-14.) As

noted earlier, in related litigation, Plaintiff Oracle has requested leave of this Court to amend its

Complaint to include a claim for inequitable conduct. (Oracle's Mot. for Leave to Amend Its

Declaratory Judgment Compl. ("Oracle's Mot. for Leave") and Reply in Support thereof, D.I. 66,

67; 105.) Oracle's motion is based on the same nucleus of facts giving rise to QuinStreet's

defense of inequitable conduct in these proceedings.

Both Oracle and QuinStreet discovered the facts which form the basis for this claim

through discovery in this litigation. Indeed, it is unreasonable for Parallel to take the position it

is against QuinStreet when it is clear that QuinStreet was only made aware of the facts giving

rise to the inequitable conduct charge through discovery in this litigation. *See Refuse Fuels, Inc.*

*v. Nat'l Union Fire Ins. Co.*, 139 F.R.D. 576, 578-79 (D. Mass. 1991) (noting that "it seems

unreasonable to second-guess the judgment of [plaintiff's] counsel that they did not have a

sufficient basis to assert the affirmative defenses or the counterclaims until after some discovery

which occurred. . . .") Moreover, as Oracle notes in its briefs, discovery is still ongoing and the

parties have just begun taking depositions.

In short, Parallel's arguments in support of its motion to strike QuinStreet's claim are

identical to those asserted in opposition to Oracle's motion for leave. (*See* epicRealm's Memo.

in Opp. to Oracle's Mot. for Leave to Amend Complaint, D.I. 89.) Similarly, QuinStreet's

inequitable conduct defense is nearly identical to Oracle's proposed amended claim for

inequitable conduct. (*See*, *e.g.*, QuinStreet's Second Am. Reply, D.I. 63, at pp. 3-4, ¶¶ 6-10;

Oracle's Mot. for Leave, Ex. B, D.I. 66, at pp. 9-10, ¶¶ 43-50.) Thus, rather than repeat the

arguments presented in Oracle's motion and its reply, QuinStreet fully adopts Oracle's briefs in

response to Parallel's substantive arguments in support of its motion to strike.  Additionally,

QuinStreet adopts Oracle's arguments in support of QuinStreet's cross-motion that this Court

grant it leave under Rule 15(a) to amend its Complaint to include as its Count III a claim for

inequitable conduct.[5]

## CONCLUSION

For all of the foregoing reasons, QuinStreet respectfully requests that this Court enter an

order (1) denying Defendant Parallel Networks, LLC's motion to strike QuinStreet's affirmative

defense of inequitable conduct; and (2) granting QuinStreet leave to amend its Complaint to add

as Count III a claim for inequitable conduct.


OF COUNSEL:

Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
(312)609-7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California  94111
415.693.2000

Dated:  February 8, 2008


*Anne Shea Gaza*

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King  Street
Wilmington, Delaware  19899-0551
302-651-7700
Attorneys for Plaintiff QUINSTREET, INC.


---

[5]  Attached as Exhibits A and B to QuinStreet's Motion for Leave to Amend the Complaint, filed
concurrently with this response, are QuinStreet's Proposed Second Amended Complaint and
blackline noting the proposed changes.


- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, I caused to be served by hand delivery

the foregoing document and electronically filed the same with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon LLP
> 1313 N. Market Street, Hercules Plaza, 6[th] Floor
> P.O. Box 951
> Wilmington, DE 19899

I hereby certify that on February 8, 2008, I sent by Federal Express the foregoing

document to the following non-registered participants:

> Harry J. Roper
> Jenner & Block
> 330 N. Wabash Avenue
> Chicago, IL 60611-7603

Anne Shea Gaza (#4093)

# EXHIBIT A

# VEDDERPRICE

VEDDER PRICE P.C.

222 NORTH LASALLE STREET

CHICAGO, ILLINOIS 60601

312-609-7500

FAX: 312-609-5005

DAVID L. DOYLE
312 609 7782
ddoyle@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

February 5, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:    <u>Microsoft Issue</u>

Dear George:

This letter is a further attempt to resolve our issue with your client's attempt to withdraw or fail to assert claims relating to QuinStreet's use of two Microsoft platforms while purporting to "reserve" or preserve such claims for possible assertion by Parallel at some later time in Delaware or some other forum. Your client's grant of an extension of time to file our reply brief on our Motion For Leave to File third Party Complaint against Microsoft so that this issue can be further discussed is appreciated.

The motion for leave to add Microsoft as a third party defendant is not the real issue. QuinStreet is more than willing to stipulate that the court may enter and continue QuinStreet's motion until Parallel decides whether or not it will accuse QuinStreet's use of Microsoft IIS or IIS/JRUN platforms for the production of dynamic web pages. If Parallel does not accuse QuinStreet's use of Microsoft platforms and foregoes these claims with prejudice after completing discovery or because it desires to narrow the issues, we will, of course, withdraw our motion for leave. If these platforms are later accused and Microsoft refuses to live up to their contractual obligations to QuinStreet at that time, then we will go forward with our motion.

The real issue is the one central to this case. As you yourself argued to Judge Robinson in our first conference on September 20, 2007, "When they [QuinStreet] filed this lawsuit over a year ago, their prayer for relief stated that they [QuinStreet] wanted a ruling that QuinStreet and its software products that are used in conjunction with delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents."

.    .    .

CHICAGO/#1744736.1

# VEDDERPRICE

George S. Bosy
February 5, 2008
Page 2

"In our counterclaim, we [Parallel] also asserted that their systems and methods for managing dynamic web pages were an infringement and so we put them on notice there."

You went on to identify to the Court the platforms at issue in your counterclaim including Microsoft IIS. (Transcript at 39-40). You were told as early as September 20 at this hearing that QuinStreet did not have source code for Microsoft IIS.

Parallel itself identified Microsoft software as being at issue and sought and received voluminous discovery on QuinStreet's use of Microsoft products. Several days before the Court's deadline in the current Scheduling Order for bringing in any third parties, QuinStreet asked whether you intended to proceed with claims involving QuinStreet's use of Microsoft software products. Parallel responded that it intended to proceed with such claims.

It was only with this clear background that QuinStreet sought leave to file its third party action against Microsoft.

QuinStreet has no objection to your client proceeding with appropriate discovery on your potential claims relating to QuinStreet's use of Microsoft software. We believe it is absurd for your client to take the position that it is somehow QuinStreet's fault that you cannot determine at this late date whether Microsoft products used by QuinStreet are alleged to infringe. Your client has raised the issue of infringement by Microsoft products years ago in the Texas litigation and Parallel has had ample time and discovery in Delaware to make this assessment. Parallel has long known that only Microsoft itself has source code for its products yet Parallel has not sought any discovery from Microsoft to obtain such information.

It is clear from the Court's grant to Parallel of broad discovery on all QuinStreet's platforms that in your words "are used in conjunction with the delivery of dynamic Web pages" that Microsoft products are at issue in your counterclaim. At a minimum, claims against QuinStreet for its use of Microsoft software, in light of the discovery, are compulsory counterclaims.

QuinStreet does not intend to proceed with expensive declaratory judgment litigation in a piecemeal fashion. If necessary, we will seek relief from the Court. Your client must decide whether to pursue or forego claims against QuinStreet based upon its use of Microsoft products.

QuinStreet requests that your client reconsider its position that it seeks to withdraw and/or fail to assert "Microsoft Claims" without prejudice. We request that you promptly make a decision either to continue discovery on all QuinStreet platforms, including Microsoft platforms, and resolve our disputes in this litigation or agree to withdraw your potential Microsoft claims against QuinStreet at this time with prejudice. It is understood that your client's withdrawal of Microsoft claims or failure to assert them against QuinStreet, with prejudice, as to QuinStreet

VEDDERPRICE

George S. Bosy
February 5, 2008
Page 3

would not be a substantive determination or preclude Parallel's right to proceed against other parties or Microsoft itself in the future. If we need to clarify that distinction with the Court, we have no objection.

We look forward to hearing from you at your earliest convenience on this issue which is central to our proceeding with the case. I will be in my office until this Friday at noon but, as told to you on several prior occasions, hard to reach next week while I am out of town on other business.

Very truly yours,

David L. Doyle

DLD/bc
Enclosure
cc:    Robert S. Beiser
       Ludwig E. Kolman
       Robert S. Rigg
       Anne Gaza (via e-mail)
       Patrick Patras (via e-mail)
       Benjamin J. Bradford (via e-mail)
       Paul D. Margolis (via e-mail)
       Robert J. Artuz (via e-mail)
       Anne Gaza (via e-mail)

# EXHIBIT B

**From:** DAVID DOYLE
**To:** PPatras@Jenner.com
**Date:** Tue, Jan 29, 2008 3:39 PM
**Subject:** Re: QuinStreet v. Parallel Networks

Pat,

I am not sure why you state that my client needed leave of court to add the defense as our amended response to your counterclaim was required by your client's amended counterclaim. Our pleading sets forth the basis for your client's inequitable conduct, so I am also puzzled on that score. As you know, the USPTO has granted three reexams based on citation of prior art not disclosed by your client's patent application. If you merely want us to amend to add additional particularity to our pleadings, we are willing to do so, but believe we are entitled to this defense. Let me know if we can avoid motion practice on this matter.

Dave

David L. Doyle
312/609-7782
Vedder Price P.C.
ddoyle@vedderprice.com

**CC:**    Anne Gaza; aterry@jenner.com; dmoore@potteranderson.com; GBosy@jenner.com; LUDWIG KOLMAN; rhorwitz@potteranderson.com; ROBERT BEISER; ROBERT RIGG