IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

        Plaintiff,

v.

PARALLEL NETWORKS, LLP,

        Defendant.

C.A. No. 06-495 (SLR)

**PLAINTIFF QUINSTREET, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT
AGAINST MICROSOFT CORPORATION**

OF COUNSEL:
Robert S. Beiser
Ludwig E. Kolman
David L. Doyle
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
312-609-7500

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000

Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700
Attorneys for Plaintiff QUINSTREET, INC.

Dated: February 14, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................... ii

I.      INTRODUCTION .................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 4

        A.      Applicable Standard ................................................................................ 4

        B.      Microsoft Is A Proper Third-Party Defendant In This Action ............... 5

                1.      Parallel's Position In This Litigation Requires That Microsoft Be
                        Added As A Third Party ............................................................... 5

                2.      Microsoft's Presence In This Litigation Is Proper Under Rule 14 ............ 9

III.    CONCLUSION ................................................................................................... 11

RLF1-3254140-1

# TABLE OF AUTHORITIES

Page

## CASES

*Craigie v. Gen. Motors Corp.,*
  740 F. Supp. 353 (E.D. Pa.1990) ................................................................................. 4

*Etak, Inc. v. Zexel USA Corp.,*
  No. 94-4041, 1995 WL 621829 (N.D. Cal. Oct. 18, 1995) ................................... 7, 10

*Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.,*
  286 F.2d 631 (3rd Cir. 1961) ....................................................................................... 5

*Hines v. Citibank, N.A.,*
  No. 96 CV 2565, 1999 WL 440616 (S.D.N.Y. June 28, 1999) ................................... 4

*McGrath v. Lund's Fisheries, Inc.,*
  170 F. Supp. 173 (D. Del. 1959) ................................................................................. 4

*Parallel Networks, LLC v. Priceline.com Inc. et al.,*
  No. 08-CV-45 (E.D. Tex. 2008) ................................................................................. 2

*Phillip M. Adams & Assocs., LLC v. Dell, Inc.,*
  No. 05-CV-64, 2006 WL 3840168 (D. Utah Dec. 21, 2006) ..................................... 7

*Remington Arms Co. v. Liberty Mut. Ins. Co.,*
  748 F. Supp. 1057 (D. Del.1990) ....................................................................... 4, 9, 10

*Rohm & Haas Co. v. Brotech Corp.,*
  770 F. Supp. 928 (D. Del. 1991) ................................................................................. 5

*Single Chip Sys. Corp. v. Intermec IP Corp.,*
  495 F. Supp. 2d 1052 (S.D. Cal. 2007) ....................................................................... 5

*Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.,*
  No. 405-0118, 2006 WL 3050810 (N. D. Ga. Oct. 23, 2006) ..................................... 7

*United States v. New Castle County,*
  111 F.R.D. 628 (D. Del. 1986) ................................................................................. 4

- ii -

**TABLE OF AUTHORITIES**
(continued)

Page

## OTHER AUTHORITIES

6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
    FEDERAL PRACTICE AND PROCEDURE § 1442 (West 2007)..........................................................4

## RULES

Fed. R. Civ. P Rule 13(a) .................................................................................................................5, 6

FED. R. CIV. P. 14...............................................................................................................*passim*

- iii -

Plaintiff QuinStreet Inc. ("QuinStreet") submits its reply in support of its Motion for Leave to File Third-Party Complaint against Microsoft Corporation, and states:

## I.    **INTRODUCTION**

Parallel in its opposition brief seeks to unilaterally defeat the central purpose of QuinStreet's declaratory judgment action. QuinStreet commenced this litigation in order obtain clarity and finality regarding its use of website server software. It seeks a declaratory judgment binding upon Parallel that, *inter alia*, none of QuinStreet's software platforms that generate dynamic web pages—this being the subject matter of the two patents at issue—infringe those patents. (D.I. 1.) Two of the software platforms used by QuinStreet in its business of operating websites employ Microsoft's IIS server software. The issue of QuinStreet's permissible use of Microsoft IIS software was raised by QuinStreet and is squarely at issue in the case. In response to QuinStreet's Complaint, Parallel admitted that an actual controversy existed, and also counterclaimed generally that QuinStreet's sites which produce dynamic web pages do infringe its patents. (Parallel's Ans. and Counterclaim, D.I. 20.)

As the case went forward and discovery was initiated, Parallel sought and QuinStreet provided discovery regarding its Microsoft IIS websites, and in particular, all data in its possession regarding the IIS software. After putting QuinStreet to great expense and effort in responding to discovery of its use of Microsoft products, Parallel seeks to cease discovery, reserve its claims, and determine whether to challenge QuinStreet's use of Microsoft products at some future date. This Court should reject Parallel's position and require it to continue discovery and assertion of any claims of infringement, or dismiss with prejudice any claims that QuinsStreet's use of IIS server software infringes.

At various times during the discovery process, QuinStreet has requested Parallel to state whether it contended that QuinStreet's IIS platforms infringed its patents in order to make a determination regarding the need to bring a third-party claim against Microsoft. (*See, e g*, D. Doyle's December 27, 2007 letter to G. Bosy attached hereto as Ex. A.)[1]   Parallel has consistently refused to provide Quinstreet with a definitive response to this request.   Instead, its position is and has been that the IIS could infringe, depending on how it is configured, but that Parallel somehow does not have enough information regarding QuinStreet's usage, notwithstanding the voluminous discovery to date, to determine whether those sites do or do not infringe.   (A true and correct copy of G. Bosy's December 28, 2007, letter to D. Doyle is attached hereto as Ex. C.)   Based on this purported lack of sufficient information, Parallel has indicated that it does not intend to pursue the Microsoft sites in this case, but reserves the right to sue on those sites in subsequent litigation.[2]   (*Id.*)   Parallel cannot unilaterally withdraw or fail to assert claims at its option to avoid a declaration in favor of QuinStreet in this action.   Neither QuinStreet nor this or another Court should be required to litigate all over again the issues raised by QuinStreet here.

---

[1]   On February 5, 2008, in an effort to resolve the issue prior to filing this reply memorandum, counsel for QuinStreet again requested that Parallel clarify its position regarding its intention to accuse QuinStreet's Microsoft platforms of infringement.   (A true and correct copy of D. Doyle's February 5, 2008 letter to G. Bosy is attached hereto as Ex. B.)   In that letter, QuinStreet offered to withdraw its motion for leave to add Microsoft if Parallel agreed to withdraw any potential Microsoft claims with prejudice.   (*Id.* at 2.)   Parallel did not respond to QuinStreet's request.

[2]   Parallel's refusal to clarify its position is particularly troubling given that it is currently pursuing infringement claims relating to the Microsoft IIS platform, based upon the same patents at issue here.   *See Parallel Networks, LLC v. Priceline.com Inc. et al.*, No. 08-CV-45 (E.D. Tex. 2008) (A true and correct copy of the Complaint in that action is attached hereto as Ex. D.   The complaint does not specifically refer to IIS software, but publicly available information indicates that Priceline uses only IIS software to power its web sites.).   Given its pursuit of Microsoft IIS platforms as used by other defendants, Parallel's refusal to clarify its claims in this action is unreasonable.

- 2 -

In light of the Scheduling Order in this case which requires that all motions to join third parties be filed on or before January 4, 2008 (D.I. 28), QuinStreet had no option but to bring its motion to file a third-party complaint against Microsoft to enforce Microsoft's indemnification agreement with Quinstreet. (D.I. 60.) The IIS sites operated by QuinStreet have clearly been "put into play" by QuinStreet. Parallel's Counterclaim, which pleads generally that QuinStreet's systems infringe its patents, does so as well. Under the Federal Rules, Parallel is not free to split its cause of action and decide unilaterally that it will pursue its claims against some of QuinStreet's sites, but not others. It must make its case as to all of QuinStreet's sites now, or forever hold its peace. QuinStreet has offered and continues to offer to withdraw its motion to add Microsoft as a party to the case if Parallel withdraws with prejudice its claims as to QuinStreet's IIS sites. This Parallel has refused to do, leaving QuinStreet no choice but to bring its motion.

On January 4, 2008, and pursuant to Rule 14(b), QuinStreet filed its Motion for Leave to implead Microsoft as a third-party defendant, based upon the indemnification provision in Microsoft's Licensing Agreement ("Licensing Agreement") (D.I. 60.) On January 18, 2008, Parallel filed its brief in opposition to QuinStreet's motion. (D.I. 69.) In its opposition brief, Parallel argues Microsoft should not be added as a third-party defendant because (1) there is no case or controversy between Microsoft and QuinStreet because *as yet*, Parallel has not accused QuinStreet's Microsoft platforms of infringement; and (2) adding Microsoft would unnecessarily complicate this action, expand the scope of discovery, and delay resolution of this action on the merits. (Resp. in Opp. at 2, D.I. 69.) As set forth below, Parallel's arguments are unsupported and accordingly, this Court should grant QuinStreet's motion to implead Microsoft, or, alternatively, enter and continue the motion until after Parallel completes discovery and files its

- 3 -

infringement contentions, including any it may have against Microsoft products. Additionally, if Parallel agrees to withdraw its potential claims against QuinStreet's Microsoft platforms, with prejudice, QuinStreet will withdraw this motion for leave to add Microsoft as a third-party defendant.

## II.    **ARGUMENT**

### A.    **Applicable Standard.**

The purpose of Rule 14 is to promote judicial economy by eliminating the need for a defendant to bring a separate action against a third-party who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's claim. *See McGrath v. Lund's Fisheries, Inc.*, 170 F. Supp. 173, 175 (D. Del. 1959) (noting that purpose of joinder of third-parties under Rule 14 is to allow claims growing out of the same transaction to be consolidated and treated in one proceeding and thus to eliminate separate suits involving most of the same facts and contentions); *see also Hines v. Citibank, N.A.*, No. 96 CV 2565, 1999 WL 440616, at *2 (S.D.N.Y. June 28, 1999). Joinder of a third-party by motion is a matter within the sound discretion of the district court. *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del.1990); 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1442 (West 2007) ("Because Rule 14 is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally."). In exercising this discretion, courts generally consider (1) possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) of the motion to implead. *See Remington*, 748 F. Supp. at 1968; *Craigie v. Gen. Motors Corp.*, 740 F. Supp. 353, 359 (E.D. Pa.1990); *see also United States v. New Castle County*, 111 F.R.D. 628, 632 (D. Del. 1986) (noting Rule 14's goal of avoiding circuity of actions and a multiplicity of suits). Here, adding Microsoft as a

- 4 -

third-party defendant if Parallel seeks to reserve its claims accomplishes the goals of Rule 14 because it would avoid multiplicity of suits and promote judicial economy.

**B.    Microsoft Is A Proper Third-Party Defendant In This Action.**

**1.    Parallel's Position In This Litigation Requires That Microsoft Be Added As A Third Party.**

The crux of Parallel's argument is that Microsoft need not be added as a third-party defendant because Parallel has decided it will not pursue *in this action* claims of infringement against QuinStreet's two Microsoft platforms. Parallel argues that it should be able to preserve such claims so as not to complicate this action. (Ex. C.) This position is untenable and is not permitted under the Federal Rules. Fed. R. Civ. P Rule 13(a) provides as follows: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13; *see also Great Lakes Rubber Corp. v. Herbert Cooper Co., Inc.*, 286 F.2d 631, 634 (3rd Cir. 1961) (holding that Rule 13 requires that where multiple claims involve the same factual issues, or arise from the same basic controversy between the parties, claims must be considered as part of same action in the interests of fairness and considerations of convenience); *Rohm & Haas Co. v. Brotech Corp.*, 770 F. Supp. 928, 934 (D. Del. 1991) (noting that, in context of patent infringement case, compulsory counterclaim test under Rule 13(a) promotes judicial economy by requiring litigants to consolidate all related claims in one forum); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, (S.D. Cal. 2007) (noting that claim splitting will not be permitted where infringement counterclaim was based on same patent at issue in declaratory judgment complaint). Under these authorities, Parallel is not permitted to reserve its claims against

- 5 -

QuinStreet arising out of its use of Microsoft products for another day and another Court. Those claims must be asserted and resolved in this litigation.

And plainly they were asserted here. Parallel's counterclaim is a broad as QuinStreet's Amended Complaint and is generally applicable to all of QuinStreet's web site platforms. Indeed, QuinStreet's Amended Complaint, in Exhibit C, documents Parallel's contention that Microsoft's IIS server software can infringe. These pleadings, of course, were the basis for Parallel's discovery of QuinStreet's IIS platforms in this case. Parallel's assertion in its Opposition that it has not accused Microsoft platforms of infringement is thus contrary to the record. In QuinStreet's Amended Complaint, QuinStreet seeks a declaration that the products "accused in the Counterclaim" do not infringe Parallel's patents. (D.I. 58.) Parallel's Counterclaim (and Amended Counterclaim) broadly accuse all of QuinStreet's products of infringement, and do not specify or carve-out QuinStreet's IIS platforms.[3] (D.I. 20, 59.) Indeed, Parallel specifically identified QuinStreet's Microsoft platforms as implicating Parallel's patents. (Sept. 27, 2007 Tr. at 39-40, D.I. 43; Resp. in Opp. at 1 n.1, D.I. 69.) Parallel cannot be permitted to reserve potential claims related to the Microsoft platforms while this litigation continues, and then decide at a later date to seek additional discovery or pursue additional claims related to the Microsoft platforms. As discussed above, such a position is contrary to the letter and spirit of Rule 13, as well as to general notions of judicial economy.

---

[3]    Counsel for Parallel explained his understanding of the scope of the controversy in the September 20, 2007 discovery conference: QuinStreet "wanted a ruling that QuinStreet and its software products that are used in conjunction with delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents." (September 20, 2007 Tr. at 26, D.I. 43.) With respect to its counterclaim, counsel for Parallel stated, "In our counterclaim, we [Parallel] also asserted that their systems and methods for managing dynamic web pages were an infringement and so we put them on notice there." (*Id.*) Parallel has never taken the position that it or QuinStreet's claims did not include Microsoft.

- 6 -

Alternatively, Parallel must be required to make a final decision regarding whether it intends to pursue its Microsoft claims.[4]  If it agrees to withdraw any such claims with prejudice, QuinStreet's motion would become moot.

As QuinStreet has already stated to Parallel, QuinStreet agrees that adding Microsoft as a party in this action is not necessary *if* Parallel agrees to relinquish, with prejudice, any potential infringement claims against QuinStreet and its customers relating to the Microsoft platforms. Indeed, QuinStreet has offered to withdraw its motion for leave to add Microsoft as a third-party defendant if Parallel agrees to withdraw its Microsoft claims with prejudice. (Ex. B at 2.)  This Parallel has refused to do, thereby necessitating this motion.

Recent decisions from various jurisdictions demonstrate that impleading third parties in circumstances where the alleged infringer and the third party have an indemnification agreement is commonplace in patent infringement suits.  *See, e.g., Phillip M. Adams & Assocs., LLC v. Dell, Inc.*, No. 05-CV-64, 2006 WL 3840168, at *2 (D. Utah Dec. 21, 2006) (granting defendant's motion to file third-party complaint seeking indemnification from third parties, where plaintiff accused defendant of infringement and where third parties may be liable in part for any infringement); *Tillotson Corp. v. Shijiazhaung Hongray Plastic Prods., Ltd.*, No. 405-0118, 2006 WL 3050810, at *1 (N. D. Ga. Oct. 23, 2006) (holding that impleader of third-party defendant was appropriate under Rule 14 where third-party defendant may be liable for alleged infringement); *Etak, Inc. v. Zexel USA Corp.*, No. 94-4041, 1995 WL 621829, at *3-4 (N.D. Cal.

---

[4]  As previously stated, QuinStreet would not oppose having this motion entered and continued pending the completion of discovery, as the timing of QuinStreet's motion was dictated by the Court's Scheduling Order.   Contrary to Parallel's characterization of discovery to date, QuinStreet has no objection to any attempt by Parallel to seek discovery or pursue any infringement claims relating to the two Microsoft platforms.  Indeed, adding Microsoft as a third party defendant would facilitate such discovery.

- 7 -

Oct. 18, 1995) (denying motion to strike third-party complaint against defendants where license agreement between alleged infringer defendant and third-party defendants provided for indemnification for patent infringement). This is especially true here, where discovery has not yet closed, depositions have just begun, no dispositive motions have been filed, and trial is not scheduled to commence for almost a year.

Finally, Parallel's complaint regarding QuinStreet's alleged failure to produce Microsoft-related discovery demonstrates why Microsoft must be added as a third-party. As early as the initial discovery conference in September 2007, QuinStreet informed Parallel that it did not have source code for the Microsoft platforms.[5] (Tr. at 41, D.I. 43.) Despite this, Parallel has continued to seek IIS source code from QuinStreet and has continued to lodge complaints of inadequate production when none has been forthcoming. Parallel has produced all Microsoft-related discovery in its possession and control. (*See, e.g.*, Group Exhibit E.) Notably, though Parallel has received all discovery in QuinStreet's possession relating to Microsoft and still contends it cannot determine whether infringement is occurring, it has not subpoenaed Microsoft directly for any documents or files relating to the IIS platforms in this action. If Parallel is contending that the information QuinStreet has provided as to its IIS software platforms is insufficient to permit Parallel to determine whether those platforms infringe, then it would seem that Microsoft is the only party in a position to produce documents or files that will allow

---

[5]  Counsel for QuinStreet has informed counsel for Parallel several times since that September 2007 discovery conference that QuinStreet does not have Microsoft source code. (*See, e.g.*, D. Doyle's January 25 and February 1, 2008 letters to G. Bosy, attached as Group Exhibit E.) Source code is what the programmer writes and is written in words and symbols which can be read and understood by persons who are familiar with the programming language. A purchaser of Microsoft's IIS software does not receive source code, but rather receives compiled code, which is a machine readable format consisting exclusively of strings of zero's and one's. Microsoft alone has custody of the source code. Parallel has known of this for a long time, at least as early as January, 2006.

Parallel to "make an informed decision" whether to accuse QuinStreet's Microsoft platforms of infringement. (Resp. in Opp. at 5.) For this additional reason, and given Parallel's refusal to make a decision regarding any Microsoft-related claims, Microsoft must be added as a third-party defendant.

### 2.    Microsoft's Presence In This Litigation Is Proper Under Rule 14.

Parallel contends that adding Microsoft as a third party will "needlessly complicate" this action" and "would likely result in a delay of resolution of the case on the merits." (Resp. in Opp. at 7, D.I. 69.) Parallel's arguments are without merit. In determining whether to grant motions to implead third-party defendants, courts generally consider (1) possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion to implead. *See Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1968 (D. Del. 1990).

Here, all of the factors favor granting QuinStreet's motion. First, QuinStreet moved to add Microsoft as a party prior to the deadline set by the Court in its May 24, 2007 scheduling order. QuinStreet's adherence to the Court's own scheduling order demonstrates that adding Microsoft is unlikely to cause any unnecessary delay. Moreover, Parallel has been allowed to investigate its potential claims against Microsoft since the time it filed its Counterclaim in April 2007 and has been free to seek discovery from both QuinStreet and directly from Microsoft since that time. Any potential delay is based upon Parallel's decision not to seek discovery directly from Microsoft.

Second, impleading Microsoft based on the indemnification provision in its Agreement with QuinStreet will not unnecessarily complicate issues. This element of the indemnification issue arises from the same aggregate core of facts which is determinative of Parallel's potential

claims.   The issue is simple – if Parallel accuses QuinStreet's Microsoft platforms of infringement, QuinStreet will seek indemnification from Microsoft based upon the indemnification provision in its Licensing Agreement with Microsoft.  Indeed, other courts have rejected arguments that adding a third-party based on an indemnification provision would "unnecessarily complicate" issues.  *See Etak, Inc. v. Zexel USA Corp.*, No. 94-4041, 1995 WL 621829, at *6 (N.D. Cal. Oct. 18, 1995) (noting that adding third-party defendant based on indemnification provision between it and alleged infringer will not unnecessarily complicate issues, as any complexity in the litigation derives from the patent infringement claims, not interpretation of indemnification agreement).  As in *Etak*, any complexity in this litigation arises from the patent infringement claims, not from the interpretation of the indemnification provision. This is particularly true given that QuinStreet's request was made prior to the discovery cutoff, and that any issues surrounding the application or interpretation of the indemnification provision will not involve Parallel.

Finally, Parallel asserts that QuinStreet will not be prejudiced if its motion is denied. (Resp. in Opp. at 8, D.I. 69.)  However, this is not the standard under Rule 14.  In addition to the factors set forth above, the question considered by the courts on motions to implead third-party defendants under Rule 14 is whether the *plaintiff* (here, counterplaintiff) would be prejudiced were the third-party added.  *See Remington*, 748 F. Supp. at 1068.  Clearly, in addition to not being prejudicial to Parallel, adding Microsoft as a third party in this action would in fact assist Parallel in making "an informed decision" regarding whether to accuse the Microsoft platforms of infringement.   Parallel has already identified QuinStreet's two Microsoft platforms as implicating Parallel's patents, and has maintained that discovery relating to Microsoft is necessary to allow it to narrow its claims.  Microsoft's presence in this suit would aid the

- 10 -

discovery process and expedite the resolution of the claims in this action. Parallel contends that

QuinStreet can later file suit against Microsoft in a separate action. (Resp. in Opp. at 8, D.I. 69).

However, Parallel's alternative would cause the kind of multiplicity and circuitry of suits that

Rule 14 was designed to prevent. Accordingly, such arguments should be rejected, and

QuinStreet respectfully requests that its motion be granted.

## III.    CONCLUSION

For all of the foregoing reasons, QuinStreet respectfully requests that this Court enter an

order granting QuinStreet leave to file its Third-Party Complaint against Microsoft Corporation

and granting QuinStreet any further relief it deems just.

| | |
|---|---|
| | *Anne Shea Gaza* |
| | Jeffrey L. Moyer (#3309) |
| OF COUNSEL: | moyer@rlf.com |
| | Anne Shea Gaza (#4093) |
| Robert S. Beiser | gaza@rlf.com |
| Ludwig E. Kolman | Richards, Layton & Finger |
| David L. Doyle | One Rodney Square |
| Vedder Price P.C. | 920 N. King Street |
| 222 North LaSalle Street | Wilmington, Delaware  19899-0551 |
| Chicago, Illinois 60601 | 302-651-7700 |
| (312)609-7500 | Attorneys for Plaintiff QUINSTREET, INC. |

and

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California  94111
415.693.2000

Dated:  February 14, 2008

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I caused to be served by hand delivery

the foregoing document and electronically filed the same with the Clerk of Court using

CM/ECF which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> David E. Moore
> Potter Anderson & Corroon LLP
> 1313 N. Market Street, Hercules Plaza, 6th Floor
> P.O. Box 951
> Wilmington, DE 19899

I hereby certify that on February 14, 2008, I sent by Federal Express the foregoing

document to the following non-registered participants:

> Harry J. Roper
> Jenner & Block
> 330 N. Wabash Avenue
> Chicago, IL 60611-7603

Anne Shea Gaza (#4093)

# EXHIBIT A

David L. Doyle
312-609-7782
ddoyle@vedderprice.com

December 27, 2007

**By Hand Delivery and E-mail**

George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:     Quinstreet, Inc. v. Epicrealm Licensing, L.P.
        Case No. 06-CV-495 (SLR)

Dear George:

It is my understanding from speaking with your office that you are in the office both today and tomorrow.  Since filing its counterclaim in Delaware, Epicrealm, now Parallel Networks, has pursued discovery and has implicated platforms used by Quinstreet which employ Microsoft IIS web server technology and software.  As you know, the Court's scheduling order provides that any third party actions must be filed by January 4, 2008.  We request that you immediately notify us if your client has decided that it will not include Microsoft products or platforms using Microsoft products in its claims for infringement against Quinstreet in Delaware.  Likewise, if your client has determined either that it is claiming infringement by Microsoft products or platforms using Microsoft products or seeks to reserve the right to make such claims of infringement on or after January 4, 2008 we request immediate notice of that fact.  My clients need a reasonable time to determine whether any action is required on their part before the Court's approaching deadline.

Thanks for your attention to this matter.

Very truly yours,

David L. Doyle

DLD/njm
cc:     Robert S. Beiser
        Ludwig E. Kolman
        Robert Rigg

VEDDERPRICE

George S. Bosy
December 27, 2007
Page 2

# EXHIBIT B

# VEDDERPRICE

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

DAVID L. DOYLE
312-609-7782
ddoyle@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

February 5, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:    <u>Microsoft Issue</u>

Dear George:

This letter is a further attempt to resolve our issue with your client's attempt to withdraw or fail to assert claims relating to QuinStreet's use of two Microsoft platforms while purporting to "reserve" or preserve such claims for possible assertion by Parallel at some later time in Delaware or some other forum. Your client's grant of an extension of time to file our reply brief on our Motion For Leave to File third party Complaint against Microsoft so that this issue can be further discussed is appreciated.

The motion for leave to add Microsoft as a third party defendant is not the real issue. QuinStreet is more than willing to stipulate that the court may enter and continue QuinStreet's motion until Parallel decides whether or not it will accuse QuinStreet's use of Microsoft IIS or IIS/JRUN platforms for the production of dynamic web pages. If Parallel does not accuse QuinStreet's use of Microsoft platforms and foregoes these claims with prejudice after completing discovery or because it desires to narrow the issues, we will, of course, withdraw our motion for leave. If these platforms are later accused and Microsoft refuses to live up to their contractual obligations to QuinStreet at that time, then we will go forward with our motion.

The real issue is the one central to this case. As you yourself argued to Judge Robinson in our first conference on September 20, 2007, "When they [QuinStreet] filed this lawsuit over a year ago, their prayer for relief stated that they [QuinStreet] wanted a ruling that QuinStreet and its software products that are used in conjunction with delivery of dynamic web pages do not infringe, literally or under the doctrine of equivalents."

VEDDERPRICE

George S. Bosy
February 5, 2008
Page 2

"In our counterclaim, we [Parallel] also asserted that their systems and methods for managing dynamic web pages were an infringement and so we put them on notice there.

You went on to identify to the Court the platforms at issue in your counterclaim including Microsoft IIS. (Transcript at 39-40). You were told as early as September 20 at this hearing that QuinStreet did not have source code for Microsoft IIS.

Parallel itself identified Microsoft software as being at issue and sought and received voluminous discovery on QuinStreet's use of Microsoft products. Several days before the Court's deadline in the current Scheduling Order for bringing in any third parties, QuinStreet asked whether you intended to proceed with claims involving QuinStreet's use of Microsoft software products. Parallel responded that it intended to proceed with such claims.

It was only with this clear background that QuinStreet sought leave to file its third party action against Microsoft.

QuinStreet has no objection to your client proceeding with appropriate discovery on your potential claims relating to QuinStreet's use of Microsoft software. We believe it is absurd for your client to take the position that it is somehow QuinStreet's fault that you cannot determine at this late date whether Microsoft products used by QuinStreet are alleged to infringe. Your client has raised the issue of infringement by Microsoft products years ago in the Texas litigation and Parallel has had ample time and discovery in Delaware to make this assessment. Parallel has long known that only Microsoft itself has source code for its products yet Parallel has not sought any discovery from Microsoft to obtain such information.

It is clear from the Court's grant to Parallel of broad discovery on all QuinStreet's platforms that in your words "are used in conjunction with the delivery of dynamic Web pages" that Microsoft products are at issue in your counterclaim. At a minimum, claims against QuinStreet for its use of Microsoft software, in light of the discovery, are compulsory counterclaims.

QuinStreet does not intend to proceed with expensive declaratory judgment litigation in a piecemeal fashion. If necessary, we will seek relief from the Court. Your client must decide whether to pursue or forego claims against QuinStreet based upon its use of Microsoft products.

QuinStreet requests that your client reconsider its position that it seeks to withdraw and/or fail to assert "Microsoft Claims" without prejudice. We request that you promptly make a decision either to continue discovery on all QuinStreet platforms, including Microsoft platforms, and resolve our disputes in this litigation or agree to withdraw your potential Microsoft claims against QuinStreet at this time with prejudice. It is understood that your client's withdrawal of Microsoft claims or failure to assert them against QuinStreet, with prejudice, as to QuinStreet

VEDDERPRICE

George S. Bosy
February 5, 2008
Page 3

would not be a substantive determination or preclude Parallel's right to proceed against other parties or Microsoft itself in the future.  If we need to clarify that distinction with the Court, we have no objection.

We look forward to hearing from you at your earliest convenience on this issue which is central to our proceeding with the case.  I will be in my office until this Friday at noon but, as told to you on several prior occasions, hard to reach next week while I am out of town on other business.

Very truly yours,

David L. Doyle

DLD/bc
Enclosure
cc:     Robert S. Beiser
        Ludwig E. Kolman
        Robert S. Rigg
        Anne Gaza (via e-mail)
        Patrick Patras (via e-mail)
        Benjamin J. Bradford (via e-mail)
        Paul D. Margolis (via e-mail)
        Robert J. Artuz (via e-mail)
        Anne Gaza (via e-mail)

# EXHIBIT C

JENNER&BLOCK

December 28, 2007

Jenner & Block LLP       Chicago
330 N. Wabash Avenue     Dallas
Chicago, IL 60611        New York
Tel 312-222-9350         Washington, DC
www.jenner.com

**VIA EMAIL**

David L. Doyle, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, Illinois 60601

Paul D. Margolis
Tel 312 923-8323
Fax 312 923-8423
pmargolis@jenner.com

Re:     *QuinStreet, Inc. v. Parallel Networks, LLC* (C.A. No. 06-cv-495 (SLR))

Dear Dave:

This letter is in response to your December 27, 2007 letter, asking Parallel Networks to inform QuinStreet whether or not Parallel Networks accuses the Microsoft IIS Web server technology and software of infringement in this case.

As we previously informed you in our October 27, 2007 letter and our November 2, 2007 letter, we are not in a position to make any contention one way or the other with respect to the Microsoft IIS and Microsoft IIS/JRun platforms. In order to be able to make a decision on this issue, we need prompt production of all documents relating to how QuinStreet operates and configures the Microsoft platforms, including all configuration files and source code for operating the Microsoft platforms. QuinStreet also should produce its installation and configuration instructions for IIS (*i.e.*, the documentation used to add a new server), IIS system configuration diagrams, Windows system requirements (*e.g.*, an identification of the version of the Windows Operating System being used, any additional Microsoft components, and/or any third party components), the IIS and Windows registry settings, and any logs associated with the operation of QuinStreet's Web Products and Services.

Plainly, your delay in producing the requested documents has been the cause of your perceived difficulties. In order to move this along, please notify us as to whether the requested documents have been produced and where those documents can be found.

Very truly yours,

Paul D. Margolis

PDM:ekw

cc:     George S. Bosy, Esq.
        Patrick L. Patras, Esq.
        Anne Shea Gaza, Esq.

1611595.4

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARALLEL NETWORKS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PRICELINE.COM INC.; | § | Civil Action No. 2:08-cv-45 |
| ORBITZ, LLC; | § | |
| WALGREEN CO.; | § | |
| OFFICEMAX INC.; | § | |
| SHUTTERFLY, INC.; | § | |
| SAKS INC.; and | § | |
| CLARK WAMBERG, LLC | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Parallel Networks, LLC, brings this action for patent infringement and alleges the following:

## I. PARTIES

1.    Plaintiff Parallel Networks, LLC ("Parallel Networks") is a Texas limited liability company with its principal place of business in Dallas, Dallas County, Texas.

2.    On information and belief, defendant Priceline.com Inc. ("Priceline.com") is a Delaware corporation, with its principal place of business at 800 Connecticut Ave, Suite 3W01, Norwalk, Connecticut 06854, and is doing business in the Eastern District and elsewhere in the State of Texas.  Priceline.com may be served with process by service upon its registered agent, Corporation Service Company, 800 Brazos Street, Austin, Texas 78701.

3.    On information and belief, defendant Orbitz, LLC ("Orbitz") is a Delaware corporation, with its principal place of business at 500 West Madison Street, Suite 1000,

1

Chicago, Illinois 60661, and is doing business in the Eastern District and elsewhere in the State of Texas. Although Orbitz has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Orbitz may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

      4.     On information and belief, defendant Walgreen Co. ("Walgreen") is an Illinois corporation, with its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015, and is doing business in the Eastern District and elsewhere in the State of Texas. Walgreen may be served with process by service upon its registered agent, The Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

      5.     On information and belief, defendant OfficeMax Inc. ("OfficeMax") is a Delaware corporation, with its principal place of business at 263 Shuman Blvd., Naperville, Illinois 60563, and is doing business in the Eastern District and elsewhere in the State of Texas. OfficeMax may be served with process by service upon its registered agent, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

      6.     On information and belief, defendant Shutterfly, Inc.("Shutterfly") is a Delaware corporation, with its principal place of business at 2800 Bridge Parkway, Redwood City, California 94065. Although Shutterfly has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Shutterfly may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

2

7.      On information and belief, defendant Saks Inc. ("Saks") is a Tennessee corporation, with its principal place of business at 12 East 49th St., New York, New York 10017. Although Saks has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Saks may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

8.      On information and belief, defendant Clark Wamberg, LLC ("Clark Wamberg") is a Delaware corporation, with its principal place of business at 102 S. Wynstone Park Drive, Suite 200, North Barrington, Illinois 60010, and is doing business in the Eastern District and elsewhere in the State of Texas. Clark Wamberg may be served with process by service upon its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

## II. JURISDICTION AND VENUE

9.      This infringement action arises under the patent laws of the United States, title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a).

10.     All of the defendants have done—and continue to do—business in the Eastern District of Texas. All defendants have minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. The defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be haled into a Texas court as a consequence of such activity. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b), 1400(b).

## III. PATENT INFRINGEMENT

11.     On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "Parallel Networks Patents," duly and

3

legally issued.   These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests.  Copies of the Parallel Networks Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

12.   Parallel Networks is the owner of the Parallel Networks Patents and has the right to enforce those patents with respect to the defendants.

13.   On information and belief, defendants make and/or use systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the Parallel Networks Patents.  As a result, all of the defendants have been and still are infringing one or more of the claims of the Parallel Networks Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c).   Parallel Networks has suffered damage by reason of defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

14.   To the extent that defendants have continued or do continue their infringing activities after receiving notice of the Parallel Networks Patents, such infringement is willful, entitling Parallel Networks to the recovery of increased damages under 35 U.S.C. § 284.

15.   This is an "exceptional case" justifying an award of attorneys' fees and costs to Parallel Networks pursuant to 35 U.S.C. § 285.

16.   Parallel Networks believes that defendants will continue to infringe the Parallel Networks Patents unless enjoined by this Court.   Such infringing activity causes Parallel Networks irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

17.   Plaintiff requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

4

## V. PRAYER FOR RELIEF

18.     Parallel Networks requests that the Court find in its favor and against defendants

and that the Court grant the following relief:

a.      Judgment that one or more of the claims of the Parallel Networks Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendants;

b.      Judgment in favor of Parallel Networks for the full amount of its actual damages caused by defendants' infringing activities, including an assessment of interest and costs;

c.      Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

d.      Judgment that this is an "exceptional case" and awarding Parallel Networks its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

e.      That defendants be permanently enjoined from further activity or conduct that infringes the claims of the Parallel Networks Patents; and

f.      That the Court award Parallel Networks such other and further relief as is just and proper under the circumstances.

Respectfully submitted,


  /s/ Larry D. Carlson          
Larry D. Carlson, Lead Attorney
    Texas State Bar No. 03814500
    E-Mail: larry.carlson@bakerbotts.com
Kevin Meek
    Texas State Bar No. 13899600
    E-Mail: kevin.meek@bakerbotts.com
Brian Gaffney
    Texas State Bar No. 24032333
    E-Mail: brian.gaffney@bakerbotts.com
Ryan Loveless
    Texas State Bar No. 24036997
    E-Mail: ryan.loveless@bakerbotts.com
Jeff Moles
    Texas State Bar No. 24041504
    E-Mail: jeff.moles@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503


Otis W. Carroll
    Texas State Bar No. 03895700
    E-mail: otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071


S. Calvin Capshaw
    Texas State Bar No. 03783900
    E-Mail: ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

6

Franklin Jones, Jr.
    Texas State Bar No. 00000055
    E-Mail:  maizieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360


T. John Ward, Jr.
    State Bar No. 00794818
    E-mail: jw@jwfirm.com
Law Office of T. John Ward, Jr., P.C.
P.O. Box 1231
Longview, Texas 75606-1231
Telephone (903) 757-6400
Facsimile (903) 757-2323


ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC

# EXHIBIT E

**VEDDER PRICE**

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

DAVID L. DOYLE
312-609-7782
ddoyle@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

January 25, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:    **QuinStreet, Inc. v. Epicrealm Licensing, L.P.**
       **Privilege Log**

Dear George:

        We have reviewed your brief in opposition to QuinStreet's Motion for Leave to File Third-Party Complaint Against Microsoft Corporation. You indicate that Parallel Networks will withdraw or will not be asserting any claims against QuinStreet related to its Microsoft platforms in the pending litigation. If you are agreeable to withdrawing, with prejudice, any claims that QuinStreet's use of Microsoft platforms constitutes infringement of the '554 and '335 patents, we will withdraw our Motion for Leave to File Third-Party Complaint Against Microsoft. We would request your response as soon as possible.

        The premise of Parallel Network's opposition brief that it will withdraw or not assert claims against Microsoft products at this time, but seeks to reserve the right to sue on such claims next week, next month or next year in this or some other forum, is wholly unacceptable. Your client and its predecessor has had ample time both in prior Texas litigation and in Delaware to determine whether it has claims against QuinStreet based on QuinStreet's use of Microsoft products. Any withdrawal or failure to assert claims must be with prejudice.

        We would make the following observation in that regard. We do not intend in this letter to address in detail the various contentions regarding purported discovery inadequacies set forth in your brief. We will address those in our response, if necessary. Suffice to say here that we strongly dispute that your asserted inability to analyze whether our Microsoft systems infringe is the result of delayed or deficient discovery from QuinStreet. Perhaps most obvious is your contention that you were prejudiced by the "late" production of the email or public drive file search results that were turned over on January 4, 2008.

VEDDERPRICE

George S. Bosy
January 25, 2008
Page 2

The details of the functionality of Microsoft's IIS software, and in particular whether and how the dynamic page serving capability relates to and communicates with the static page serving component, and whether and how the intercepting, dispatching, and releasing functions are executed, would not be disclosed in emails or other recently produced documents. As you know, Microsoft is extremely protective of its proprietary software. Its IIS product is essentially a "black box" to the user. There is no source code provided, but rather only compiled machine code. We advised you of this fact early in the litigation, but frankly that has been known to Parallel Networks and its predecessor long before this suit was brought.

We did provide you what we had regarding the IIS platforms, in particular, the REGISTRY files. QuinStreet cannot produce what it does not and has never had. Judge Robinson permitted you to take discovery on all of our platforms including Microsoft IIS. You specifically requested and reserved the right to assert claims on Microsoft products under your counterclaim. If your client needed more information to determine whether its claims include Microsoft products, it was incumbent on them to get the information from Microsoft or to dismiss its claims with prejudice.

Please let us know if you are willing to withdraw your claims with prejudice or whether we will need to reply to your opposition.

Very truly yours,

David L. Doyle

DLD/bc
Enclosure
cc:     Robert S. Beiser (w/o encl.)
        Ludwig E. Kolman (w/o encl.)
        Robert S. Rigg (w/o encl.)

# VEDDERPRICE

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

DAVID L. DOYLE
312-609-7782
ddoyle@vedderprice.com

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

February 1, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>
George S. Bosy
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611-7603

Re:    <u>Discovery</u>

Dear George:

This letter will add to the discovery issues that need to be resolved.  With respect to Parallel's recent 30(b)(6) deposition notices, QuinStreet objects to going forward until the Microsoft issue is resolved.  We are not going to provide witnesses for "Accused Products" that is limited to Apache software or witnesses on any topics if Parallel persists in the position that it can withdraw and/or fail to assert Microsoft software claims and yet preserve such claims for possible assertion at a future date.  I will address our position on Microsoft with you more fully and at more length but be aware that this is an issue we must resolve or take to the Court.  I suggest we run all of our issues to ground before taking them piecemeal to the Court.  The Microsoft issue is central to our case.  QuinStreet sought a declaratory judgment so that all claims or issues with your client would be resolved including any issues with our past, current or future use of Microsoft products.

Very truly yours,

David L. Doyle

DLD/bc
Enclosure
cc:    Robert S. Beiser
       Ludwig E. Kolman
       Robert S. Rigg
       Patrick L. Patras (via e-mail)
       Paul D. Margolis (via e-mail)
       Benjamin J. Bradford (via e-mail)
       Anne Gaze (via e-mail)

CHICAGO/#1743499.1