IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | C.A. No. 06-495-SLR |
| v. ) | |
| ) | |
| PARALLEL NETWORKS, LLC, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**PARALLEL NETWORKS' REPLY IN SUPPORT OF ITS
MOTION TO STRIKE AND ITS MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S CROSS-MOTION FOR LEAVE
TO AMEND ITS DECLARATORY JUDGMENT COMPLAINT**

OF COUNSEL:

Harry J. Roper
George S. Bosy
Aaron A. Barlow
Patrick L. Patras
David R. Bennett
Paul D. Margolis
Benjamin J. Bradford
Emily C. Johnson
Angela M. Terry
JENNER & BLOCK
330 N. Wabash Avenue
Chicago, IL 60611-7603
Tel: (312) 923-8305

Dated: February 19, 2008
849620 / 31393 / QuinStreet

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant/Counterclaim
Plaintiff Parallel Networks, LLC*

# **TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................................1

I. THE COURT SHOULD STRIKE QUINSTREET'S INEQUITABLE CONDUCT
   AFFIRMATIVE DEFENSE. ...............................................................................................2

   A. QuinStreet's Inequitable Conduct Affirmative Defense Is Procedurally Improper.............2

   B. QuinStreet's Inequitable Conduct Affirmative Defense Is Substantively Deficient. ..........4

II. QUINSTREET'S CROSS-MOTION FOR LEAVE TO AMEND SHOULD BE
    DENIED. .............................................................................................................................6

   A. QuinStreet's Proposed Inequitable Conduct Count Suffers From The Same
      Defects As QuinStreet's Inequitable Conduct Affirmative Defense. ................................7

   B. QuinStreet Cannot Now, At The End Of The Discovery Period, Seek To Reinsert
      Into The Case Products That It Previously Amended Its Complaint To Exclude. .............7

CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*A.B. Dick Co. v. Burroughs Corp.*,
   798 F.2d 1392 (Fed. Cir. 1986) .................................................................................... 4, 5

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*,
   326 F.3d 1226 (Fed. Cir. 2003) ......................................................................................... 5

*Dimension One Spas, Inc. v. Coverplay, Inc.*,
   No. Civ. 03cv1099-L CAB, 2007 WL 2815042 (S.D. Cal. Sept. 25, 2007) ................. 6

*E.I. DuPont De Nemours & Co. v. Millennium Chemicals, Inc.*,
   C.A. No. 97-237-SLR, 1999 WL 615164 (D. Del. Aug. 2, 1999) ............................... 2, 3

*Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*,
   50 F.R.D. 415 (D. Del. 1970) ........................................................................................ 2, 3

*Litton Sys., Inc. v. Honeywell, Inc.*,
   87 F.3d 1559 (Fed. Cir. 1996) ....................................................................................... 5, 6

*Molins PLC v. Textron, Inc.*,
   48 F.3d 1172 (Fed. Cir. 1995) ................................................................................... 4, 5, 6

*Newell Cos., Inc. v. Kenney Mfg. Co.*,
   864 F.2d 757 (Fed. Cir. 1988) ............................................................................................ 4

*Orthopedic Equipment Co., Inc., v. All Orthopedic Appliances, Inc.*,
   707 F.2d 1376 (Fed. Cir. 1983) .................................................................................... 5, 6

*Scripps Clinic & Research Foundation v. Genentech, Inc.*,
   927 F.2d 1565 (Fed. Cir. 1991) .................................................................................... 5, 6

*Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.*,
   No. Civ. 3:04cv0669-B, 2006 WL 2931774 (N.D. Tex. Sept. 27, 2006) .................... 2, 3

*Standard Chlorine of Delaware, Inc. v. Sinibaldi*,
   C.A. No. 91-188-SLR, 1995 WL 562285 (D. Del. Aug. 24, 1995) ............................. 2, 3

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................... 1, 4, 6, 7

Fed. R. Civ. P. 15 ............................................................................................................ 2

**Regulations**

37 C.F.R. §1.56(a) ........................................................................................................... 6

## ARGUMENT

QuinStreet's opposition to Parallel Networks' Motion to Strike leaves no doubt that Parallel Networks' motion should be granted. QuinStreet cites several authorities in a baseless attempt to support its position that it has free reign to plead a new inequitable conduct defense in its *reply* to Parallel Networks' counterclaim. The reality is that the only case on point cited to the Court, *Southwestern Bell*, directly refutes QuinStreet's argument. And for good reason—were it otherwise, a plaintiff could seek permission to amend its declaratory judgment complaint in a minor, non-controversial way and then add new substantive pleadings in its reply to a counterclaim, ***without the consent of the opposing party and without leave of court.***

Even on the substance of QuinStreet's inequitable conduct charge, QuinStreet essentially admits that its inequitable conduct defense is deficient. While conceding that its inequitable conduct charge must be pled with particularity under Rule 9(b), QuinStreet offers nothing but empty conclusory assertions that its inequitable conduct charge meets the requirements of Rule 9(b). What is dispositive is that QuinStreet does not plead or cite any facts that would support its defense, nor does QuinStreet point to any cases in support. This is not surprising given that the settled authority goes against QuinStreet's position. QuinStreet also does not contest that its inequitable conduct charge would unduly prejudice Parallel Networks and that the charge is futile.

Faced with such facts and contrary case law, QuinStreet instead cross-moves for leave to amend its pleadings (yet again) in part to add in its inequitable conduct charge as a count for declaratory relief and in part to try to reinsert "Microsoft software products" into the case, after previously amending its complaint for the purpose of excluding them. QuinStreet's cross-motion comes after the deadline to amend pleadings and with just three weeks left in fact discovery. It

would greatly prejudice Parallel Networks for the Court to allow QuinStreet to now renege on its earlier position. QuinStreet's belated cross-motion should be denied.

I. **THE COURT SHOULD STRIKE QUINSTREET'S INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE.**

The Court should strike QuinStreet's inequitable conduct affirmative defense because it is both procedurally and substantively improper.

### A. QuinStreet's Inequitable Conduct Affirmative Defense Is Procedurally Improper.

QuinStreet's only argument on the procedural deficiency of its inequitable conduct charge is to urge the Court to ignore *Southwestern Bell*—the only cited case on point—and instead follow case law that simply has no application here. As explained in Parallel Networks' opening brief, *Southwestern Bell* held that a court should strike a plaintiff's inequitable conduct charge first raised in a reply to a counterclaim, where the plaintiff had been granted only a more limited right to amend its complaint. *Southwestern Bell Telephone, L.P. v. Arthur Collins, Inc.*, No. Civ. 3:04cv0669-B, 2006 WL 2931774, at *2 (N.D. Tex. Sept. 27, 2006). QuinStreet has no answer for *Southwestern Bell*. This is so because *Southwestern Bell* reaches the only logical conclusion on the issue here. A plaintiff cannot be permitted to avoid the requirements of Rule 15 in seeking to amend its complaint by asking to make non-controversial revisions to its complaint, and then attempting to use the amendment to give it an unfettered right to add in anything it wants in its reply to its opponent's counterclaim.

The cases cited by QuinStreet[1] do nothing to change this straightforward proposition. Rather, QuinStreet's cited cases all deal with the different situation where after a party receives

---

[1] *E.I. DuPont De Nemours & Co. v. Millennium Chemicals, Inc.*, C.A. No. 97-237-SLR, 1999 WL 615164, at *4 (D. Del. Aug. 2, 1999); *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, C.A. No. 91-188-SLR, 1995 WL 562285, at *2 (D. Del. Aug. 24, 1995); *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D. Del. 1970).

2

permission to amend its pleading, *the amending party then objects to its opponent adding in new claims*. In that situation, courts may allow the opponent to add in such claims. *Standard Chlorine* is typical:

> It has long been the rule in this district that in answering an amended complaint the defendant is free to answer not simply the amendments, but the new complaint, as if answering an original complaint. *Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc.*, 50 F.R.D. 415, 419 (D.Del. 1970) ("Rule 15(a) ... does not direct a response to the 'amendment,' as it might have, but to the 'amended pleading.'") Nothing in the rules prevents the defendant from including counterclaims in its answer. ("A party securing leave to amend performs a noteworthy chronological feat. His amendment normally relates back to the date of the original pleading, Fed.R.Civ.P. 15(c), and the amended pleading is treated as if it had been filed on that date. Since the amending pleader receives the benefit of this nunc pro tunc treatment, he can hardly be heard to complain that claims filed against him are improper because they should have been asserted in response to his original pleading." *Id.*)

*Standard Chlorine*, 1995 WL 562285, at *2. Thus, *Standard Chlorine* and the other cases cited by QuinStreet have nothing to do with the issue now before the Court.

In particular, the case at bar does not involve the issue of QuinStreet objecting to something that Parallel Networks added in its answer and counterclaim after QuinStreet received permission to amend its complaint. Rather, the issue here is whether QuinStreet can add whatever it wants in its reply, even though it received permission to amend only on issues not related to the later inequitable conduct charge and where it is undisputed that Parallel Networks' answer and counterclaim did not raise any new issues. Thus, *Southwestern Bell* sets forth the correct law. *E.I. DuPont*, *Standard Chlorine* and *Joseph Bancroft* are inapposite. As *Southwestern Bell* makes clear, Parallel Networks' motion to strike should be granted.

3

**B.    QuinStreet's Inequitable Conduct Affirmative Defense Is Substantively Deficient.**

In addition to the procedural flaws with QuinStreet's inequitable conduct charge, the charge also is deficient on the merits. QuinStreet offers no response to Parallel Networks' arguments that QuinStreet's inequitable conduct charge is not pled with particularity, is unduly prejudicial and is futile.

QuinStreet does not deny that Rule 9(b) requires that the allegedly withheld prior art must be identified for an inequitable conduct charge to pass muster. Yet, QuinStreet does not, and cannot, argue that it identified any such allegedly withheld prior art. To the extent that QuinStreet tries to rely on Oracle's argument that the Oracle '673 Patent can be the basis for an inequitable conduct charge, even though it was cited by the examiner, QuinStreet, like Oracle, is wrong. The Federal Circuit has held that there can be no inequitable conduct based on allegedly withheld prior art when that prior art was before the examiner. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1185 (Fed. Cir. 1995). Oracle argued in its reply to its motion for leave to amend that failure to disclose prior art could be inequitable conduct even if the examiner found the prior art during prosecution. That position is directly contrary to well established case law.

Oracle repeatedly cited *A.B. Dick*[2] and the dissent[3] in *Molins* in an attempt to support its an argument. *A.B. Dick*, however, is not the law on this issue. Oracle apparently argued that *A.B. Dick*, rather than *Molins*, sets forth the applicable law because *A.B. Dick* is an earlier panel decision not overturned *en banc*. *See Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned *in banc*."). Oracle's argument fails. Contrary to Oracle's

---

[2] *A.B. Dick Co. v. Burroughs Corp.*, 798 F.2d 1392 (Fed. Cir. 1986).
[3] On pages 8 and 9 of Oracle's Reply Brief In Support of Its Motion For Leave To Amend Its Declaratory Judgment Complaint, Oracle cites *Molins*, without acknowledging that it is citing the **dissent**.

4

argument, this issue had been decided *before A.B. Dick* by the Federal Circuit's earlier panel decision in *Orthopedic Equipment Co., Inc., v. All Orthopedic Appliances, Inc.*, 707 F.2d 1376, 1383 (Fed. Cir. 1983) (nondisclosure not material because the examiner independently ascertained the existence of the undisclosed prior art). Thus, Oracle's own theory that the earliest panel decision controls on an issue belies any attempt to rely on *A.B. Dick*. That the pre-*A.B. Dick* decision in *Orthopedic Equipment* sets forth the correct law is further evidenced by the Federal Circuit's post-*A.B. Dick* decisions in *Scripps*,[4] *Molins*, and *Litton*,[5] each of which holds that there can be no inequitable conduct where the examiner was aware of the reference during prosecution. Moreover, the *Molins* dissent fails to acknowledge that the majority in *Molins* cited not only *Scripps*, but also *Orthopedic Equipment*, which preceded *A.B. Dick*. Oracle's repeated reliance on the dissent in *Molins* further shows that Oracle is on the wrong side on this issue.

Oracle fares no better with its citation of *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226 (Fed. Cir. 2003). In *Bristol-Myers*, the "lack of any objective evidence that the Examiner reviewed the article in connection with his review of the '011 patent application supports the court's finding that ***the JACS article was not before the PTO in its review of the '011 patent application***." *Bristol-Myers*, 326 F.3d at 1236 (emphasis added). Indeed, a review of the '011 patent from *Bristol-Myers* shows that the 1988 JACS article is not listed in the "References Cited" section on the cover. (Terry Decl., Ex. A.) Here, it is undisputed that the Oracle '673 Patent was reviewed by the examiner as evidenced by its inclusion in the "References Cited" section on the cover of each of the Parallel Networks patents-in-suit. (Terry Decl., Exs. B, C) (listing U.S. Patent No. 5,761,673); *see also* 37 C.F.R.

---

[4] *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991).
[5] *Litton Sys., Inc. v. Honeywell, Inc.*, 87 F.3d 1559, 1571 (Fed. Cir. 1996), *vacated by* 520 U.S. 1111 (1997), *inequitable conduct opinion reinstated by* 140 F.3d 1449, 1453 (Fed. Cir. 1998).

5

§1.56(a) (1996) ("The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent ***was cited by the Office*** or submitted to the Office") (emphasis added).

In sum, it is beyond dispute that the settled law holds that "[w]hen a reference was before the examiner, whether through the examiner's search or the applicant's disclosure, it cannot be deemed to have been withheld from the examiner." *Molins*, 48 F.3d at 1185 (quoting *Scripps*, 927 F.2d at 1582); *Litton*, 87 F.3d at 1571; *Orthopedic Equipment*, 707 F.2d at 1383; *see also Dimension One Spas, Inc. v. Coverplay, Inc.*, No. Civ. 03cv1099-L CAB, 2007 WL 2815042, at *3 (S.D. Cal. Sept. 25, 2007) ("Even when patent applicants are aware of highly material prior art patents during the prosecution of their application, there is no inequitable conduct if the reference comes before the PTO in some way other than through the applicants' disclosure."). Thus, the Oracle '673 Patent simply cannot form the basis for an inequitable conduct charge.

With respect to Parallel Networks' arguments that the inequitable conduct affirmative defense is both unduly prejudicial and futile, QuinStreet offers no opposition.

Each of these three reasons—lack of particularity in violation of Rule 9(b), undue prejudice and futility—is sufficient independently to grant Parallel Networks' motion to strike. Together, they leave no doubt that the Court should strike QuinStreet's inequitable conduct affirmative defense.

## II. QUINSTREET'S CROSS-MOTION FOR LEAVE TO AMEND SHOULD BE DENIED.

QuinStreet cross-moves for leave to amend its complaint to add an inequitable conduct count and to broaden its prayer for relief beyond products accused of infringement by Parallel Networks, even though QuinStreet previously amended its complaint to exclude these precise products. QuinStreet's belated cross-motion should be denied.

6

### A. QuinStreet's Proposed Inequitable Conduct Count Suffers From The Same Defects As QuinStreet's Inequitable Conduct Affirmative Defense.

QuinStreet's cross-motion should be denied because QuinStreet's proposed amended complaint suffers from the same defects as QuinStreet's inequitable conduct affirmative defense. QuinStreet's cross-motion comes one month after the January 4, 2008 deadline for amending pleadings. (D.I. 28.) QuinStreet's proposed inequitable conduct count is essentially the same as QuinStreet's inequitable conduct affirmative defense in its reply. As such, it violates Rule 9(b), unduly prejudices Parallel Networks and is futile.

### B. QuinStreet Cannot Now, At The End Of The Discovery Period, Seek To Reinsert Into The Case Products That It Previously Amended Its Complaint To Exclude.

In addition to the inequitable conduct count, QuinStreet seeks to broaden its prayer for relief to seek a declaration of noninfringement that expressly includes "Microsoft software products," even though Parallel Networks has not accused such products of infringement and even though QuinStreet previously amended its prayer for relief to specifically exclude such products. (D.I. 57, 58.) Now that the discovery period is nearly over, QuinStreet is impermissibly attempting to broaden the scope of the case after it had previously amended its complaint to intentionally narrow the products at issue in this case. In particular, QuinStreet's original complaint sought a declaration that "QuinStreet and its software products that are used in conjunction with the delivery of dynamic web pages do not infringe." (D.I. 1.) In a discovery meet and confer necessitated by QuinStreet's refusal to provide discovery on certain products until Parallel Networks accused those products of infringement, Parallel Networks explained that QuinStreet could not limit its discovery to a narrower scope than its prayer for relief. (Terry Decl., Ex. D.) In an effort to try to limit its discovery obligations, QuinStreet amended its complaint to seek a narrower declaration that "QuinStreet and its software products *accused in*

7

*the Counterclaim* that are used in conjunction with the delivery of dynamic web pages do not infringe." (D.I. 58) (emphasis added).

As a result of QuinStreet's narrowing amendment of its complaint, the case proceeded through discovery against only those products accused by Parallel Networks. As Parallel Networks previously informed the Court in its opposition to QuinStreet's motion for leave to file a third-party complaint against Microsoft, Parallel Networks has accused the Apache platforms of infringement, but not the Microsoft platforms. Due to QuinStreet's failure to properly produce documents in a timely manner, Parallel Networks has not been able to determine whether QuinStreet's particular configuration of the Microsoft platforms infringes the patents-in-suit. Parallel Networks expects that QuinStreet's discovery deficiencies will be discussed at the upcoming discovery conference that the parties have requested in order for the Court to address such deficiencies. In any event, Parallel Networks has not accused the Microsoft platforms, which consequently are outside the scope of the case at QuinStreet's own insistence.

Moreover, contrary to QuinStreet's assertion, Parallel Networks has not accused the Microsoft platforms of infringement in the Texas Actions. In the Texas Actions, Parallel Networks has requested, and is presently awaiting for defendants to produce, source code and configuration files in order to determine whether they have configured their respective Microsoft platforms in an infringing manner. The dispositive fact is that QuinStreet gains nothing from the fact that Parallel Networks has asserted that it is possible that the defendants in the Texas Actions have configured their Microsoft platforms in an infringing manner because QuinStreet may have configured its Microsoft platforms in a manner that does—or does not—infringe the patents-in-suit. In sum, the "Microsoft software products" are out of the case at bar due to QuinStreet's failure to provide appropriate discovery and due to QuinStreet's own insistence that

8

they not be included. It would unduly prejudice Parallel Networks if the Court were to allow QuinStreet to reinsert such products into the case at the end of the discovery period. QuinStreet's cross-motion for leave to amend should be denied.

## CONCLUSION

For the reasons set forth herein, the Court should strike QuinStreet's inequitable conduct affirmative defense in paragraphs 6-10 of QuinStreet's Reply and deny QuinStreet's Cross-Motion for Leave to Amend Its Complaint.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Harry J. Roper<br>George S. Bosy<br>Aaron A. Barlow<br>Patrick L. Patras<br>David R. Bennett<br>Paul D. Margolis<br>Benjamin J. Bradford<br>Emily C. Johnson<br>Angela M. Terry<br>JENNER & BLOCK<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br>Tel: (312) 923-8305 | By: /s/ David E. Moore<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street<br>    Wilmington, DE 19899<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff Parallel Networks, LLC* |

Dated: February 19, 2008
849620 / 31393 / QuinStreet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 19, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 19, 2008, the attached document was Electronically Mailed to the following person(s):

Jeffrey L. Moyer
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19899
rbeiser@vedderprice.com
rzachar@vedderprice.com
lkolman@vedderprice.com

Robert S. Beiser
David Doyle
Ludwig E. Kolman
Robert S. Rigg
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2500
Chicago, IL 60601
rbeiser@vedderprice.com
ddoyle@vedderprice.com
lkolman@vedderprice.com
rrigg@vedderprice.com

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, CA 94111
atkinsongc@cooley.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

788478 / 31393 / QuinStreet