

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

David E. Moore
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

March 17, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:   *QuinStreet, Inc. v. Parallel Networks, LLC*; C.A. No. 06-495-SLR

Dear Judge Robinson:

Parallel Networks writes this letter to briefly outline the discovery disputes between Parallel Networks and QuinStreet in anticipation of today's conference.

**QuinStreet's Substantive Fact Witness Depositions.**   On February 1, 2008, QuinStreet stated that it was "not going to provide any witnesses" in response to Parallel Networks' deposition notices until the Court ruled on QuinStreet's motion to add Microsoft to this case. (D.I. 60.) Thus, to date, QuinStreet has unilaterally refused to provide any witnesses for deposition on any substantive issue.[1] As a consequence, Parallel Networks' deposition discovery has not gone forward, by QuinStreet's unilateral action.

**QuinStreet's Privilege Log.** QuinStreet's "privilege log" contains over 108,000 entries for which there is no proper identification or claim of privilege.

**QuinStreet's Production of Documents.** At the Court's hearing on November 14, 2007, the Court ordered QuinStreet to search its electronic documents for 50 terms, review those documents, label them with Bates stamps numbers and provide a privilege log properly identifying withheld documents. For nearly all documents produced by QuinStreet, QuinStreet did not review its documents for privilege or confidentiality or label them with Bates numbers. Thus, QuinStreet asserted that it is not "bates labeling documents or putting the electronic data in text-searchable image file format" because of "the significant cost at little benefit." QuinStreet contends that it would take six to eight weeks to comply with the local rules on electronic discovery at a cost "from $800,000 to well over $1,000,000." QuinStreet is also not marking the

---

[1]   QuinStreet provided witnesses on one day to testify on the non-substantive issue of how it responded to Parallel Network' requests for production.

The Honorable Sue L. Robinson
March 17, 2008
Page 2

electronic documents on each page for a level of confidentiality as required by the Stipulated Protective Order but rather is requesting that Parallel Networks make that determination.

Respectfully,

/s/ David E. Moore

David E. Moore


DEM:nmt
855278
cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via efiling & email)