IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

QUINSTREET, INC.,

    Plaintiff/Counterclaim Defendant,

v.

PARALLEL NETWORKS, LLC,

    Defendant/Counterclaim Plaintiff.

C.A. No. 06-495-SLR

## NOTICE OF SERVICE OF SUBPOENA

TO:  Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, plaintiff Quinstreet, Inc. has caused the attached subpoena for documents to be served on WarnerStevens, LLP.

OF COUNSEL:

Robert S. Beiser
David L. Doyle
Robert S. Rigg
Ludwig E. Kolman
Vedder, Price P.C.
222 North LaSalle Street Suite 2500
Chicago, Illinois 60601
312-609-7500

and

/s/ Anne Shea Gaza
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
302-651-7700

*Attorneys for Plaintiff/Counterclaim Defendant QuinStreet, Inc.*

RLF1-3265625-1

Gordon C. Atkinson
Cooley Godward LLP
101 California Street, 5th Flr.
San Francisco, California 94111
415-693-2000
Dated: February 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
1313 N. Market Street, Hercules Plaza, 6th Floor
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on March 25, 2008, I sent by Federal Express the foregoing document to the following non-registered participants:

Harry J. Roper
Jenner & Block
330 N. Wabash Avenue
Chicago, IL 60611-7603

Anne Shea Gaza (#4093)

RLF1-3265727-1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

### NORTHERN DISTRICT OF TEXAS

SUBPOENA IN A CIVIL CASE

QUINSTREET, INC.

\

PARALLEL NETWORKS, LLC

CASE NUMBER:[1] No. 1:06-cv-00495 (SLR)

PENDING IN THE DISTRICT OF DELAWARE

TO: WarnerStevens, LLP
c/o Michael D. Warner, Esq.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics set forth in the attached Rider

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

**See Attached Rider**

| PLACE | DATE AND TIME |
| --- | --- |
| VedderPrice PC<br>222 N. LaSalle, Suite 2600, Chicago, Illinois 60601 | April 11, 2008 at 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date |
| --- | --- |
| *[signature]*<br>Attorney for Plaintiff QuinStreet, Inc. | March 21, 2008 |

Issuing Officer's Name, Address and Phone Number

David L. Doyle, Vedder Price P.C., 222 N. LaSalle, Suite 2600, Chicago, Illinois 60601
(312) 609-7500

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

[1] If action is pending in district other than district of issuance, state district under case number

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| 3/21/2008 | WarnerStevens, LLP<br>301 Commerce Street, Suite 1700<br>Fort Worth, TX 76102 |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael D. Warner, Esq. | Federal Express |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David L. Doyle | Attorney for Plaintiff QuinStreet, Inc. |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on   March 21, 2008

SIGNATURE OF SERVER
Vedder Price P.C.
222 N. LaSalle, Suite 2600, Chicago, Illinois 60601
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include. but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden
(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development of commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed with be reasonably compensated. the court may order appearance or production only upon specified conditions

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# RIDER TO SUBPOENA FOR RECORDS TO WARNER STEVENS LLP

## DEFINITIONS AND INSTRUCTIONS

A.   "You" or "Warner" shall mean WarnerStevens, LLP, and any of its predecessors, successors or assigns, including but not limited to Warner, Stevens & Doby, L.L.P., or its agents, employees, attorneys, or any other person acting on its behalf.

B.   "epicRealm" shall mean epicRealm, Inc., epicRealm Holdings, Inc., epicRealm Operating, Inc., epicRealm Merger Sub, Inc., epicRealm Licensing, LLP, epicRealm Licensing LLC, epicRealm Licensing LP, Parallel Networks, LLC, InfoSpinner, Inc., and their parents, subsidiaries and affiliates, any of its or their predecessors, successors or assigns, and its or their officers, directors, employees, stockholders, representatives and agents and all persons acting at the direction or on behalf of one or more of them.

C.   "Documents" means any writing, graphic matter or other tangible thing, whether printed, recorded, electronically stored, produced by any process, or written or produced by hand, including, but not limited to statements, account statements, transfers, wire transfers, instructions, confirmations, invoices, letters, reports, other written communications, correspondence, telegrams, agreements, memoranda, summaries, records of oral conversations, original or preliminary notes, diaries, calendars, analyses, projections, work papers, tape recordings, computer hard drives or disks, statistical statements, logs, graphs, charts, schedules, notebooks, minutes or records of meetings, minutes or records of conferences, lists of persons attending meetings or conferences, reports and/or summaries of investigations, opinions or reports of investigators or consultants, studies, appraisals, evaluations, records, summaries of negotiations, contracts, invoices and receipts, including preliminary drafts or revisions or copies of any of the foregoing if the copy is in any way different from the original now in your

possession, custody or control, or the possession, custody or control of your counsel, agents, employees and/or persons acting on your behalf. As used herein, "control" means actual possession, constructive possession, beneficial ownership, power and ability to obtain any document. If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your possession, identify such documents and the last known person who has possession of such documents.

  D. The term "communication" means any transmission of words or thoughts between or among two or more persons and includes, but is not limited to spoken words, conversations, inquiries, understandings, agreements, meetings, conferences, discussions, talks and reports, whether transmitted in person or by any electronic device such as telephone, facsimile or radio, and documents as defined above.

  E. The terms "relate to" or "relating to" shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed, whether directly or indirectly.

  F. In construing and answering this Subpoena request:

    1. The singular shall include the plural and plural shall include the singular.

    2. A masculine, feminine or neuter pronoun shall not exclude the other genders.

    3. The terms "and" as well as "or" shall be construed disjunctively and conjunctively as necessary in order to bring within the scope of the production request all documents which might otherwise be construed to be outside its scope.

 G. In an answer, or any portion thereof, to this Subpoena which is incomplete due to an incomplete investigation, or for a similar reason, the Subpoena request should be answered as completely as possible based on the investigation completed to date and the following additional information must be given:

  a. the nature and extent of the investigation completed to date;

  b. the nature and extent of the investigation that is intended in order to complete the answer to the Subpoena; and

  c. the time when the investigation is expected to be completed so that this Subpoena request can be answered in full.

 H. As to any failure to respond in full or claims of privilege:

All objections and responses which fail or refuse to respond fully to this Subpoena on the ground of any claim of privilege or objection of any kind whatsoever shall state as follows:

  1. State the nature of the claim of privilege or other ground for objections;

  2. State all facts relied upon in support of the claim of privilege or other ground of objection;

  3. Identify all documents related to the claim of privilege or other ground of objection in a privilege list;

  4. Identify all persons having knowledge of any facts related to the claim of privilege or other ground of objection;

  5. Identify all events, transactions or occurrences related to the claim of privilege or other ground of objection.

 I. All documents shall be produced in the same file or other organizational environment in which they are maintained. For example, if a document is part of a file, docket, study, or other grouping, it should be physically produced together with all other responsive documents from the same file, docket, study, or grouping in the same order or arrangement as the original.

J.  Each document is to be produced along with all drafts thereof in its entirety, without abbreviation or redaction.

K.  Electronic records and computerized information must be produced in a computer readable format together with a description of the system with which such records and information were created. The description of the system should be sufficient to enable viewing of the records and information.

L.  In the event that any document called for by these requests or subsequent requests has been destroyed or discarded, that document is to be identified by stating: (i) any author, sender, and recipient(s); (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether or not any copies of the document presently exist and, if so, the name of the custodian of each copy.

## DOCUMENTS REQUESTED

1.  ANY AND ALL documents in your possession, custody or control, any and all files open or closed, retained by Warner at the conclusion of its legal representation of EpicRealm as detailed in October 23, 2003, Retainer Agreement, attached hereto as Exhibit "A" (*See* ¶2 at EPIC0367042).

2.  ANY AND ALL documents in your possession, custody or control, related to dissolution of epicRealm and valuation of epicRealm's business and property, including but not limited to intellectual property, and any and all research and analysis relating to epicRealm's portfolio of patents.

3.  ANY AND ALL other documents in your possession, custody or control, not listed above, which report on or relate to any and all legal services provided by Warner to epicRealm.

# WARNER, STEVENS & DOBY, L.L.P.
ATTORNEYS AT LAW

Michael D. Warner
Licensed to Practice in
Texas and California
Direct: 817.810.5275
mwarner@wsdlaw.com

October 23, 2003

Mr. Kent Hill,
President and Chief Executive Officer
epicRealm Inc.
2435 North Central Expressway, Suite 300
Richardson, Texas 75080-2753

Re:   Retention of Warner, Stevens & Doby, L.L.P. by epicRealm Inc.

Dear Mr. Hill:

On behalf of this law firm (the "Firm"), I would like to take this opportunity to thank you and epicRealm Inc. ("epicRealm") for the confidence you have demonstrated in the Firm by requesting us to provide legal representation and advice to epicRealm as more fully detailed herein. It is the Firm's policy to enter into a Retainer Agreement (the "Retainer Agreement") with all of our clients. This Retainer Agreement defines the scope of the services to be performed by the Firm, the method of compensating the Firm for such services and the legal rights and obligations of both the Firm and epicRealm. This letter shall constitute such a Retainer Agreement between the Firm and epicRealm. As you can imagine, because this Retainer Agreement constitutes a binding legal agreement between the Firm and epicRealm, it contains various provisions that directly affect the rights of epicRealm. It therefore is imperative that you carefully consider this Retainer Agreement and, to the extent you have questions or concerns about the contents, that you raise such issues with the Firm immediately.

We ask that after you have reviewed this Retainer Agreement, should it meet with your approval and confirm your understanding of the services to be provided by the Firm, the limitations on the scope of those services and the method of compensating the Firm, that you execute one copy of the Retainer Agreement and return it to the Firm. Once this Retainer Agreement is received by the Firm, we will commence our representation which will be limited to the Firm providing general corporate representation to epicRealm limited to its dissolution under Delaware state law. Please note that the Firm's advice shall not include tax and/or securities advice, nor legal advice to epicRealm's shareholders, investors, officers or directors in their individual capacity.

1700 City Center Tower II • 301 Commerce Street • Fort Worth, Texas 76102
Main: 817.810.5250 • Fax: 817.810.5255
www.wsdlaw.com



EXHIBIT A

CONFIDENTIAL
EPIC0367040

Mr. Kent Hill
epicRealm Inc.
October 23, 2003
Page 2

It is understood and agreed that the Firm's services may include advice and recommendations, but all decisions in connection with the implementation of such advice and recommendations shall be the responsibility of, and made by, epicRealm.

The Firm and epicRealm have agreed to fix the fees for the legal services to be provided by the Firm to epicRealm in connection with epicRealm's dissolution at $30,000.00 (excluding any expenses, service agent fees and governmental filing fees, etc.) (the "Fixed Fee"). It is understood and agreed that epicRealm will undertake the responsibility for collecting, tabulating and serving as a repository and clearinghouse of all stockholder consents related to its dissolution. In the event that epicRealm requests the Firm to undertake such responsibilities or any other services outside the scope of dissolution, epicRealm shall pay the Firm on an hourly basis (at the rates set forth below) in addition to the Fixed Fee as compensation for any requested for additional services.

It is understood and agreed that upon epicRealm's execution of this Retainer Agreement, epicRealm shall send a retainer check to the Firm in the amount of $30,000.

In the event that epicRealm requests the Firm to provide counsel on other general corporate matters not related to its dissolution, the Firm would be pleased to discuss such representation and would require an additional retainer agreement to be entered into between the Firm and epicRealm detailing the scope of the services to be performed by the Firm. In the event that the Firm and epicRealm do enter into such additional retainer agreement, epicRealm will compensate the Firm for all of the services the Firm performs on an hourly basis, at the current hourly rate of the professionals performing the services. The two professionals who will be primarily responsible for the legal services to be provided to epicRealm will be Lew Stevens, a partner, and Terry Fokas. Lew's current hourly billing rate is $400 and Terry's current hourly billing rate is $350. The Firm anticipates that a portion of the legal work on this matter will be performed by associates and paralegals employed by the Firm, under the supervision of one of the Firm's senior partners. It is the Firm's policy to assign legal work to those associates and paralegals who have lower billing rates than partners and who are able to handle the matter with the necessary efficiency and competency in order to save the client legal fees. An up-to-date profile of the Firm and its professionals can be reviewed by accessing the Firm's web site at either www.wsdlaw.com or www.bankruptcycounsel.com.

In addition to the fees for legal services, epicRealm shall reimburse the Firm for all out-of-pocket expenses such as service agent fees, governmental filing fees, photocopying, long distance telephone charges, telecopier charges, and travel, all without markup. In the event an out-of-pocket expense appears to be significant, the Firm may ask epicRealm to advance to the Firm sufficient funds to cover the anticipated cost, or to contract directly with the vendor of the goods or services. The Firm will issue a monthly invoice to epicRealm which will provide a detailed summary of the expenses incurred in connection with epicRealm's dissolution.

CONFIDENTIAL
EPIC0367041

Mr. Kent Hill
epicRealm Inc.
October 23, 2003
Page 3

---

As we are sure you are aware, the cornerstone of the attorney/client relationship is trust and honesty between both parties. The attorney/client relationship is also affected by a lack of confidence of one party in the other. When this occurs, it is best that the matter be immediately addressed. If the Firm and/or epicRealm are unable to resolve the matter affecting the attorney/client relationship, both parties reserve their respective right to terminate this contractual relationship. If in the unfortunate situation the Firm terminates the representation of epicRealm it does not relieve epicRealm of its obligation to pay the Firm for all outstanding invoices. In the event that the attorney/client relationship terminates, the Firm will cooperate with epicRealm's new counsel, if applicable, including turning over all files maintained by the Firm. If epicRealm requests that the Firm provide its original files maintained in this matter to it or a new counsel, the Firm will be permitted to make and retain a set of all transmitted files and invoice epicRealm for all photocopy costs thereof.

At the conclusion of the matter described in this Retainer Letter, the Firm will place all of the files maintained for this matter in storage and will mark the file "closed." The files will necessarily include all original documents received from epicRealm and/or third parties. It is the Firm's policy to destroy all closed files on or after December 31, of the fourth year after the year in which the matter became closed. If you would like to receive any of the documents in the files maintained for this matter prior to their destruction, please contact the Firm in writing.

It is the Firm's policy to utilize electronic transmission (E-Mail) of information between the Firm and its clients, which may include what is traditionally considered "attorney work product and attorney-client privileged communications," as well as between the Firm and third parties. The Firm does not utilize encryption devices for its E-Mail transmissions. Although the Firm is not aware of any instances in which the confidential and private nature of the information transmitted by the Firm utilizing E-Mail has been compromised, it is possible that such an event could occur. Notwithstanding the foregoing, by this Retainer Agreement you are authorizing the Firm to utilize E-Mail transmissions of attorney work product and attorney-client privileged information.

In the event that a dispute arises between the Firm and epicRealm of any nature that can not be resolved between the parties, either party may seek the involvement of a court. This Retainer Agreement shall be construed in accordance with and governed by the laws of the state of Texas without regard to the principles of conflicts of laws. The parties hereto hereby consent to the jurisdiction of any state or federal court located within Tarrant County, Texas and irrevocably agree that all actions or proceedings arising out of or relating to this Retainer Agreement shall be litigated in such courts. The parties agree generally and unconditionally, to the jurisdiction of the aforesaid courts and waive any defense of forum non conveniens, and irrevocably agree to be bound by any judgment rendered thereby in connection with this Retainer Agreement. Each party hereto waives any right to trial by jury of any claim, demand, action or cause of action (i) arising under this Retainer Agreement or (ii) in any way connected with or related or incidental to the dealings of the parties hereto in respect of this Retainer Agreement or the

CONFIDENTIAL
EPIC0367042

Mr. Kent Hill
epicRealm Inc.
October 23, 2003
Page 4

transaction related hereto in each case whether now existing or hereafter arising, and whether in contract, tort, equity or otherwise. Each party hereby agrees and consents that any such claim, demand, action or cause of action shall be decided by a court trial without a jury and that such party may file an original counterpart of a copy of this Retainer Agreement with any court as written evidence of the consent of the parties hereto the waiver of their right to trial by jury.

Pursuant to Texas state law, epicRealm has the right to complain to the Chief Disciplinary Counsel of the State Bar of Texas about professional misconduct by any attorney, including any professional misconduct by the Firm's attorneys. Complaints must be made in writing. Complaint forms are available from the State Bar of Texas Commission for Lawyer Discipline. The toll-free number for the State Bar of Texas is 1-800-932-1900.

Once again, on behalf of the Firm, we greatly appreciate your confidence in us and look forward to handling this matter. Please execute one copy of this Retainer Agreement and return it to the Firm along with a check in the amount of $30,000 so that we may commence the representation.

Sincerely yours,

Simon, Warner & Doby, L.L.P.

By: _____
Michael D. Warner, its Managing Partner

The foregoing terms are understood and agreed to:

epicRealm Inc.

By: _____
Kent Hill,
President and Chief Executive Officer

Dated: 10/27/03

I:\16141 - epicRealm\Correspondence\epicRealm retainer ltr.frm

CONFIDENTIAL
EPIC0367043