IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUINSTREET, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) C.A. No. 06-495-SLR |
| v. | ) |
| | ) |
| PARALLEL NETWORKS, LLC, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

**NOTICE OF SUBPOENA *AD TESTIFICANDUM* AND *DUCES TECUM***

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, a subpoena *ad testificandum* and *duces tecum* will be served on Andrew B. Levine.

A true and correct copy of the subpoena is attached hereto.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | |
| Harry J. Roper | |
| George S. Bosy | By: /s/ *Richard L. Horwitz* |
| Aaron A. Barlow | Richard L. Horwitz (#2246) |
| Patrick L. Patras | David E. Moore (#3983) |
| David R. Bennett | Hercules Plaza, 6th Floor |
| Paul D. Margolis | 1313 N. Market Street |
| Benjamin J. Bradford | Wilmington, DE 19899 |
| Emily C. Johnson | Tel: (302) 984-6000 |
| Angela M. Terry | rhorwitz@potteranderson.com |
| JENNER & BLOCK | dmoore@potteranderson.com |
| 330 N. Wabash Avenue | |
| Chicago, IL 60611-7603 | *Attorneys for Defendant/Counterclaim* |
| Tel: (312) 923-8305 | *Plaintiff Parallel Networks, LLC* |

Dated: April 4, 2008
858823 / 31393 / QuinStreet

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     COLUMBIA

QUINSTREET, Inc.,
    Plaintiff/Counterclaim Defendant,
v.
PARALLEL NETWORKS, LLC,
    Defendant/Counterclaim Plaintiff.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]
USDC, District of Delaware
Case No. 06-cv-495 (SLR)

TO: Andrew B. Levine
2302 Velvet Ridge Drive
Owings Mills, MD 21117
(469) 255-4127

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by stenographic, sound and video means.

| PLACE OF DEPOSITION Venable LLP, 575 7th St. NW, Washington, DC 20004, Tel: (202) 344-4000, Fax: (202) 344-8300, or at another mutually agreeable location | DATE AND TIME April 17, 2008 9:30 AM |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE Jenner & Block LLP, 601 13th St. NW, Suite 1200 South, Washington, DC 20005-3823, (202) 639-6000, or at another mutually agreeable location | DATE AND TIME April 8, 2008 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *(signature)* Attorney for Defendant/Counterclaim Plaintiff, PARALLEL NETWORKS, LLC | DATE April 4, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David R. Bennett, Jenner & Block LLP, 330 North Wabash Avenue, Chicago, IL 60611 (312) 222-9350

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

1. "QuinStreet" means QuinStreet, Inc., plaintiff and counterdefendants in this action, and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of QuinStreet.

2. "Parallel Networks" and "defendant" mean Parallel Networks, LLC, defendant and counterclaimant in this action, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, including epicRealm, and all past or present officers, directors, partners, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Parallel Networks.

3. "The QuinStreet Action" means Civil Action No. 1:06-cv-00495-SLR pending in the District of Delaware captioned *QuinStreet Inc. v. Parallel Networks, LLC.*.

4. "And" or "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

5. "Any" shall be construed to include "any and all."

6. "Including" shall be construed broadly, to mean "including but not limited to" or "including without limitation."

7. "Communication" means any transmission of information from one person to another, including by personal meeting, telephone, facsimile, and electronic mail.

8. The term "document" or "documents" is to be interpreted in the broadest sense allowed under the Federal Rules of Civil Procedure.

9. "The '335 patent" means U.S. Patent No. 6,415,335, entitled "System and Method for Managing Dynamic Web Page Generation Requests."

10. "The '554 patent" means U.S. Patent No. 5,894,554, entitled "System for Managing Dynamic Web Page Generation Requests by Intercepting Request at Web Server and Routing to Page Server thereby Releasing Web Server to Process Other Requests."

11. "The Parallel Networks Patents" means the '554 patent and the '335 patent.

12. "QuinStreet's Web Products and Services" means all software, products, activities, and/or services related to the creation, generation, management or delivery of dynamic web pages used by QuinStreet.

13. "Texas Actions" mean Civil Action No. 2:05-CV-163 (E.D. Tex. filed May 2, 2005), Civil Action No. 2:05-CV-356 (E.D. Tex. filed August 5, 2005) and Civil Action No. 2:07-CV-562-LED (E.D. Tex. filed December 28, 2007) and any other civil action filed in the Eastern District of Texas on behalf of Parallel Networks.

## DOCUMENTS REQUESTED

1. All documents relating to Parallel Networks, including but not limited to any employment or consulting relationship, past or present, between you and one of Parallel Networks' predecessors or successors.

2. All documents relating to the Parallel Networks Patents, including but not limited to all documents relating to the prosecution of the patent applications that eventually issued as the epicRealm patents and all documents relating to the conception or reduction to practice of the inventions claimed in the Parallel Networks patents.

3. All documents relating to any InfoSpinner or epicRealm product or service that practiced any claim of the Parallel Networks Patents, including but not limited to InfoSpinner's Foresite product.

4. All documents relating to any financial investments in the Parallel Networks Patents or in Parallel Networks, or Parallel Networks' predecessors or successors.

5. All communications with or among current or former officers, directors, partners, investors, or patent inventors of Parallel Networks and Parallel Networks' predecessors and successors.

6. All documents relating to any printed publication, public use, public knowledge, sale, offer for sale, or prior invention of any system or method for managing dynamic web page generation requests which occurred prior to April 23, 2006.

2

7. All documents relating to the QuinStreet's Web Products and Services.

8. All documents relating to the Texas Actions, including but not limited to all documents relating to any interest you have or had in the outcome of any of those litigations.

9. All documents relating to the QuinStreet Action, including but not limited to all documents relating to any interest you have or had in the outcome of this litigation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on April 4, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 4, 2008, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Jeffrey L. Moyer<br>Anne Shea Gaza<br>Richards, Layton & Finger<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE  19899<br>moyer@rlf.com<br>gaza@rlf.com | Robert S. Beiser<br>David Doyle<br>Ludwig E. Kolman<br>Robert S. Rigg<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 North LaSalle Street, Suite 2500<br>Chicago, IL  60601<br>rbeiser@vedderprice.com<br>ddoyle@vedderprice.com<br>lkolman@vedderprice.com<br>rrigg@vedderprice.com |
| Gordon C. Atkinson<br>Cooley Godward LLP<br>101 California Street, 5th Flr.<br>San Francisco, CA  94111<br>atkinsongc@cooley.com | /s/ *Richard L. Horwitz*<br>Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza – Sixth Floor<br>1313 North Market Street<br>P.O. Box 951<br>Wilmington, DE  19899-0951<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com |

788478 / 31393 / QuinStreet